FILED
15-0135
5/13/2015 3:31:19 PM
tex-5271831
SUPREME COURT OF TEXAS
BLAKE A. HAWTHORNE, CLERK

# No. 15-0135

# In the
# Supreme Court of Texas

_____

IN RE STATE OF TEXAS,
*Relator.*

_____

## SUPPLEMENTAL MANDAMUS RECORD

_____

*On Petition for Writ of Mandamus*
*Probate Court No. 1, Travis County, Texas*

_____

Craig Hopper
  State Bar No. 00794947
Brian Thompson
  State Bar No. 24051425
HOPPER MIKESKA, PLLC
400 West 15th Street, Suite 408
Austin, Texas 78701
(512) 615-6195
(512) 610-1306 (fax)
bthompson@hoppermikeska.com

Kurt Kuhn
  State Bar No. 24002433
Lisa Bowlin Hobbs
  State Bar No. 24026905
KUHN HOBBS PLLC
3307 Northland Drive, Suite 310
Austin, Texas 78731
(512) 476-6005
(512) 476-6002 (fax)
Kurt@KuhnHobbs.com
Lisa@KuhnHobbs.com

*Counsel for Real Party in Interest Sonemaly Phrasavath*

**May 13, 2015**

| TAB | DATE | DESCRIPTION |
|-----|------|-------------|
| | | **VOLUME 1** |
| | | |
| Affidavit of Kurt H. Kuhn | | |
| | | |
| A | 02/17/2015 | Order on Special Exceptions and Motion to Dismiss |
| B | 11/06/2014 | Sonemaly Phrasavath's Response to Special Exceptions and Motion to Dismiss and Motion for Continuance |
| C | 09/18/2014 | Application for Determination of Heirship and Issuance of Letters Independent Administration |
| D | 09/18/2014 | (1) Contest to Applications James Powell and Alice Huseman's Application for Determination of Heirship and Issuance of Letters Independent Administration and (2) Counter Application to Determine Heirship, for Appointment of Dependent Administrator and Issuance of Letters of Administration |
| E | 10/15/2014 | Applicants James Powell and Alice Huseman's Special Exceptions to, and Motion to Dismiss, Sonemaly Phrasavath's (1) Contest to Applications James Powell and Alice Huseman's Application for Determination of Heirship and Issuance of Letters Independent Administration and (2) Counter Application to Determine Heirship, for Appointment of Dependent Administrator and Issuance of Letters of Administration |
| F | 11/07/2014 | Sonemaly Phrasavath's Supplemental Response to Special Exceptions and Motion to Dismiss and Motion for Continuance |
| G | 02/17/2015 | Applicants James Powell and Alice Huseman's Brief In Support Of Their Special Exceptions and Motion to Dismiss |
| H | 02/25/2015 | Supplement to the Record:  Affidavit Regarding Court Notice of the Constitutional Challenge of a State Statute under Texas Government Code § 402.010 |
| I | 02/18/2015 | Plea in Intervention of the State of Texas |

**AFFIDAVIT OF KURT H. KUHN**

STATE OF TEXAS          §
                                            §

COUNTY OF TRAVIS        §

BEFORE ME, the undersigned authority, on this day personally appeared Kurt H. Kuhn, who being by me duly sworn, stated as follows:

1. My name is Kurt H. Kuhn. I am of sound mind, I am over twenty-one (21) years of age, and I am competent to make the statements herein. I have reviewed the pleadings and orders related to this matter and have personal knowledge regarding the facts set forth herein.

2. I am an attorney of record for the Real Party in Interest Sonemaly Phrasavath in the original proceeding styled as *In re State of Texas*, No. 15-0135, in the Supreme Court of Texas.

3. This Supplemental Mandamus Record contains true and correct copies of the documents as described in the master index included with the Supplemental Mandamus Record.

4. The documents in the Supplemental Mandamus Record have been redacted to comply with the rules.

_____
Kurt Kuhn

SUBSCRIBED AND SWORN TO before me this 13th day of May, 2015, to certify which witness my hand and seal of office.

LINDA U TRIAL
My Commission Expires
December 16, 2017

_____
NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

Dated: May 13, 2015

Respectfully submitted,

Craig Hopper
  State Bar No. 00794947
Brian Thompson
  State Bar No. 24051425
HOPPER MIKESKA, PLLC
400 West 15th Street, Suite 408
Austin, Texas 78701
(512) 615-6195
(512) 610-1306 (fax)
bthompson@hoppermikeska.com

Kurt Kuhn
  State Bar No. 24002433
Lisa Bowlin Hobbs
  State Bar No. 24026905
KUHN HOBBS PLLC
3307 Northland Drive, Suite 310
Austin, Texas 78731
(512) 476-6003
(512) 476-6002 (fax)
Lisa@KuhnHobbs.com
Kurt@KuhnHobbs.com

COUNSEL FOR REAL PARTY IN INTEREST

## CERTIFICATE OF SERVICE

I hereby certify that, on May 13, 2015, and in compliance with the Texas Rules of Appellate Procedure, a true and correct copy of the foregoing supplemental record index has been served as follows:

Hon. Guy Herman
Judge of Probate Court No. 1, Travis County, Texas  *via email*
Probate Court No. 1
1000 Guadalupe, Room 217
Austin, Texas 78701
***Respondent***

Michael B. Knisely
Jason S. Scott  *via e-Service*
Osborne, Helman, Knebel, DeLeery
301 Congress Avenue, Suite 1910
Austin, Texas 78701

Douglas A. Booth
Law Offices of Douglas A. Booth  *via e-Service*
3801 S. Capital of Texas Highway, Suite 255
Austin, Texas 78704

***Counsel for Real Parties in Interest,***
***Unknown Heirs of Stella Marie Powell,***
***James Powell, and Alice Huseman***

Michael P. Murphy
Assistant Solicitor General  *via e-Service*
Office of the Attorney General
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
***Counsel for Relator,***
***State of Texas***

Kurt Kuhn

# Tab A

| | | |
|---|---|---|
| **ESTATE OF** | § | **IN THE PROBATE COURT** |
| | § | |
| **STELLA MARIE POWELL,** | § | **NUMBER 1** |
| | § | |
| **DECEASED** | § | **TRAVIS COUNTY, TEXAS** |

## ORDER ON SPECIAL EXCEPTIONS AND MOTION TO DISMISS

On this day, the Court considered Applicants James Powell and Alice Huseman's Special Exceptions to, and Motion to Dismiss, Sonemaly Phrasavath's (1) Contest to Applicants' Application for Determination of Heirship and Issuance of Letters of Independent Administration and (2) Counter-application to Determine Heirship, for Appointment of Dependent Administrator and Issuance of Letters of Administration (collectively, the "Special Exceptions and Motion to Dismiss"). Having considered the Special Exceptions and Motion to Dismiss, the response and supplemental response filed by Sonemaly Phrasavath, the arguments of counsel, and all other papers on file in this matter, the Court hereby DENIES the Special Exceptions in their entirety.

In denying the Special Exceptions, the Court finds that Texas Family Code § 2.401, Texas Family Code § 6.204(b), and Article I, § 32 of the Texas Constitution are unconstitutional insofar as they restrict marriage in the State of Texas to a union of a man and woman and prohibit the creation or recognition of marriage to same-sex couples, because such restrictions and prohibitions violate the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment to the Unites States Constitution.

Signed on February 17, 2015.

_____
HONORABLE JUDGE GUY HERMAN

Approved as to form:

# Tab B

Filed: 11/6/2014 5:23:19 PM
Dana DeBeauvoir
Travis County Clerk
C-1-PB-14-001695
Abram Gonzalez

No. C-1-PB-14-001695

| | | |
|---|---|---|
| **ESTATE OF** | § | **IN THE PROBATE COURT** |
| | § | |
| **STELLA MARIE POWELL,** | § | **NUMBER 1** |
| | § | |
| **DECEASED** | § | **TRAVIS COUNTY, TEXAS** |

## SONEMALY PHRASAVATH'S RESPONSE TO SPECIAL EXCEPTIONS AND MOTION TO DISMISS AND MOTION FOR CONTINUANCE

Sonemaly Phrasavath ("Sonemaly") hereby files this Response to the Special Exceptions and Motion to Dismiss filed by James Powell and Alice Huseman. Sonemaly also files, in the alternative, a Motion for Continuance. In support of her Response and the Motion for Continuance, Sonemaly would show the Court the following:

## I.
## Introduction

Stella Powell ("Stella"), the decedent herein, and Sonemaly were in a committed, same-sex relationship for approximately eight years and were married for almost six years. Like any other married couple, they resided in the same home, celebrated their love for each other before friends and family at a marriage ceremony, and lived openly as spouses. During Stella's final illness, Sonemaly cared for Stella at their home until Stella ultimately lost her battle with cancer at the much too young age of 53.

Sonemaly has filed an application for heirship in this matter as Stella's common law spouse. James Powell and Alice Huseman (collectively, "Movants"), who are Stella's surviving siblings, have filed special exceptions and a motion to dismiss Sonemaly's application based on Texas's laws banning the recognition of same-sex marriages. These laws, like those in many other states, have been struck down since the United States Supreme Court's landmark decision

1


I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on MAR 0 2 2015
Case # C-1-PB-14-001695 County Clerk

M. LIMON

in *U.S. v. Windsor*. In fact, since *Windsor*, the vast majority of courts to entertain a challenge to same-sex marriage bans have struck down such bans as unconstitutional. Sonemaly seeks the same remedy from this Court and asks that the Court deny Movants' special exceptions and motion to dismiss.

In the alternative, because Texas law requires that the Attorney General of Texas be given notice of Sonemaly's constitutional challenge to Texas's laws banning same-sex marriage, and because a judgment that these laws are unconstitutional cannot be given until 45 days after such notice is given, Sonemaly moves for a continuance of the hearing on Movants' special exceptions and motion to dismiss until such notice period passes.

## II.
## Facts

Sonemaly and Stella met in the summer of 2004 and began a romantic relationship in the summer of 2006. In April 2007, they traveled to Maui, Hawaii, and Sonemaly proposed to Stella on the peak of Mount Haleakala. In May 2007, the couple hosted a party to celebrate their engagement before family and friends. Shortly afterwards, the couple began living together in Austin.

On April 3, 2008, Sonemaly and Stella were married at Chapel Dulciea in Driftwood, Texas. Zen Priest Barbara Kohen officiated the marriage, which was attended by a small group of friends and family. Thereafter, Stella and Sonemaly executed declarations stating that they, among other things, were each other's domestic partner, were living in an intimate and committed relationship, were residing together, and were jointly financially responsible for each other's basic living expenses. In fact, the couple began living together shortly after their engagement and cohabitated until Stella's death in the summer of 2014.

2

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office MAR 0 2 2015

Dana DeBeauvoir, County Clerk

By Deputy

M. LIMON

In October 2013, Stella was diagnosed with colon cancer. During Stella's battle with the disease, Sonemaly acted as Stella's medical power of attorney, cared for her at their home, and accompanied her to treatments in Houston at M.D. Anderson and in Austin. Unfortunately, on June 21, 2014, Stella succumbed to cancer at the age of 53.

After Stella's death, Sonemaly and Movants discussed settling Stella's estate based on the terms of a will that Stella had drafted shortly before her death but had never executed. When these discussions were unsuccessful, Movants filed their Application for Determination of Heirship, which states that Stella was never married and does not even mention Sonemaly's name. Since that filing, Sonemaly has filed a contest to Movants' application and a competing application as Stella's common law spouse.

On October 15, 2014, Movants filed their Special Exceptions and Motion to Dismiss (the "Special Exceptions") Sonemaly's heirship application arguing that Stella's marriage to Sonemaly should not be recognized by this Court because of Texas's laws banning same-sex marriage. Movants' Special Exceptions omit the glaring fact that this ban has been struck down as unconstitutional by the Federal District Court for the Western District of Texas in the case of *DeLeon v. Perry*, 975 F.Supp.2d 632 (W.D. Tex. 2014). *DeLeon* follows the holdings of the vast majority of courts to entertain a challenge to state bans on same-sex marriage since the United States Supreme Court's decision in *Windsor*, wherein the Court held that the Federal Defense of Marriage Act's ("DOMA") limitation of marriage to opposite sex couples was unconstitutional. 133 S.Ct. 2675 (2013). Sonemaly now requests this Court to follow these holdings and rule that Texas's laws banning same-sex marriage are unconstitutional and, based on this holding, to deny Movants' Special Exceptions.

3

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on    MAR 0 2 2015

Dana DeBeauvoir, County Clerk
By Deputy:
M. LIMON

## III.
## Arguments and Authorities

### A. The history of laws banning same-sex marriage in Texas.

Movants have cited to three Texas laws to support their argument that the Court should disregard Sonemaly and Stella's marriage: (1) Texas Family Code § 2.401 (limiting informal marriage to "marriage of a man and woman"); (2) Texas Family Code § 6.204(b) (stating that "[a] marriage between persons of the same sex...is void in this state"); and (3) Article I, § 32 of the Texas Constitution (stating that "[m]arriage in this state shall consist only of the union of one man and one woman....This state or a political subdivision of this state may not create or recognize any legal status identical or similar to marriage."). Sonemaly will refer to these laws collectively as "Texas's Ban."

The Texas Family Code was amended in 1973 after the unsuccessful attempts of a small number of gay and lesbian citizens to obtain marriage licenses. James W. Harper and George M. Clifton, Heterosexuality: A Prerequisite to Marriage in Texas? 14 SOUTH TEXAS L.J. 220 (1973). During the same period, same-sex couples in other states brought suits seeking to marry. *Jones v. Hallahan*, 501 S.W.2d 588 (Ky. Ct. App. 1973); *Baker v. Nelson*, 191 N.W.2d 185 (Minn. 1971), aff'd, 409 U.S. 810 (1972); *Anonymous v. Anonymous*, 325 N.Y.S.2d 499 (N.Y. Sup. Ct. 1971); *Singer v. Hara*, 522 P.2d 1187 (Wash. Ct. App. 1974). In reaction to these attempts, the Texas legislature amended the Texas Family Code to state that "a man and woman" rather than "persons" were entitled to obtain a marriage license and added, "[a] license may not be issued for the marriage of persons of the same sex." TEX. FAM. CODE § 1.01 (1973).

As a reaction to the Hawaii Supreme Court court's holding that same-sex couples had the right to marry under that state's law, Congress in 1996 enacted DOMA, which limited federal

4

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office. MAR 0 2 2015
Dana DeBeauvoir, County Clerk
By Deputy: M. LIMON

recognition of marriage to only same-sex marriages, and numerous states followed with so-called "mini-DOMAs," which prohibited states from recognizing marriages between same-sex couples. *See* Jane S. Schacter, Courts and the Politics of Backlash, 82 S. CAL. L. REV. 1153, 1188-89 (Sept. 2009). These mini-DOMAs typically defined marriage as only between one man and one woman and prevented states from giving full faith and credit to same-sex marriages lawfully entered in other jurisdictions. Texas followed suit in 2003 with its own mini-DOMA by enacting Texas Family Code § 6.204, which voids all marriages and all civil unions between same-sex couples and prohibits state recognition of any such relationships. TEX. FAM. CODE § 6.204(b). It further prohibits the state from giving effect to any "legal protection, benefit, or responsibility" allegedly resulting from such marriages or civil unions. TEX. FAM. CODE § 6.204(c).

In 2005, Texas enshrined this law in the state constitution. The constitutional amendment was passed by referendum with approximately 76% of the vote. OFFICE OF TEXAS SECRETARY OF STATE, 2005 CONSTITUTIONAL AMENDMENT ELECTION, http://elections.sos.state.tx.us/elchist.exe (last visited November 4, 2014). As a result, Article I, § 32 of the Texas Constitution now states:

> (a) Marriage in this state shall consist only of the union of one man and one woman.
>
> (b) This state or a political subdivision of this state may not create or recognize any legal status identical or similar to marriage.

This discriminatory constitutional provision, as well as the other laws comprising Texas's Ban, cannot withstand constitutional scrutiny and should be disregarded in this matter. The Court should determine the question of whether Stella and Sonemaly's marriage should be recognized based on the laws governing informal marriage, not based on Texas's unjustifiable ban. This is especially evident in light of the United States Supreme Court's decision in *U.S. v. Windsor*.

5

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my Witness my hand and seal of office on

MAR 0 2 2015

Dana DeBeauvoir, County Clerk
By Deputy
M. LIMON

**B.**     **The United States Supreme Court's Decision in *Windsor* and its effect on state laws banning same-sex marriage.**

In *Windsor*, plaintiff Edith Windsor challenged the provision of DOMA that defined "marriage" and "spouse" to exclude same-sex spouses. 133 S.Ct. 2675, 2682 (2013). Ms. Windsor had married Thea Spyer in Canada and that marriage was subsequently recognized in their home state of New York. *Id.* at 2683. Ms. Spyer died in 2009 and left her entire estate to Ms. Windsor. *Id.* But because of Section 3 of DOMA ("Section 3"), which defines "marriage" and "spouse" as excluding same-sex spouses for purposes of all federal statutes and regulations, Ms. Windsor could not qualify as Ms. Spyer's "surviving spouse" for purposes of the federal estate tax exemption. *Id.* As a result, Ms. Windsor was required to pay $363,053.00 in federal estate taxes that she otherwise would not have been required to pay if her marriage to Ms. Spyer was recognized under federal tax law. *Id.* Ms. Windsor challenged Section 3, a challenge that was eventually decided by the Supreme Court.

The Court's opinion, written by Justice Anthony Kennedy, invalidated Section 3 as unconstitutional under the Fifth Amendment's Due Process Clause. *Id.* at 2693. In reaching this holding, Justice Kennedy made the following statements regarding Section 3:

- Section 3's "principal purpose is to impose inequality, not for other reasons like government efficiency."

- Section 3 "tells those [same-sex] couples, and all the world, that their otherwise valid marriages are unworthy of federal recognition."

- Section 3 "demeans the couple, whose moral and sexual choices the Constitution protects." citing *Lawrence v. Texas*, 539 U.S. 558 (2003) (striking down Texas's sodomy laws as unconstitutional).

- Section 3 "humiliates tens of thousands of children now being raised by same-sex couples. The law in question makes it even more difficult for the children to

6

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on

MAR 0 2 2015

Dana DeBeauvoir, County Clerk
By Deputy

M. LIMON

understand the integrity and closeness of their own family and its concord with other families in the community and in their daily lives."

- "Under DOMA, same-sex married couples have their lives burdened by reason of government decree, in visible and public ways."

*Id.* at 2694-95. The Court held that for these same reasons, Section 3 denied same-sex spouses equal protection of the laws guaranteed by the Fourteenth Amendment. *Id.* at 2695 ("[w]hile the Fifth Amendment itself withdraws from Government the power to degrade or demean the way [DOMA] does, the equal protection clause of the Fourteenth Amendment makes that Fifth Amendment right all the more specific and all the better understood and preserved.").

In a prophetic dissent concerning, in part, the breadth of Justice Kennedy's opinion, Justice Scalia reasoned that majority decision would be applied by lower courts to hold state bans on same sex marriage unconstitutional. *Id.* at 2709. To illustrate his point, Justice Scalia edited excerpts from Justice Kennedy's opinion to show how they might apply equally in a same-sex marriage ban case, including in the following example:

> [DOMA] *This state law* tells those couples, and all the world, that their otherwise valid ~~marriages~~ *relationships* are unworthy of ~~federal~~ *state* recognition. This places same-sex couples in an unstable position of being in a second-tier ~~marriage~~ *relationship*. The differentiation demeans the couple, whose moral and sexual choices the Constitution protects, *see Lawrence.*

*Id.* at 2709-10 (citing *id.* at 2694). Justice Scalia could not have been more accurate with his prediction, as court after court entertaining challenges to state law same-sex marriage bans have applied Justice Kennedy's opinion in *Windsor* to almost uniformly strike those bans down.

At the time of this writing, almost twenty reported decisions, including decisions by the Tenth, Fourth, Seventh and Ninth Circuit United States Courts of Appeals, have relied on *Windsor* to strike down state bans on same sex marriage as unconstitutional. *Bishop v. Smith,* 760

7

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record. Witness my hand and seal of office on MAR 0 2 2015

Dana DeBeauvoir, County Clerk

M. LIMON

F.3d 1070 (10th Cir. 2014); *Kitchen v. Herbert*, 755 F.3d 1193 (10th Cir. 2014); *Bostic v. Schaefer*, 760 F.3d 352 (4th Cir. 2014); *Baskin v. Bogan*, 766 F.3d 648 (7th Cir. 2014); *Latta v. Otter*, ---F.3d---, 2014 WL 4977682 (9th Cir. 2014); *Marie v. Moser*, No. 2:14-cv-02518-DDC-TJJ, ---F.Supp.2d---- (D. Kan. 2014); *Bourke v. Beshear*, 996 F.Supp.2d 542 (W.D. Kent. 2014); *Love v. Beshear*, 989 F.Supp.2d 536 (W.D. Kent. 2014); *Gray v. Orr*, 4 F.Supp.3d 984 (N.D. Illinois 2014); *Brenner v. Scott*, 999 F.Supp.2d 1278 (N.D. Fla. 2014); *Hamby v. Parnell*, ---F.Supp.3d---, 2014 WL 5089399 (D. Alaska 2014); *Wolf v. Walker*, 986 F.Supp.2d 982 (W.D. Wisc. 2014); *Majors v. Jeanes*, ---F.Supp.3d---, 2014 WL 4541173 (D. Ariz. 2014); *Whitewood v. Wolf*, 992 F.Supp.2d 410 (M.D. Penn. 2014); *Geiger v. Kitzhaber*, 994 F.Supp.2d 1128 (D. Oregon 2014); *Henry v. Himes*, ---F.Supp.2d---, 2014 WL 1418395 (S.D. Ohio 2014); *Tanco v. Haslam*, 7 F.Supp.3d 759 (M.D. Tenn. 2014); *DeBoer v. Snyder*, 973 F.Supp.2d 757 (E.D. Michigan 2014); *Obergefell v. Wymyslo*, 962 F.Supp.2d 968 (S.D. Ohio 2013). Based on these and other decisions, as well as related legislative enactments, same-sex couples in 32 states and the District of Columbia now have the freedom to marry, and nearly 59% of the U.S. population lives in states currently issuing marriage licenses to same-sex couples. FREEDOM TO MARRY, http://www.freedomtomarry.org/states/ (last visited November 4, 2014). In fact, the undersigned has discovered only two reported cases since *Windsor* upholding a state's ban on same-sex marriage, and even these cases acknowledge the tidal wave of post-*Windsor* opinions striking down the bans. *See Robicheaux v. Caldwell*, 2 F.Supp.3d 910 (E.D. La. 2014) (acknowledging "the near-unanimity of the many other federal courts that have spoken on this pressing issue" and have declared same-sex marriage bans unconstitutional); *Vidal v. Garcia-Padilla*, ---F.Supp.3d---, 2014 WL 5361987 (D. P.R. 2014) (acknowledging that "[a] clear majority of courts have

8

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on

Dana DeBeauvoir, County MAR 0 2 2015
By Deputy

M. LIMON

struck down statutes that affirm opposite-gender marriage only). In contrast to these two opinions, since *Windsor* no circuit court of appeals has upheld such a ban. In sum, the effect of *Windsor* has been swift and resolute—*i.e.* based on the majority's reasoning in *Windsor*, state bans on same-sex marriage, including Texas's Ban, no longer pass constitutional muster.

## C.    The *DeLeon* decision.

In *DeLeon v. Perry*, Judge Orlando Garcia of the United States District Court for the Western District of Texas—San Antonio Division, declared Texas's Ban unconstitutional. The plaintiffs in *DeLeon* were two married couples, one lesbian couple who had been married in Massachusetts and were seeking to have their marriage recognized in Texas, and one gay couple who had applied and been denied a Texas marriage license. 975 F.Supp.2d 632, 640-41 (W.D. Tex. 2014). The Defendants were various local and state officials defending Texas's Ban. *Id.* After reciting the history of same-sex marriage bans in the United States, including the enactment of Texas's Ban and DOMA, the Court highlighted the watershed decision in *Windsor*. *Id.* at 641-648. The court then considered the plaintiffs' challenges to Texas's Ban under the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the U.S. Constitution. *Id.* at 649.

### 1.    The *DeLeon* court's equal protection analysis.

Beginning with its equal protection analysis, the court noted that "[t]he Equal Protection Clause of the Fourteenth Amendment commands that no state shall deny to any person within its jurisdiction the equal protection of the laws...This essentially means that all persons similarly situated shall be treated alike." *Id.* at 649 (citing U.S. Const. Amend. XIV § 1 and *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432 (1985)). Measured against the equal

9

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on MAR 0 2 2015

Dana DeBeauvoir, County Clerk
By Deputy:
M. LIMON

protection clause, laws are subject to three levels of scrutiny: strict scrutiny, intermediate scrutiny, or rational basis review. *Id.* Although the plaintiffs urged the court to apply strict or intermediate scrutiny to Texas's Ban based on the history of state discrimination against homosexuals, the fact that sexual orientation is immutable, and that homosexuals are a minority with insufficient political power, the court found there was no need because the Ban could not satisfy even the most deferential rational basis level of review. *Id.* at 651-52.

Rational basis requires only that the law bear some rational relationship to a legitimate state interest. *Id.* at 652. The defendants identified two purported legitimate state interests furthered by Texas's Ban: 1) increasing the likelihood that a mother and father will be in charge of childrearing; and 2) encouraging stable family environments for responsible procreation. *Id.* at 653.

The court first rejected the defendants' claim that barring same-sex couples from marrying bears a rational relationship to furthering the welfare of children and childrearing. *Id.* Echoing Justice Kennedy in *Windsor*, the *DeLeon* court found that the ban actually injuries children and "causes needless stigmatization and humiliation for children being raised by the loving same-sex couples being targeted." *Id.* The court found that the defendants had failed to present any evidence that denying marriage to same-sex couples positively affects childrearing or evidence that recognizing a same-sex marriage could affect a heterosexual couple's decision to marry or raise a family. *Id.*

The court then assailed the defendants' procreation arguments by reasoning that "procreation is not and has never been a qualification for marriage," and noted that such a qualification would threaten "the legitimacy of marriages involving post-menopausal women,

10

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office Witness my hand and seal of **MAR 0 2 2015**

Dana DeBeauvoir, County Clerk

By Deputy:

M. LIMON

infertile individuals, and individuals who choose to refrain from procreating." *Id.* at 654. Continuing on, Judge Garcia observed that "[p]ermitting same-sex couples to marry will not affect the number of opposite-sex couples who marry, divorce, cohabit, have children outside of marriage or otherwise affect the stability of opposite-sex marriage." *Id.* In fact, the court noted, Texas's Ban hinders stable environments for procreation by denying the children of same-sex couples the same stable family structure which the defendants praised in their arguments. *Id.* at 655. The court concluded this section by stating that "the argument that allowing same-sex couples to marry will undermine procreation is nothing more than an unsupported 'overbroad generalization' that cannot be a basis for upholding discriminatory legislation." *Id.*

Finally, the court dispensed with any argument that tradition, or more specifically the "traditional definition of marriage" is a reason for upholding Texas's Bans. *Id.* Citing *Lawrence*, the court noted that tradition alone can never be a reason to uphold a law under rational basis review. *Id.* As an example, Judge Garcia highlighted the U.S. Supreme Court's decision in *Loving v. Virginia*, which struck down state laws banning marriage between people of different races, and reasoned that "tradition alone cannot justify denying same-sex couples the right to marry any more than it could justify Virginia's ban on interracial marriage." *Id.* at 656 (citing *Bostic v. Rainey*, 970 F.Supp.2d 456 (E.D. Va. 2014)). The court concluded by holding that the defendants had failed to show any rational relationship between Texas's Ban and a legitimate governmental purpose and, therefore, the ban violated the plaintiffs' equal protection rights. *Id.*

2.    The *DeLeon* court's due process analysis.

After finding Texas's Ban unconstitutional as a violation of equal protection, Judge Garcia addressed the plaintiffs' argument that Texas's Ban was a violation of the Due Process

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on MAR 0 2 2015

Dana DeBeauvoir, County Clerk
By Deputy:

M. LIMON

Clause of the Fourteenth Amendment, which guarantees that all citizens have certain fundamental rights. *Id.* The court first determined that, based on Supreme Court precedent, marriage is indeed a fundamental right that implicates the additional fundamental rights of privacy, liberty, and association, all of which are protected by the due process clause. *Id.* at 657-58. As such, the U.S. Supreme Court had historically invalidated state laws that infringe on an individual's right to marry, including most notably, in *Loving v. Virginia* when the Court struck down Virginia's ban on interracial marriage. *Id.* at 658. Because Texas's Ban "categorically den[ies] the fundamental right to marry to a class of citizens," the court applied strict scrutiny, which requires that the law be supported by a compelling state interest and be narrowly tailored to effectuate that interest. *Id.* at 659-60. The court concluded, without discussion, that the defendants had failed to satisfy this difficult burden and concluded that Texas's Ban was unconstitutional under the due process clause of the Fourteenth Amendment.[1]

The *DeLeon* court concluded by holding that Texas's Ban was unconstitutional because it violates the plaintiffs' equal protection and due process rights under the Fourteenth Amendment to the United States Constitution. *Id.* at 666. The court then stayed its decision, which included an injunction barring enforcement of the Texas's Ban, pending the final disposition of an appeal to the Fifth Circuit Court of Appeals. *Id.*

**D.      Texas's ban on same-sex marriage is unconstitutional.**

Based on the holding in *DeLeon*, which is from the federal district covering this jurisdiction, as well as the holdings of the numerous other courts who have entertained

---

1 The *DeLeon* court went on to hold that Texas's failure to recognize same-sex marriages recognized in other jurisdictions was unconstitutional, but because that discussion is inapplicable to this case and for the sake of brevity this discussion has been excluded from this response.

12

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on

Dana DeBeauvoir, County Clerk
By Deputy: M. LIMON
MAR 0 2 2015



challenges to state laws banning same-sex marriage in the aftermath of *Windsor*, Texas's Ban is unconstitutional. Assuming that the Movants here will offer the same three justifications for the Ban that were discussed in *DeLeon*—*i.e.* that the Ban 1) increases the likelihood that a mother and father will be in charge of childrearing; 2) encourages stable family environments for responsible procreation; and 3) is justified based on tradition—the failure of these reasons to reach the level of a "rational basis" for the Ban is even more stark in this case than in *DeLeon*.

How could this Court's recognition of the marriage between Stella and Sonemaly, which would allow Sonemaly to participate in all the benefits of a surviving spouse, somehow affect anyone's decision regarding how to rear their children or procreate? The only effect of recognition in this case would be to provide Sonemaly with the rights of an heir, something this court does every day without paying regard to the sex of the decedent or the heir and without any effect on anyone else's decision regarding how to rear their family. And as the *DeLeon* court noted, tradition alone is no justification for Texas's Ban.

Failing to recognize the marriage between Stella and Sonemaly would only magnify the same discriminatory and deleterious effects that Justice Kennedy warned of in *Windsor*. Could there be any more "visible and public" burden than, in your time of mourning for your deceased spouse, having your spouse's family and the State of Texas fail to recognize your marriage and fight to have it invalidated? Is there anything more demeaning or unequal than having the state in which you and your spouse lived for years suggest that your otherwise valid marriage is unworthy of recognition simply because you are of the same sex? And although Stella and Sonemaly never had children, imagine the effects of non-recognition on the surviving children of a same-sex couple, effects which would surely make it "even more difficult for the children to

13

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on

Dana DeBeauvoir, County Clerk MAR 0 2 2015

By Deputy:

M. LIMON

understand the integrity and closeness of their own family and its concord with other families in the community and in their daily lives." *See Windsor*, 133 S.Ct. at 2694.

The Texas Ban is blatant discrimination that has no rational relationship to any legitimate government interest. Its application in this case would not only be unconstitutional, it would be cruel. This Court should follow the holdings of almost every other jurisdiction to hear a challenge to state laws banning same-sex marriage post-*Windsor* and hold that Texas's Ban is unconstitutional and deny Movants' Special Exceptions.

## IV.
## Alternative Motion for Continuance

In the alternative to denying Movants' Special Exceptions and holding Texas's Ban unconstitutional at this time, Sonemaly requests that the Court continue the hearing on this matter until the Texas Attorney General can be given notice as required under Texas Government Code § 402.010. That section requires that "[i]n an action in which a party to the litigation files a...pleading challenging the constitutionality of a statute of this state...[t]he court shall, if the attorney general is not a party to or counsel involved in the litigation, serve notice of the constitutional challenge and a copy of the...pleading" on the attorney general. TEX. GOV'T CODE § 402.010(a). The statute further states that "[a] court may not enter a final judgment holding a statute of this state unconstitutional before the 45th day after the date" of the notice. *Id.* at (b). In a recent case out of San Antonio, wherein State District Judge Barbara Nellermoe held that Texas's Ban is unconstitutional, the appellate court granted mandamus relief to the Attorney General because of the court's failure to provide notice of the constitutional challenge. *In re State of Texas*, No.04-14-00282, 2014 WL 2443910 (Tex. App.—San Antonio May 28, 2014, no pet.) (mem. op., not designated for publication). Therefore, Sonemaly requests that the Court

14


I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on MAR 0 2 2015

Dana DeBeauvoir, County Clerk
By Deputy: M. LIMON

postpone any decision on the constitutionality of Texas's Same Sex Marriage Ban until the notice required by the Government Code is provided and the 45 day notice period has passed.

## V.
## Request for Relief

Based on the forgoing, Sonemaly Phrasavath requests an order from the Court finding that Texas Family Code §§ 6.204(b) and 2.401 and Article I, § 32 of the Texas Constitution are unconstitutional under the United States Constitution; denying Movants' Special Exceptions and Motion to Dismiss; in the alternative, continuing the hearing on Movants' Special Exceptions and Motion to Dismiss until the notice period required by Texas Government Code § 402.010 has passed; and providing Sonemaly with all such further relief to which she shows herself entitled.

Respectfully submitted,

**HOPPER MIKESKA, PLLC**

By: _____

CRAIG HOPPER
State Bar No. 00794947
BRIAN T. THOMPSON
State Bar No. 24051425
chopper@hoppermikeska.com
bthompson@hoppermikeska.com

400 W. 15th Street, Suite 408
Austin, Texas 78701
(512) 615-6195 Telephone
(512) 615-6194 Fax

ATTORNEYS FOR COUNTER-APPLICANT

15

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on

Dana DeBeauvoir, County **MAR 0 2 2015**

By Deputy:

M. LIMON

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading has been served on the following counsel of record on this 6th day of November, 2014, in accordance with Rule 21a of the Texas Rules of Civil Procedure, either electronically through an electronic filing manager, or non-electronically via hand-delivery, e-mail, facsimile, or mail (first class or certified):

Michael B. Knisely
Jason S. Scott
Osborne, Helman, Knebel, DeLeery, L.L.P.
301 Congress Avenue, Suite 1910
Austin, Texas 78701
(512) 542-2011 (fax)

Lorin Hayes
Law Offices of Douglas A. Booth, P.C.
3801 S. Capital of Texas Highway, Suite 255
Austin, Texas 78704
(512) 478-4926 (fax)

Brian T. Thompson

16

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office **MAR 0 2 2015**

Dana DeBeauvoir, County Clerk
By Deputy:
M. LIMON

# Challenge to Constitutionality of a State Statute

This form must be completed by a party filing a petition, motion or other pleading challenging the constitutionality of a state statute. The completed form must be filed with the court in which the cause is pending as required by Section 402.010 (a-1), Texas Government Code.

**Cause Number** *(For Clerk Use Only):*          **Court** *(For Clerk Use Only):*

**Styled:**

*(e.g., John Smith v. All American Insurance Co.; in re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

---

**Contact information for party\* challenging the constitutionality of a state statute.** (*\*If party is not a person, provide contact information for party, party's representative or attorney.*)

Name:  Sonemaly Phrasavath c/o Brian Thompson                Telephone: 512-615-6195

Address: 400 W. 15th Street, Suite 408                 Fax:      512-615-6194

City/State/Zip: Austin, Texas 78701                    State Bar No. (if applicable): 24051425

Email:  bthompson@hoppermikeska.com

Person completing this form is:    ☒ Attorney for Party  ☐ Unrepresented Party  ☐ Other:

**Identify the type of pleading you have filed challenging the constitutionality of a state statute.**

☐ Petition    ☐ Answer    ☐ Motion (Specify type):

☒ Other:  Response to Motion for Dismiss/Special Exceptions

**Is the Attorney General of the State of Texas a party to or counsel in this cause?**

☐ Yes   ☒ No

**List the state statute(s) being challenged in your pleading and provide a summary of the basis for your challenge.** (Additional pages may be attached if necessary.)

Sonemaly Phrasavath challenges the constitutionality of Texas Family Code Sections 2.401 and 6.204 and Article 1, Section 32 of the Texas Constitution insofar as these laws prohibit recognition of same-sex, informal marriage. These laws are challenged under the Fourteenth Amendment to the United States Constitution and the holding of DeLeon v. Perry, 975 F.Supp.2d 632, 640-41 (W.D. Tex. 2014).

Case # C-1-PB-14-001695

I, Dana DeBeauvoir, County Clerk, Travis County,
Texas, do hereby certify that this is a true and
correct copy as same appears of record in my office.
Witness my hand and seal of office on  **MAR 0 2 2015**

Dana DeBeauvoir, County Clerk  __ 9/5/13
By Deputy:
M. LIMON

# Tab C

Filed: 9/18/2014 12:01:19 AM
Dana DeBeauvoir
Travis County Clerk
C-1-PB-14-001695
Abram Gonzalez

Cause No. C-1-PB-14-__001695__

| | | |
|---|---|---|
| ESTATE OF | § | IN THE PROBATE COURT |
| | § | |
| STELLA MARIE POWELL, | § | NUMBER ONE OF |
| | § | |
| DECEASED | § | TRAVIS COUNTY, TEXAS |

### APPLICATION FOR DETERMINATION OF HEIRSHIP AND ISSUANCE OF LETTERS OF INDEPENDENT ADMINISTRATION

Date of Death: June 21, 2014

TO THE HONORABLE JUDGE OF SAID COURT:

James Powell and Alice Huseman ("Applicants") file this Application for Determination of Heirship and Issuance of Letters of Independent Administration and in support of such Application would respectfully show the Court as follows:

I.

Applicant James Powell is a surviving brother of Stella Marie Powell ("Decedent"), and resides at 715 West Avenue, Austin, Travis County, Texas 78701. Applicant Alice Huseman is the surviving sister of Decedent, and she resides at 223 Oleander Avenue, Corpus Christi, Texas 78404.

II.

Decedent died on June 21, 2014, in Harris County, Texas at the age of fifty-three (53) years, and four (4) years have not elapsed since the date of her death.

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on MAR 0 2 2015

Dana DeBeauvoir, County Clerk
By Deputy:

000368655

M. LIMON

1

## III.

This Court has jurisdiction and venue because Decedent was domiciled and had a fixed place of residence in Travis County, Texas on the date of her death.

## IV.

Decedent owned property described generally as real property, goods and personal effects of a probable value of in excess of $50,000. A necessity exists for the administration of Decedent's estate (the "Estate").

## V.

To the best of Applicants' knowledge, Decedent died intestate. It is necessary and in the best interest of the Estate for the Court to determine who are the heirs and the only heirs of Decedent.

## VI.

Decedent was never legally married. No children were ever born to or adopted by Decedent.

## VII.

The names and residences of the heirs of Decedent, each heir's relationship to Decedent, and each heir's true interest in the estate of Decedent are as follows:

| Heir and Residence | Marital Status | Relationship | Interest |
|---|---|---|---|
| Alice Powell<br>(92 years old)<br>219 Red Poppy Trail<br>Georgetown, TX 78628 | Single/Widow | Mother | 1/2 interest in Decedent's real and personal property |

2

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on

Dana DeBeauvoir, County Clerk MAR 0 2 2015
By Deputy:
M. LIMON

| Heir and Residence | Marital Status | Relationship | Interest |
|---|---|---|---|
| Alice Huseman<br>(67 years old)<br>223 Oleander Avenue<br>Corpus Christi, TX 77019 | Married | Sister | 1/6 interest in Decedent's real and personal property |
| James Powell<br>(64 years old)<br>715 West Avenue<br>Austin, TX 78701 | Single | Brother | 1/6 interest in Decedent's real and personal property |
| Bryan Powell<br>(59 years old)<br>219 Red Poppy Trail<br>Georgetown, TX 78628 | Single | Brother | 1/6 interest in Decedent's real and personal property |

Alice Powell, Alice Huseman, James Powell, and Bryan Powell constitute the only heirs of Decedent's estate. Each such heir is an adult and is not under any legal disability.

## VIII.

Each marriage of Decedent has been listed in this Application, and this Application includes all of the information required by Section 301.052 of the Texas Estates Code.

## IX.

The heirs of Decedent listed herein constitute all persons entitled to receive property of Decedent's estate, and none of such heirs is a minor or under any legal disability. Pursuant to the provisions of Section 401.003 of the Texas Estates Code, all of the heirs of the Estate (being all

3

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on MAR 0 2 2015

Dana DeBeauvoir, County Clerk
By Deputy: M. LIMON

distributees of the Estate) hereby designate Applicants to serve as Independent Co-Administrators of the Estate, and hereby request that no action be had in any court in the settlement of the Estate other than the return of an Inventory, Appraisement, and List of Claims of the Estate or an affidavit in lieu thereof. Each heir of the Estate joins in this Application. Further, as provided in Section 401.005 of the Texas Estates Code, each such heir requests that the Court waive the requirement of bond and permit Applicants to serve without bond as Independent Co-Administrators of the Estate. It is anticipated that each heir of the Estate that is not an applicant will join in this Application by virtue of written agreement that will be filed in this cause.

## X.

Applicants are qualified and are not disqualified by law from accepting Letters of Independent Administration.

## XI.

It is in the best interest of the Estate and of the distributees of the Estate for the Court to enter an order appointing Applicants to serve as Independent Co-Administrators of the Estate without bond.

WHEREFORE, Applicants pray that citation issue as required by law to all parties interested in the Estate in the manner and for the length of time required by law; that the Court determine and declare the names and residences of all the heirs of Decedent and their respective shares and interests in the Estate; that Applicants be appointed as Independent Co-Administrators and that no bond be required; that the Co-Administrators be granted the power to sell real property

4

I, Dana DeBeauvoir County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on **MAR 0 2 2015**
Dana DeBeauvoir, County Clerk
By Deputy:
M. LIMON

without Court approval; and that Letters of Independent Administration be issued to Applicants.

Applicants pray further that such other and further orders be made as the Court may deem proper.

Respectfully submitted,
OSBORNE, HELMAN,
KNEBEL & DELEERY, L.L.P.
301 Congress Avenue, Suite 1910
Austin, Texas 78701
Telephone: (512) 542-2002
Telecopier: (512) 542-2011

By: _____
    MICHAEL B. KNISELY
    State Bar No. 24047367
    mbknisely@ohkdlaw.com
    JASON S. SCOTT
    State Bar No. 24029228
    jsscott@ohkdlaw.com

ATTORNEYS FOR APPLICANTS

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on



Dana DeBeauvoir, County MAR 0 2 2015
By Deputy:

M. LIMON

5

# CIVIL CASE INFORMATION SHEET

MAY ENTER CAUSE # / COURT # IF ALREADY ASSIGNED (E.G., FAMILY MOTION, AMENDED PETITION)

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____ COURT *(FOR CLERK USE ONLY)*: _____

STYLED _____

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| **Name:**<br>Michael B. Knisely | **Email:**<br>mbknisely@ohkdlaw.com | Plaintiff(s)/Petitioner(s):<br><br>James Powell | [X] Attorney for Plaintiff/Petitioner<br>[ ] *Pro Se* Plaintiff/Petitioner<br>[ ] Title IV-D Agency<br>[ ] Other: _____ |
| **Address:**<br>301 Congress Ave., #1910 | **Telephone:**<br>512-542-2000 | Defendant(s)/Respondent(s):<br><br>The Estate of | Additional Parties in Child Support Case:<br><br>Custodial Parent: |
| **City/State/Zip:**<br>Austin, TX 78701 | **Fax:**<br>512-542-2011 | Stella Marie Powell,<br><br>Deceased | Non-Custodial Parent: |
| **Signature:**<br>*/s/ MuBly/* | **State Bar No:**<br>24047367 | [Attach additional page as necessary to list all parties] | Presumed Father: |

## 2. Indicate case type, or identify the most important issue in the case *(select only 1):*

OPTION A: CK CASE TYPE (EXCEPT OTHER) FOR CLERK TO SELECT SUIT TYPE; SEE SEC. 3 NOTE BELOW *Civil* — — — *Family Law*

| | | | | Post-judgment Actions (non-Title IV-D) |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | [ ] Enforcement |
| *Debt/Contract* | [ ] Assault/Battery | [ ] Eminent Domain/ | [ ] Annulment | [ ] Modification—Custody |
| [ ] Consumer/DTPA | [ ] Construction | Condemnation | [ ] Declare Marriage Void | [ ] Modification—Other |
| [ ] Debt/Contract | [ ] Defamation | [ ] Partition | *Divorce* | **Title IV-D** |
| [ ] Fraud/Misrepresentation | *Malpractice* | [ ] Quiet Title | [ ] With Children | [ ] Enforcement/Modification |
| [ ] Other Debt/Contract: | [ ] Accounting | [ ] Trespass to Try Title | [ ] No Children | [ ] Paternity |
| | [ ] Legal | [ ] Other Property: | | [ ] Reciprocals (UIFSA) |
| *Foreclosure* | [ ] Medical | | | [ ] Support Order |
| [ ] Home Equity—Expedited | [ ] Other Professional | | | |
| [ ] Other Foreclosure | Liability: | **Related to Criminal Matters** | **Other Family Law** | **Parent-Child Relationship** |
| [ ] Franchise | | [ ] Expunction | [ ] Enforce Foreign | [ ] Adoption/Adoption with |
| [ ] Insurance | [ ] Motor Vehicle Accident | [ ] Judgment Nisi | Judgment | Termination |
| [ ] Landlord/Tenant | [ ] Premises | [ ] Non-Disclosure | [ ] Habeas Corpus | [ ] Child Protection |
| [ ] Non-Competition | *Product Liability* | [ ] Seizure/Forfeiture | [ ] Name Change | [ ] Child Support |
| [ ] Partnership | [ ] Asbestos/Silica | [ ] Writ of Habeas Corpus— | [ ] Protective Order | [ ] Custody or Visitation |
| [ ] Other Contract: | [ ] Other Product Liability | Pre-indictment | [ ] Removal of Disabilities | [ ] Gestational Parenting |
| | List Product: | [ ] Other: | of Minority | [ ] Grandparent Access |
| OPTION B: CK OTHER & ENTER 3-LETTER | | | [ ] Other: | [ ] Parentage/Paternity |
| SUIT TYPE FOR CLERK TO USE WHEN | [ ] Other Injury or Damage: | | | [ ] Termination of Parental |
| DOCKETING | | | | Rights |
| **Employment** | | **Other Civil** | | [ ] Other Parent-Child: |
| [ ] Discrimination | [ ] Administrative Appeal | [ ] Lawyer Discipline | | |
| [ ] Retaliation | [ ] Antitrust/Unfair | [ ] Perpetuate Testimony | | |
| [ ] Termination | Competition | [ ] Securities/Stock | | |
| [ ] Workers' Compensation | [ ] Code Violations | [ ] Tortious Interference | | |
| [ ] Other Employment: | [ ] Foreign Judgment | [ ] Other: | | |
| | [ ] Intellectual Property | | | |

| **Tax** | *Probate & Mental Health* | | |
|---|---|---|---|
| [ ] Tax Appraisal | *Probate/Wills/Intestate Administration* | [ ] Guardianship—Adult | |
| [ ] Tax Delinquency | [ ] Dependent Administration | [ ] Guardianship—Minor | |
| [ ] Other Tax | [X] Independent Administration | [ ] Mental Health | |
| | [ ] Other Estate Proceedings | [ ] Other: | |

## 3. Indicate procedure or remedy, if applicable *(may select more than 1):*

| | | |
|---|---|---|
| [ ] Appeal from Municipal or Justice Court | [ ] **Declaratory Judgment** | [ ] Prejudgment Remedy |
| [ ] Arbitration-related | [ ] **Garnishment** | [ ] **Protective Order** |
| [ ] Attachment | [ ] **Interpleader** | [ ] **Receiver** |
| [ ] **Bill of Review** | [ ] **License** | [ ] **Sequestration** |
| [ ] Certiorari | [ ] **Mandamus** | [ ] Temporary Restraining Order/**Injunction** |
| [ ] **Class Action** | [ ] Post-judgment | [ ] **Turnover** |

OPTION C: SECTION **3** PROCEDURES/REMEDIES IN **BOLD** MAY BE USED AS CASE OR SUIT TYPES. YOU MAY SPECIFY THAT ONE OF THESE PROCEDURES/REMEDIES BE USED AS A SUIT TYPE BY CHECKING IT AND LEAVING THE CASE TYPE IN SECTION **2** BLANK. SELECTING A CASE TYPE IN SECTION **2** OVERRIDES ANY SELECTION IN SECTION **3**.

Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office o **MAR 0 2 2015**

Dana DeBeauvoir, County Clerk

By Deputy: *M. LIMON*

# Tab D

No. C-1-PB-14-001695

| | | |
|---|---|---|
| ESTATE OF | § | IN THE PROBATE COURT |
| | § | |
| STELLA MARIE POWELL, | § | NUMBER 1 |
| | § | |
| DECEASED | § | TRAVIS COUNTY, TEXAS |

## (1) CONTEST TO APPLICANTS JAMES POWELL AND ALICE HUSEMAN'S APPLICATION FOR DETERMINATION OF HEIRSHIP AND ISSUANCE OF LETTERS OF INDEPENDENT ADMINISTRATION AND (2) COUNTER-APPLICATION TO DETERMINE HEIRSHIP, FOR APPOINTMENT OF DEPENDENT ADMINISTRATOR AND ISSUANCE OF LETTERS OF ADMINISTRATION

Sonemaly Phrasavath ("Counter-Applicant") hereby files this (1) Contest to Applicants Jams Powell and Alice Huseman's Application for Determination of Heirship and Issuance of Letters of Independent Administration and (2) Counter-Application to Determine Heirship, for Appointment of Dependent Administrator and Issuance of Letters of Administration (the "Application") and in support thereof, would show the Court as follows:

1. Counter-Applicant is an individual interested in this estate, domiciled in and residing at 3513 Hillbrook Drive, Austin, Texas 78731.

2. Stella Marie Powell ("Decedent") died on June 21, 2014, in Harris County, Texas, at the age of 53 years.

3. Decedent was domiciled in Austin, Travis County, on the date of death.

4. Decedent owned real and personal property, generally described as a house, other real property, and personal effects having a total probable value in excess of $250,000.

5. Decedent was in a common law or informal marital relationship with Counter-Applicant at the time of her death. Decedent was otherwise never married.

6. No children were born to or adopted by Decedent.

7. Counter-Applicant is interested in the estate of Decedent as an intestate heir.

1

I, Dana DeBeauvoir County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on MAR 0 2 2015



8. To the best of Counter-Applicant's knowledge, Decedent died intestate.

9. The names, ages, marital status, and residences of all of Decedent's heirs, the relationship of each heir to Decedent, and the true interest of the Counter-Applicant and each of the heirs in the estate of Decedent are as follows:

| Name and Residence | Age, Marital Status and Relationship to Decedent | Share and True Interest |
|---|---|---|
| Sonemaly Phrasavath 3513 Hillbrook Drive Austin, Texas 78731 | 40 years, Married, Wife | 1/2 of Decedent's separate real property; all separate personal property; all community property |
| Alice Powell 219 Red Poppy Trail Georgetown, Texas 78628 | 92 years, Single, Mother | 1/4 separate real property |
| Alice Huseman 223 Oleander Avenue Corpus Christi, Texas 78404 | 67 years, Married, Sister | 1/12 separate real property |
| James Powell 715 West Avenue Austin, Texas 78701 | 64 years, Single, Brother | 1/12 separate real property |
| Bryan Powell 219 Red Poppy Trail Georgetown, Texas 78628 | 59 years, Single, Brother | 1/12 separate real property |

10. Each marriage, if any, of the Decedent and all children, if any, born to or adopted by Decedent have been listed in this Application.

11. A necessity exists for the administration of this estate in order to pay debts and expenses of this estate, to collect estate assets, and for other reasons sufficient in law to constitute a necessity for administration.

2


I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office Witness my hand and seal of office on MAR 0 2 2015

Dana DeBeauvoir, County Clerk

By Deputy: M. LIMON

12. It is in the best interest of this estate and the Decedent's heirs for the Court to enter an order declaring Decedent's heirs, creating a dependent administration of Decedent's estate, and appointing Counter-Applicant as Dependent Administrator.

13. Counter-Applicant is qualified and not disqualified by law from accepting letters of administration.

14. There is no need for the appointment of appraisers.

15. This application has been brought in good faith and for just cause.

### Contest

16. On September 18, 2014, James Powell and Alice Huseman ("Applicants") filed their Application for Determination of Heirship and Issuance of Letters of Independent Administration in this cause ("Applicants' Application"), alleging different intestate heirs for the Decedent, and denying Counter-Applicant's marital status to Decedent. Counter-Applicant contests Applicants' Application, demands strict proof of all allegations contained therein, and requests the Court to deny the relief requested by Applicants.

WHEREFORE, PREMISES CONSIDERED, Counter-Applicant requests that citation be issued as required by law to all persons interested in this estate in the manner required by law; that the Court determine Decedent's heirs and distributees; that the Court appoint an attorney ad litem to represent the interests of Decedent's unknown heirs; that the Court deny the relief requested by Applicants in Applicants' Application; that the Court create a dependent administration of this estate and appoint Counter-Applicant as dependent administrator; that letters of administration be issued to Applicant, that no other action be had in the probate court in relation to the settlement of Decedent's estate other than the return of an inventory, appraisement

3


I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on

Dana DeBeauvoir, County Clerk  MAR 0 2 2015
By Deputy:

M. LIMON

and list of claims of the Decedent's estate; that no appraisers be appointed; and that such other and further orders be entered as the Court deems proper.

Respectfully submitted,

**HOPPER MIKESKA, PLLC**

By: _____

CRAIG HOPPER
State Bar No. 00794947
BRIAN T. THOMPSON
State Bar No. 24051425
chopper@hoppermikeska.com
bthompson@hoppermikeska.com

400 W. 15th Street, Suite 408
Austin, Texas 78701
(512) 615-6195 Telephone
(512) 615-6194 Fax

ATTORNEYS FOR COUNTER-APPLICANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading has been served on the following counsel of record on this 18th day of September, 2014, in accordance with Rule 21a of the Texas Rules of Civil Procedure, either electronically through an electronic filing manager, or non-electronically via hand-delivery, e-mail, facsimile, or mail (first class or certified):

Michael B. Knisely
Jason S. Scott
Osborne, Helman, Knebel, DeLeery, L.L.P.
301 Congress Avenue, Suite 1910
Austin, Texas 78701
(512) 542-2011 (fax)

_____
Brian T. Thompson

4

I, Dana DeBeauvoir County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on **MAR 0 2 2015**

Dana DeBeauvoir, County Clerk
By Deputy: M. LIMON

<u>**Verification**</u>

**THE STATE OF TXAS**              §
                                   §
**COUNTY OF TRAVIS**               §


        BEFORE ME, the undersigned notary public, personally appeared Sonemaly Phrasavath, known to me to be the person whose name is subscribed below to this verification of the above and foregoing Application, and on her oath, stated that such contains a correct and complete statement of the matters to which it relates and all the contents thereof are within her personal knowledge and are true, complete and correct.

Sonemaly Phrasavath

SWORN TO and subscribed before me on September 18, 2014.

KAREN BARKER
Notary Public, State of Texas
My Commission Expires
September 18, 2018

Notary Public, State of Texas

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on

MAR 0 2 2015

Dana DeBeauvoir, County Clerk

By Deputy:

M. LIMON

# Tab E

Filed: 10/15/2014 10:43:13 AM
Dana DeBeauvoir
Travis County Clerk
C-1-PB-14-001695
Debbie Mendez

Cause No. C-1-PB-14-001695

| | | |
|---|---|---|
| ESTATE OF | § | IN THE PROBATE COURT |
| | § | |
| STELLA MARIE POWELL, | § | NUMBER ONE OF |
| | § | |
| DECEASED | § | TRAVIS COUNTY, TEXAS |

APPLICANTS JAMES POWELL AND ALICE HUSEMAN'S
SPECIAL EXCEPTIONS TO, AND MOTION TO DISMISS,
SONEMALY PHRASAVATH'S (1) CONTEST TO APPLICANTS'
APPLICATION FOR DETERMINATION OF HEIRSHIP AND ISSUANCE OF
LETTERS OF INDEPENDENT ADMINISTRATION AND (2) COUNTERAPPLICATION
TO DETERMINE HEIRSHIP, FOR APPOINTMENT OF DEPENDENT
ADMINISTRATOR AND ISSUANCE OF LETTERS OF ADMINISTRATION

TO THE HONORABLE JUDGE OF SAID COURT:

James Powell and Alice Huseman ("Applicants") file this, their Special Exceptions to, and Motion to Dismiss, Sonemaly Phrasavath's (1) Contest to Applicants' Application for Determination of Letters of Independent Administration and (2) Counterapplication to Determine Heirship, For Appointment of Dependent Administrator and Issuance of Letters of Administration (the "Counter-Application"), and would respectfully show the Court as follows:

### I. Introduction

1.1     Applicant James Powell is a surviving brother of Stella Marie Powell ("Decedent"); Applicant Alice Huseman is the surviving sister of Decedent. Applicants filed an Application for Determination of Heirship and Issuance of Letters of Independent Administration regarding the Decedent's estate. In response, Sonemaly Phrasavath filed her Counter-Application, claiming that



1


I, Dana DeBeauvoir County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office Witness my hand and seal of office on

Dana DeBeauvoir, County Clerk MAR 0 2 2015
By Deputy:

M. LIMON

she was in a same-sex, informal marriage with the Decedent, and that she is therefore an intestate heir of the Decedent. The Counter-Application has numerous legal defects that, ultimately, cannot be cured, as set out below.

## II. Special Exceptions

2.1    Pursuant to Texas Rule of Civil Procedure 91, a party may specially except to another party's pleading to point out defects in that pleading. Tex. R. Civ. P. 91. The purpose of special exceptions is to inform the opposing party of defects in her pleadings so she can cure them, if possible, by amendment. *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 897 (Tex. 2000). Special exceptions are appropriate to challenge a party's failure to state a cause of action or to establish that there is no right to the relief sought. *Parker v. Barefield*, 206 S.W.3d 119, 120 (Tex. 2006); *Ross v. Goldstein*, 203 S.W.3d 508, 512 (Tex. App.—Houston [14th Dist.] 2006, no pet.). If a party's claim for relief is not permitted by law, an opposing party may file special exceptions and a motion to dismiss. *See Ross v. Goldstein*, 203 S.W.3d at 512; *Wayne Duddlesten, Inc. v. Highland Ins.*, 110 S.W.3d 85, 96-97 (Tex. App.—Houston [1st Dist.] 2003, pet. denied).

2.2    Applicants assert the following special exceptions to the Counter-Application:

(a)    Applicants specially except to paragraph 3 of the Counter-Application on the grounds that Contestant's allegation of a same-sex common law or informal marriage contained therein is not permitted by Texas law. TX CONST. art. I, §32; TEX. FAM. CODE ANN. §§ 2.401, 6.204(b), (c); *Ross v. Goldstein*, 203 S.W.3d at 514.

2

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on MAR 0 2 2015

Dana DeBeauvoir, County Clerk
By Deputy:
M. LIMON

(b) Applicants specially except to paragraph 7 of the Counter-Application on the grounds that, under Texas law, Contestant cannot be an intestate heir as claimed therein, because same-sex common law or informal marriage is not permitted by Texas law. TX CONST. art. I, §32; TEX. FAM. CODE ANN. §§ 2.401, 6.204(b), (c).; *Ross v. Goldstein*, 203 S.W.3d at 514.[1]

(c) Applicants specially except to paragraph 9 of the Counter-Application on the grounds that, under Texas law, Contestant cannot be an intestate heir as claimed therein, because same-sex common law or informal marriage is not permitted by Texas law. TX CONST. art. I, §32; TEX. FAM. CODE ANN. §§ 2.401, 6.204(b), (c); *Ross v. Goldstein*, 203 S.W.3d at 514.

(d) Applicants specially except to paragraph 10 of the Counter-Application on the grounds that Contestant's allegation of a same-sex common law or informal marriage referenced therein is not permitted by Texas law. TX CONST. art. I, §32; TEX. FAM. CODE ANN. §§ 2.401, 6.204(b), (c); *Ross v. Goldstein*, 203 S.W.3d at 514.

---

[1] According to Texas Family Code Section 6.204(c), the state or an agency or political subdivision of the state may not give effect to any public act, record, or judicial proceeding that creates, recognizes, or validates a marriage between persons of the same sex, nor may it give effect to any right or claim to any legal protection, benefit, or responsibility asserted as a result of a marriage between persons of the same sex. Texas has determined that same-sex couples must address post-death conveyances through other legal vehicles, such as contracts or testamentary transfers. *See* Tex. H.R.J. Res. 6, § 2, 79th Leg., R.S. (2005) ("This state recognizes that through the designation of guardians, the appointment of agents, and the use of private contracts, persons may adequately and properly appoint guardians and arrange rights relating to hospital visitation, property, and the entitlement to proceeds of life insurance policies without the existence of any legal status identical or similar to marriage.").

3

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on

MAR 0 2 2015

Dana DeBeauvoir, County Clerk
By Deputy:

M. LIMON

### III. Motion to Dismiss

3.1    As noted above, if a party's claim for relief is not permitted by law, an opposing party may file special exceptions and a motion to dismiss. *See Wayne Duddlesten, Inc. v. Highland Ins.*, 110 S.W.3d at 96-97. A court should dismiss a party's claims if the party does not, or cannot, replead after the court sustains special exceptions to the pleading at issue. *See, e.g., Baca v. Sanchez*, 172 S.W.3d 93, 97 (Tex. App.—El Paso 2005, no pet.).

3.2    Although Contestant must be allowed the opportunity to replead if the special exceptions are granted, Applicants contend that there are no circumstances under which her allegation that she has intestacy rights based on an informal, same-sex marriage would entitle her to relief. *See, e.g., Ross v. Goldstein*, 203 S.W.3d at 514. Accordingly, if Contestant fails to replead so as to assert a right to relief recognized by Texas law, this Court should dismiss her Counter-Application.

WHEREFORE, Applicants pray that the Court: set their special exceptions for hearing; after the hearing, sustain their special exceptions and order Sonemaly Phrasavath to replead and cure her pleading defects; if Sonemaly Phrasavath does not cure those defects in the allotted time, strike those defective portions of her pleading and dismiss her counter-application and contest; and that it grant such other and further relief to which the Applicants have shown themselves entitled.

4

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on **MAR 0 2 2015**

Dana DeBeauvoir, County Clerk
By Deputy:



M. LIMON

Respectfully submitted,

OSBORNE, HELMAN,
KNEBEL & DELEERY, L.L.P.
301 Congress Avenue, Suite 1910
Austin, Texas 78701
Telephone: (512) 542-2002
Telecopier: (512) 542-2011

By: _____

    MICHAEL B. KNISELY
    State Bar No. 24047367
    mbknisely@ohkdlaw.com
    JASON S. SCOTT
    State Bar No. 24029228
    jsscott@ohkdlaw.com

ATTORNEYS FOR APPLICANTS

I, Dana DeBeauvoir, County Clerk, Travis County,
Texas, do hereby certify that this is a true and
correct copy as same appears of record in my office
Witness my hand and seal of office on

Dana DeBeauvoir, County Clerk MAR 0 2 2015
By Deputy:



M. LIMON

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing has this 15th day of October, 2014, been sent to the following:

Craig Hopper                                    *Via Facsimile*
Brian T. Thompson
Hopper Mikeska, PLLC
400 W. 15th Street, Suite 408
Austin, Texas 78701
(512) 615-6194 (fax)
*Counsel for Sonemaly Phrasavath*


Lorin Hayes                                     *Via Facsimile*
The Law Offices of Douglas A. Booth, P.C.
3801 South Capital of Texas Highway, Suite 255
Austin, TX 78704
(512) 478-4926
*Attorney ad litem*

_____
Michael B. Knisely

6

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office **MAR 0 2 2015**

Dana DeBeauvoir, County Clerk
By Deputy

M. LIMON

# Tab F

Filed: 11/7/2014 9:44:36 AM
Dana DeBeauvoir
Travis County Clerk
C-1-PB-14-001695
Connie Arzola

No. C-1-PB-14-001695

| | | |
|---|---|---|
| **ESTATE OF** | § | **IN THE PROBATE COURT** |
| | § | |
| **STELLA MARIE POWELL,** | § | **NUMBER 1** |
| | § | |
| **DECEASED** | § | **TRAVIS COUNTY, TEXAS** |

## SONEMALY PHRASAVATH'S SUPPLEMENTAL RESPONSE TO SPECIAL EXCEPTIONS AND MOTION TO DISMISS AND MOTION FOR CONTINUANCE

Sonemaly Phrasavath ("Sonemaly") hereby files this Supplemental Response to the Special Exceptions and Motion to Dismiss filed by James Powell and Alice Huseman, and in support thereof, Sonemaly would show the Court the following:

Literally minutes before Sonemaly filed her Response to the Special Exceptions and Motion to Dismiss filed by James Powell and Alice Huseman, which gives an exhaustive compilation of all reported, post-*Windsor* cases to have entertained a challenge to state laws banning same-sex marriage, the Sixth Circuit issued its opinion in *DeBoer v. Snyder*, No. 14-1241 (6th Cir., November 6, 2014). In *DeBoer*, the Sixth Circuit, in a 2-1 decision, became the first U.S. Circuit Court of Appeals to uphold state bans on same-sex marriage and bucked the clear trend of courts, including four other U.S. Circuit Courts of Appeals, who have struck down such bans since *Windsor*. Therefore, Sonemaly's statement in her original response that "since *Windsor* no circuit court of appeals has upheld such a ban" is no longer accurate and Sonemaly files this supplemental response to update the Court on this very recent development.

1


000382285


I, Dana DeBeauvoir, County Clerk, Travis County,
Texas, do hereby certify that this is a true MAR 0 2 2015
correct copy as same appears of record in March
Witness my hand and seal of office on

Dana DeBeauvoir, County Clerk
By Deputy: M. LIMON

Respectfully submitted,

**HOPPER MIKESKA, PLLC**

By: _____

CRAIG HOPPER
State Bar No. 00794947
BRIAN T. THOMPSON
State Bar No. 24051425
chopper@hoppermikeska.com
bthompson@hoppermikeska.com

400 W. 15th Street, Suite 408
Austin, Texas 78701
(512) 615-6195 Telephone
(512) 615-6194 Fax

ATTORNEYS FOR COUNTER-APPLICANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading has been served on the following counsel of record on this 7th day of November, 2014, in accordance with Rule 21a of the Texas Rules of Civil Procedure, either electronically through an electronic filing manager, or non-electronically via hand-delivery, e-mail, facsimile, or mail (first class or certified):

Michael B. Knisely
Jason S. Scott
Osborne, Helman, Knebel, DeLeery, L.L.P.
301 Congress Avenue, Suite 1910
Austin, Texas 78701
(512) 542-2011 (fax)

Lorin Hayes
Law Offices of Douglas A. Booth, P.C.
3801 S. Capital of Texas Highway, Suite 255
Austin, Texas 78704
(512) 478-4926 (fax)

_____
Brian T. Thompson

2

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on MAR 0 2 2015

Dana DeBeauvoir, County Clerk
By Deputy: M. LIMON

# Tab G

Filed: 2/17/2015 8:05:22 AM
Dana DeBeauvoir
Travis County Clerk
C-1-PB-14-001695
Julie Montoya

Cause No. C-1-PB-14-001695

| ESTATE OF | § | IN THE PROBATE COURT |
|---|---|---|
| | § | |
| STELLA MARIE POWELL, | § | NUMBER ONE OF |
| | § | |
| DECEASED | § | TRAVIS COUNTY, TEXAS |

## APPLICANTS JAMES POWELL AND ALICE HUSEMAN'S BRIEF IN SUPPORT OF THEIR SPECIAL EXCEPTIONS AND MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

James Powell and Alice Huseman ("Applicants") file this, their Brief in Support of Their Special Exceptions and Motion to Dismiss, and would respectfully show the Court as follows:

### I. Background

1.1     Applicant James Powell is a surviving brother of Stella Marie Powell ("Decedent"); Applicant Alice Huseman is the surviving sister of Decedent. Applicants filed an Application for Determination of Heirship and Issuance of Letters of Independent Administration regarding Decedent's estate. In response, Sonemaly Phrasavath ("Contestant") filed a Counter-Application, claiming that she was in a same-sex, informal marriage with Decedent, and that she is therefore an intestate heir of Decedent.

1.2     The Counter-Application has numerous legal defects that, under current Texas law, cannot be cured, as set out in the Applicants' Special Exceptions and Motion to Dismiss ("Special Exceptions"). Namely, as described in the Special Exceptions, Texas law does not allow a party to

1

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office Witness my hand and seal of office on

Dana DeBeauvoir, County Clerk MAR 0 2 2015

M. LIMON

000406991

try and prove a common law or informal same-sex marriage because Texas law does not and did not at any pertinent time allow any iteration of same-sex marriage.

1.3  As submitted to the Court by the Attorney ad Litem in this case – in a report filed on November 24, 2014 – Decedent passed away without a will, and because Stella Marie Powell was never legally married, her only heirs at law are her surviving siblings and her mother. *See* Report of Attorney ad Litem at 2.

1.4  In response to the Special Exceptions, Contestant filed a form entitled "Constitutional Challenge to a State Statute," and a Response to the Applicants' Special Exceptions. The Contestant's pleading makes numerous factual assertions in response to the points of law presented in Applicants' Special Exceptions and it serves as a brief in support of her constitutional challenge.

1.5  A hearing was held on November 12, 2014 in front of Judge Prashner, at which the Court determined that it needed to allow the Texas Attorney General's office the opportunity to weigh in on the Contestant's constitutional challenge pursuant to Section 402.010 of the Texas Government Code. Accordingly, the hearing on the Special Exceptions was continued and no substantive issues were determined by the Court.[1]

1.6  Per correspondence from Court staff, the Court notified the Attorney General's office of the constitutional challenge – as required by statute – on November 12, 2014.

---

[1] A temporary administrator for the estate was appointed at the November 12, 2014 hearing.

2

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on **MAR 0 2 2015**

Dana DeBeauvoir, County Clerk
By Deputy: M. LIMON

1.7 On January 29, 2015, a representative of the Texas Attorney General's office sent an email indicating that his office would not be seeking active involvement in this case. The email specifically stated that the decision not to intervene "should not be construed, in any way, as a negative comment on the Constitutional viability of the statutes at issue." A copy of the email is attached hereto as Exhibit "A."

1.8 Contestant has now set Applicants' Special Exceptions for hearing on February 17, 2015 at 2:00 pm.

1.9 In anticipation of the hearing, Applicants submit this brief in support of their Special Exceptions.

## II. Argument

2.1 Contestant's response to Applicants' Special Exceptions capitulates that existing Texas law does not create a right to relief for her in this context. Rather than arguing that point, the response directly and facially challenges the constitutionality of Texas' various laws regarding same-sex marriage. Specifically, Contestant seeks an order from this Court determining that Texas Family Code Sections 2.401 and 6.204 and Article I, Section 32 of the Texas Constitution are unconstitutional under the United States Constitution. Upon a finding that said laws are unconstitutional, Contestant seeks the opportunity to try and prove that she and Decedent were informally married and presumes that same-sex marriage was a legally viable concept during the time of Contestant's relationship with Decedent. Contestant thusly seeks to establish that she is an intestate heir of Ms. Powell's estate.

3

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on MAR 0 2 2015

Dana DeBeauvoir, County Clerk

By Deputy: M. LIMON

**A.     Applicants are not taking any position regarding the constitutionality of Texas' ban on same-sex marriage.**

2.2     The Applicants are not taking a position on the constitutionality of Texas' ban on same-sex marriage.  Moreover, they do not need to take such a position to establish that their Special Exceptions should be granted, as set out below.

**B.     Even if same-sex marriage were legal in Texas, Contestant could not, as a legal or practical matter, establish one of the elements necessary to show she was informally married to Decedent.**

2.3     The Texas Family Code provides the criteria for establishing an informal marriage between a man and a woman in Texas. *See* TEX. FAM. CODE ANN. § 2.401. Assuming, for sake of argument, that the Court determined that a same-sex informal marriage could exist and that Contestant should be allowed to attempt to prove she was a party to such a marriage with Decedent, Contestant could not establish one of the essential elements of such a claim.

2.4     The three elements of an informal marriage are: (1) an agreement to be married; (2) after the agreement, living together in Texas as husband and wife [for sake of argument, substitute "as a married couple" in this context]; and (3) representing to others in Texas that they are married. *Russell v. Russell*, 865 S.W.2d 929, 932 (Tex.1993).  A common-law marriage does not exist until the concurrence of all three elements. *Winfield v. Renfro*, 821 S.W.2d 640, 645 (Tex.App.-Houston [1st Dist.] 1991, writ denied).  The burden of proof is on the party seeking to establish the existence of such a marriage. *State v. Mireles*, 904 S.W.2d 885, 888 (Tex. App.—Corpus Christi 1995, pet. ref'd).

4



I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office. **MAR 0 2 2015**

Dana DeBeauvoir, County Clerk

By Deputy:

M. LIMON

2.5     The statutory requirement of "representation to others" is synonymous with the judicial requirement of "holding out to the public." *Eris v. Phares*, 39 S.W.3d 708, 714-15 (Tex.App.-Houston [1st Dist.] 2001, pet. denied). *Id.* at 715. Occasional introductions as husband and wife do not establish the element of holding out. *Id.* (citing *Winfield*, 821 S.W.2d at 651).

2.6     If "holding out" is a necessary element of establishing an informal marriage, that element cannot be met in a situation where, as here, the parties were allegedly holding themselves out as something that did not exist.

2.7     An analogous situation arose in the case of *Farrell v. Farrell*, --- S.W.3d ----, 2015 WL 364093 (Tex. App.—El Paso 2015, no pet. h.). In that case, the parties attempted to establish a Texas common law or informal marriage in part based on time they spent living together in New Mexico. As the Court pointed out, a problem with their argument was that New Mexico does not recognize common law marriage. Thus, the Court determined that there could be no common law marriage established based on the time they spent together in New Mexico. *See id.* at 2.

2.8     Here, in order for Contestant and Decedent to have held themselves out as married, those witnessing the holding out would have needed to understand it to be a legally viable possibility. Similar to a couple holding themselves out as married as common law spouses in New Mexico, a same-sex couple in Texas (at least while Stella Marie Powell was alive) could not be understood by others to be legally married because the applicable law at the time did not permit such a marriage.

5

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office Witness my hand and seal of office o MAR 0 2 2015

Dana DeBeauvoir, County Clerk
By Deputy:



M. LIMON

2.9     Moreover, although the hearing on the Special Exceptions is not an evidentiary proceeding, and though it has not been established that Contestant may even legally attempt to prove an informal marriage, it is worth noting that, on December 31 2012, the Decedent filed a sworn pleading in bankruptcy court indicating that she was not married. *See* Exhibit "B" at p.1, p.2, Exhibit D, Schedule I, and Statement of Financial Affairs, No. 16 (highlighted portions). That sworn pleading was filed after 2008, when Contestant claims she and Decedent were married. *See* Response at 2.

**C.     This case is different from the *DeLeon* case.**

2.10    Contestant's constitutional arguments rely in large part on the Western District of Texas' decision in the *DeLeon* case, which was decided in 2014 and which was argued to the United States Court of Appeals for the Fifth Circuit earlier this year. *See De Leon v. Perry*, 975 F.Supp.2d 632 (W.D.Tex.2014). However, the present case is distinguishable from *DeLeon* case for several important reasons.

2.11    First, the *DeLeon* case is distinguishable on its facts. That case involved two couples: one seeking to procure a Texas marriage license and one seeking to challenge Texas' refusal to recognize an otherwise valid marriage effectuated in Massachusetts. *See id.*

2.12    Both couples in *DeLeon* were asserting that they had a right to legal validation of their unions through the recognition of the marriages by the government. As the Court specifically noted in *DeLeon*, "[m]arriage involves one of the most intimate and personal choices a person may

6

I Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office on **MAR 0 2 2015**

Witness my hand and seal of office on

Dana DeBeauvoir, County Clerk

By Deputy:

M. LIMON

make *in a lifetime.*" *Id.* at 658 (emphasis added) (quoting *Planned Parenthood v. Casey*, 505 U.S. 833, 851, 112 S.Ct. 2791, 120 L.Ed.2d 674 (1992)).

2.13    Contestant's Response presumes the existence of a valid marriage. However, what she is actually seeking is the right to try and prove, retroactively, the existence of an informal marriage at a time and place when a valid marriage could not have existed. Unlike in *De Leon*, in which both parties were present to ask for government recognition of their union, in this case both parties are not before the Court. The question facing the Court in this case is not whether the decision by two people to marry during their lifetime must now be recognized by the State of Texas.

2.14    Second, the *DeLeon* case is distinguishable because it involved different legal issues: the equal protection challenge and due process challenge raised in *DeLeon* were based on the fact that the State of Texas refused to allow one couple to marry, and refused to recognize the out-of-state marriage of another couple. Here, the legal issue is necessarily different because this is a case that is inherently about property rights. The closest to an on point case that the Applicants have identified is the Texas Court of Appeals' decision in *Ross v. Goldstein*, 203 S.W.3d 508, 512 (Tex. App.—Houston [14th Dist.] 2006, no pet.). That case was an estate proceeding in which the same-sex partner of the decedent brought claims against the administrator of the estate, seeking an interest in the estate based on a "marriage-like" doctrine. The Court of Appeals rejected the arguments that the same-sex partner had an interest in the estate. *Id.* at 514.

2.15    Citing to Texas law and public policy, the Court stated that "Texas has determined that same-sex couples must address their particular desires through other legal vehicles such as

7

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on **MAR 0 2 2015**

Dana DeBeauvoir, County Clerk
By Deputy:



M. LIMON

contracts or testamentary transfers. *See* Tex. H.R.J. Res. 6, § 2, 79th Leg., R.S. (2005) ("This state recognizes that through the designation of guardians, the appointment of agents, and the use of private contracts, persons may adequately and properly appoint guardians and arrange rights relating to hospital visitation, property, and the entitlement to proceeds of life insurance policies without the existence of any legal status identical or similar to marriage.')." *Id.* at 514.

2.16 The present case is more like *Goldstein* than *DeLeon*, in that here a party is seeking to enforce a putative right to entitlement to property, and not legal recognition of a right to choose to marry during the parties' lifetimes. As the *Goldstein* opinion recognized, Texas law allows for measures for the conveyance of property rights post-death, regardless of sexual orientation or marital status. Indeed, as most practitioners in Texas know, there is a specialized field of estate planning for same-sex partners given this State's current laws. Contestant here, however, is seeking a retroactive validation of an informal same-sex marriage in order to retroactively establish a property interest that could have been but was not created in accordance with Texas law.

2.17 Previously, Contestant's counsel has argued that this case is not about property rights, but rather it is about the inherent right to marry. However, like most estate administration proceedings, a case to determine heirship rights is an *in rem* proceeding. *See, e.g., Guajardo v. Chavana*, 762 S.W.2d 683, 685 (Tex.App.–San Antonio 1988, writ denied). As one Texas court has noted:

> The object [of an in rem proceeding] is to determine the status or condition of the property (res), and the proceeding is not concerned explicitly with the determination of personal rights or liabilities....

8

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on

Dana DeBeauvoir, County Clerk MAR-0 2 2015

By Deputy:

M. LIMON

*In re Bank of America, N.A.*, 2003 WL 22310800, *2 (Tex. App.—Houston [1st Dist.] October 9, 2003, orig. proceeding) (citing and quoting Roy McDonald & Elaine Carlson, Texas Civil Practice §§ 4:7, 413 (1992)). By its nature, this is therefore a case about property rights, which makes it distinguishable from *DeLeon*. Furthermore, the *DeLeon* court explicitly stayed its ruling – meaning that Texas' laws regarding same-sex marriage, whether rightly or wrongly, are still applicable. *Id.* at 666.

2.18    Moreover, this case is also distinguishable from every case cited by Contestant in her briefing to the Court. It is different because none of the cited cases involves a party seeking to establish, for the first time after one member of a same-sex couple had died, that there is a constitutional right to retroactively establish a marriage that was not already otherwise legally recognized. *See* Response at 6-12. Applicants were unable to find any judicial decision addressing the constitutionality of informal or common law same-sex marriage in the probate context.

**D.    A determination that, constitutionally, informal same-sex marriages should be retroactively established may lead to unintended consequences in the probate context.**

2.19    As a practical matter, if Texas' ban on informal same-sex marriages were found unconstitutional, effective retroactively, the potential impact on pending, closed, or never-opened estates could be undesirable for policy reasons. For example, in currently pending (or perhaps even closed) estates, a determination that same-sex informal marriages can exist in Texas and that they should be retroactively recognized could allow parties now to go back and claim entitlement to a family allowance or exempt property under Texas Estates Code Chapter 353. Valid estate plans could be "undone" in favor of a same-sex partner claiming a right to an interest in the decedent's

9



I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on **MAR 0 2 2015**

Dana DeBeauvoir, County Clerk
By Deputy: M. LIMON

estate. This Court is well situated to contemplate the potential widespread implications of the decision Contestant is asking it to make.

### E.  Contestant cannot meet her burden in this context.

2.20  Although, as noted above, Applicants are not taking a position on the constitutionality of Texas' ban on same-sex marriage, it should be pointed out that Contestant has a heavy, if not impossible, burden in this context. When addressing constitutional challenges, Texas courts begin with the premise that a statute must be interpreted, when possible, in a manner that renders it constitutional. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 873 (Tex. 2000); *In re S.N.*, 287 S.W.3d 183, 193–94 (Tex. App.—Houston [14th Dist.] 2009, no pet.). Indeed, this Court must begin its assessment of a constitutional challenge with a presumption that a statute is valid. *See Tenet Hospitals Ltd. v. Rivera*, 445 S.W.3d 698, 701 (Tex. 2014).

2.21  Facial challenges are the most difficult challenges to mount because "the challenger must establish that no set of circumstances exists under which the statute will be valid." *Santikos v. State*, 836 S.W.2d 631, 633 (Tex. Crim. App. 1992). In other words, a party raising a facial challenge must demonstrate that the statute always operates unconstitutionally. *Neeley v. West Orange–Cove Consol. Indep. Sch. Dist.*, 176 S.W.3d 746, 814 n. 94 (Tex. 2005); *Wilson v. Andrews*, 10 S.W.3d 663, 670 (Tex. 1999).

2.22  Furthermore, just because a statute might operate unconstitutionally under some conceivable set of circumstances is insufficient to render it wholly invalid. *M.C. v. Texas Dept. of Fam. & Prot. Svc.*, 300 S.W.3d 305, 314 (Tex. App.—El Paso 2009, pet. denied). (quoting *United*

10

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on

Dana DeBeauvoir, County C MAR 0-2 2015
By Deputy:
M. LIMON

*States v. Salerno*, 481 U.S. 739, 745, 107 S.Ct. 2095, 2100, 95 L.Ed.2d 697 (1987)). Instead, a party seeking to invalidate a statute must establish that every application of the statute violates the constitution. *Id.* (citing *Nootsie, Ltd. v. Williamson Co. Appraisal Dist.*, 925 S.W.2d 659, 663 (Tex.1996)).

2.23    In *DeLeon*, the Court found that Texas law denied the Plaintiffs' access to the institution of marriage and its numerous rights, privileges and responsibilities in violation of their equal protection and due process rights. *De Leon v. Perry*, 975 F.Supp.2d at 666. Conceivably, however, Texas law could be changed to allow all citizens, including same-sex couples, the right to marry and yet not afford Contestant the relief she seeks.

2.24    There are only a small number of states that currently recognize common law or informal marriages, and there is a great deal of variation in those states' laws regarding such marriages. For example, in Colorado, common law marriages are only recognized if they were established on or after September 1, 2006. *See* Colo. Stat. §14-2-109.5. In Pennsylvania, on the other hand, no common law marriage putatively entered into after January 1, 2005 is recognized, but such marriages entered into prior to that date are considered valid. *See* Pa. Cons. Stat. Ann. tit. 23, § 1103. Texas law could be changed to address all of the alleged Constitutional infringements resulting from Texas' ban on gay marriage – including, for example, allowing informal same-sex common law marriage prospectively – without recognizing retrospective relief in this context.

11

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on MAR 0 2 2015

Dana DeBeauvoir, County Clerk
By Deputy:
M. LIMON

## III. Conclusion

3.1    For the reasons discussed above, Applicants assert that their Special Exceptions should be granted.

WHEREFORE, Applicants pray that the Court: sustain their special exceptions and order Sonemaly Phrasavath to replead and cure her pleading defects; if Sonemaly Phrasavath does not cure those defects in the allotted time, strike those defective portions of her pleading and dismiss her counter-application and contest; and that it grant such other and further relief to which the Applicants have shown themselves entitled.

Respectfully submitted,

OSBORNE, HELMAN,
KNEBEL & SCOTT, L.L.P.
301 Congress Avenue, Suite 1910
Austin, Texas 78701
Telephone: (512) 542-2002
Telecopier: (512) 542-2011

By:  _UMh B Uy_____
    MICHAEL B. KNISELY
    State Bar No. 24047367
    mbknisely@ohkslaw.com
    JASON S. SCOTT
    State Bar No. 24029228
    jsscott@ohkslaw.com

ATTORNEYS FOR APPLICANTS

12

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on

Dana DeBeauvoir, County Clerk  MAR 0 2 2015
By Deputy:

M. LIMON

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing has this 17th day of February, 2014, been sent to the following:

Craig Hopper                                             *Via Facsimile*
Brian T. Thompson
Hopper Mikeska, PLLC
400 W. 15th Street, Suite 408
Austin, Texas 78701
(512) 615-6194 (fax)
*Counsel for Sonemaly Phrasavath*

Lorin Hayes                                              *Via Facsimile*
The Law Offices of Douglas A. Booth, P.C.
3801 South Capital of Texas Highway, Suite 255
Austin, TX 78704
(512) 478-4926
*Attorney ad litem*

John Crane                                               *Via facsimile*
Law Offices of John A. Crane, P.L.L.C.
4425 MoPac South
Building II, Suite 204
Austin, Texas 78735
*Temporary Administrator*

_Michael B. Knisely_

13

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record. Witness my hand and seal of office on MAR 02 2015

Dana DeBeauvoir, County Clerk
By Deputy:

M. LIMON

## Michael B. Knisely

**From:** Dower, Benjamin <Benjamin.Dower@texasattorneygeneral.gov>
**Sent:** Thursday, January 29, 2015 5:48 PM
**To:** Brian Thompson
**Cc:** const_claims; Michael B. Knisely; emily.meisgeier@co.travis.tx.us
**Subject:** RE: Notice of Hearing

While "alt-S" is my keyboard shortcut for § in Microsoft Word, apparently in Microsoft Outlook it just sends your email. Lesson learned. If you'll just disregard the prior email, which was sent before it was finished (hence the lack of signature), this is the complete message:

**RE: *State of Stella Marie Powell, Deceased*, Cause No. C-1-PB-14-001695, In Probate Court Number 1, Travis County, Texas**

Dear Brian Thompson,

Thank you for providing the Office of the Attorney General of Texas with notice regarding the constitutional challenge to Texas Family Code § 2.401, Texas Family Code § 6.204(b), and Article I, § 32 of the Texas Constitution in the above-styled case. At this time, the Office of the Attorney General of Texas has decided not to seek direct involvement in this case. This decision should not be construed, in any way, as a negative comment on the Constitutional viability of the statutes at issue.

Although the Office of the Attorney General of Texas has decided not to intervene at the present time, we respectfully ask that—if there is a ruling on the constitutionality of the statutes in question and that ruling is appealed—you please send the relevant notice and subsequent pleadings to this office. Similarly, if the party bringing the constitutional challenge later amends that challenge or any party adds a new constitutional challenge, please send those pleadings to this office. We appreciate your ongoing assistance.


Yours with respect,

Benjamin L. Dower
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
512.475.4078 (direct)
512.320.0667 (fax)
benjamin.dower@texasattorneygeneral.gov

ATTORNEY-CLIENT PRIVILEGED: This is a confidential communication and intended for the addressee(s) only. Any unauthorized interception or disclosure of this transmission is prohibited. If you are not the intended recipient of this message, please notify the sender and destroy this and all copies of this communication. Thank you.

**From:** Dower, Benjamin
**Sent:** Thursday, January 29, 2015 5:32 PM
**To:** 'Brian Thompson'



EXHIBIT
"A"



I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on

Dana DeBeauvoir, County Clerk MAR 02 2015

By Deputy:

M. LIMON

**Cc:** const_claims; Michael B. Knisely; emily.meisgeier@co.travis.tx.us
**Subject:** RE: Notice of Hearing

Dear Mr. Thompson,

Thank you for providing the Office of the Attorney General of Texas with notice regarding the constitutional challenge to Texas Family Code in the above-styled case. At this time, the Office of the Attorney General of Texas has decided not to seek direct involvement in this case. This decision should not be construed, in any way, as a negative comment on the Constitutional viability of the statutes at issue.

Although the Office of the Attorney General of Texas has decided not to intervene at the present time, we respectfully ask that—if there is a ruling on the constitutionality of the statutes in question and that ruling is appealed—you please send the relevant notice and subsequent pleadings to this office. Similarly, if the party bringing the constitutional challenge later amends that challenge or any party adds a new constitutional challenge, please send those pleadings to this office. We appreciate your ongoing assistance.

**From:** Brian Thompson [mailto:bthompson@hoppermikeska.com]
**Sent:** Friday, January 23, 2015 2:16 PM
**To:** Dower, Benjamin
**Cc:** const_claims; Michael B. Knisely; emily.meisgeier@co.travis.tx.us
**Subject:** Notice of Hearing

Benjamin:

Judge Herman has instructed me to give you the attached notice of hearing.

Sincerely,


Brian Thompson
(512) 615-6195 | Fax (512) 610-1306
**HOPPER MIKESKA, PLLC**
400 West 15th Street, Suite 408
Austin, Texas 78701
bthompson@hoppermikeska.com

NOTICE: This email contains information that is confidential, proprietary, privileged, or otherwise legally protected from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy, or disseminate this email or any part of it. If you received this email in error, please immediately notify the sender by reply email, and delete all copies of this email and any attachments.

IRS CIRCULAR 230 NOTICE: If any part of this email or any attachment constitutes written advice addressing a federal tax issue, it was not intended or written (by either the sender or this law firm) to be used, and it cannot be used, by a taxpayer for the purpose of avoiding any penalty that may be imposed on a taxpayer under U. S. tax law. If any person uses or refers to any such advice contained in any part of this email or any attachment in promoting, marketing or recommending to any taxpayer a partnership or other entity, investment plan, or arrangement, then the advice should be considered to have been written to support the promotion or marketing by a person other than the sender or this law firm, and the taxpayer should seek advice from an independent tax advisor based on the taxpayer's particular circumstances.

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on **MAR 0 2 2015**

Dana DeBeauvoir, County Clerk

By Deputy

M. LIMON

B1 (Official Form 1) (12/11)

12/31/2012 02:26:14pm

| United States Bankruptcy Court<br>WESTERN DISTRICT OF TEXAS<br>AUSTIN DIVISION | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Powell, Stella M.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**dba Confluence Development Group; fdba Composite Services** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): **xxx-xx-3265** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): |

| Street Address of Debtor (No. and Street, City, and State):<br>**607 W. 32nd Street**<br>**Austin, TX** | Street Address of Joint Debtor (No. and Street, City, and State): |
|---|---|
| ZIP CODE **78705** | ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>**Travis** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>**607 W. 32nd Street**<br>**Austin, TX** | Mailing Address of Joint Debtor (if different from street address): |
| ZIP CODE **78705** | ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above): | |
| | ZIP CODE |

### Type of Debtor
(Form of Organization)
(Check one box.)

- ☑ Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- ☐ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

### Chapter 15 Debtors
Country of debtor's center of main interests:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

### Nature of Business
(Check one box.)

- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☐ Other

### Tax-Exempt Entity
(Check box, if applicable.)

- ☐ Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code).

### Chapter of Bankruptcy Code Under Which the Petition is Filed   (Check one box.)

- ☐ Chapter 7
- ☐ Chapter 9
- ☐ Chapter 11
- ☐ Chapter 12
- ☑ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

### Nature of Debts
(Check one box.)

- ☑ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ☐ Debts are primarily business debts.

### Filing Fee   (Check one box.)

- ☑ Full Filing Fee attached.
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

### Check one box:   Chapter 11 Debtors

- ☐ Debtor is a small business debtor as defined by 11 U.S.C. § 101(51D).
- ☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:

- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 (amount subject to adjustment on 4/01/13 and every three years thereafter).

Check all applicable boxes:

- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

### Statistical/Administrative Information

- ☑ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

**Estimated Number of Creditors**

| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

**Estimated Assets**

| ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

**Estimated Liabilities**

| ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Computer software provided by LegalPRO Systems, Inc., ...00, Copyright 1996-2012 (Build 9.1.42.6, ID 3188195787)

EXHIBIT
"B"

correct copy as same appears of record in my office.
Witness my hand and seal of office on   MAR 0 2 2015

Dana DeBeauvoir, County Clerk

By Dep.

M. LIMON

| **Voluntary Petition** | Name of Debtor(s): **Stella M. Powell** |
|---|---|
| *(This page must be completed and filed in every case.)* | |

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location Where Filed: **None** | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of Debtor: **None** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.) |
| | I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | **X** /s/ Douglas J. Powell       12/31/2012 |
| | Douglas J. Powell       Date |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☑ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☑ Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).



Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. MAR 0 2 2015
Witness my hand and seal of office on

Dana DeBeauvoir, County Clerk
By Deputy:

M. LIMON

| **Voluntary Petition** | Name of Debtor(s): **Stella M. Powell** |
| --- | --- |
| *(This page must be completed and filed in every case)* | |

## Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
| --- | --- |
| I declare under penalty of perjury that the information provided in this petition is true and correct. <br> [If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. <br> [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b). <br><br> I request relief in accordance with the chapter of title 11, United States Code, specified in this petition. <br><br><br> **X** _/s/ Stella M. Powell_ <br> **Stella M. Powell** <br><br> **X**_____ <br><br><br> Telephone Number (If not represented by attorney) <br> **12/31/2012** <br> Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition. <br><br> (Check only one box.) <br><br> ☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached. <br><br> ☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached. <br><br><br> **X**_____ <br> (Signature of Foreign Representative) <br><br> _____ <br> (Printed Name of Foreign Representative) <br><br> _____ <br> Date |
| **Signature of Attorney\*** | **Signature of Non-Attorney Bankruptcy Petition Preparer** |
| **X** _/s/ Douglas J. Powell_ <br> **Douglas J. Powell**       Bar No. **16194900** <br><br> **Law Offices of Douglas J. Powell, P.C.** <br> **820 W. 10th Street** <br> **Austin, TX 78701** <br><br><br> Phone No._____ Fax No._____ <br><br> **12/31/2012** <br> Date <br> *In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached. <br><br> _____ <br> Printed Name and title, if any, of Bankruptcy Petition Preparer <br><br> _____ <br> Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.) |
| **Signature of Debtor (Corporation/Partnership)** | |
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor. <br><br> The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition. <br><br><br><br> **X**_____ <br> Signature of Authorized Individual <br><br> _____ <br> Printed Name of Authorized Individual <br><br> _____ <br> Title of Authorized Individual <br><br> _____ <br> Date | Address <br> **X**_____ <br><br> _____ <br> Date <br> Signature of bankruptcy petiton preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above. <br><br> Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual. <br><br><br> If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person. <br><br> *A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas (210) 561-5300, Copyright 1996-2012 (Build 9.1.42.6. ID:3108181905)

I, Dana DeBeauvoir County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on      **MAR 0 2 2013**

Dana DeBeauvoir, County Clerk
By Deputy:      M. LIMON

B 1D (Official Form 1, Exhibit D) (12/09)   **UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

In re:   Stella M. Powell                                Case No. _____

                                                                    (if known)

                    Debtor(s)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days  before the filing of my bankruptcy case, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me.   *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days  before the filing of my bankruptcy case, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit couseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me.   *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.   *[Summarize exigent circumstances here.]*

If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on **MAR 0 2 2015**

Dana DeBeauvoir, County Clerk

By Deputy:

M. LIMON

B 1D (Official Form 1, Exhibit D) (12/09)  **UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

In re:    **Stella M. Powell**                                Case No. _____

                                                                        (if known)

Debtor(s)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

*Continuation Sheet No. 1*

☐  4. I am not required to receive a credit counseling briefing because of:    *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

        ☐  Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilites.);

        ☐  Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

        ☐  Active military duty in a military combat zone.

☐  5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:    **/s/ Stella M. Powell**    _____
                    Stella M. Powell

Date:    **12/31/2012**

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on **MAR 0 2 2015**

Dana DeBeauvoir, County Clerk
By Deputy:

**M. LIMON**

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

IN RE:   **Stella M. Powell**

CASE NO

CHAPTER   **13**

## VERIFICATION OF CREDITOR MATRIX

The above named Debtor hereby verifies that the attached list of creditors is true and correct to the best of his/her knowledge.

Date  12/31/2012

Signature   **/s/ Stella M. Powell**
_Stella M. Powell_

Date

Signature

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on      **MAR 0 2 2015**

Dana DeBeauvoir, County Clerk

By Deputy:

**M. LIMON**

Capital One Bank USA NA
PO Box 30281
Salt Lake City, UT 84130


Citi/CBNA
PO Box 6497
Sioux Falls, SD 43224


Citicards
701 E. 6th Street N
Sioux Falls, SD 57104


HSBC Mortgage Services
PO Box 60139
City of Industry, CA 91716


Hughes, Watters & Askanase, L.L.P.
Three Allen Center
333 Clay, 29th Floor
Houston, TX 77002


Internal Revenue Service
P. O. Box 7346
Philadelphia, PA 19101-7346


Law Offices of Douglas J. Powell, P.C.
820 W. 10th Street
Austin, TX 78701


Travis County Tax Collections
Attn: Tina Morton
1010 Lavaca
Austin, TX 78701



I, Dana DeBeauvoir, County Clerk, Travis County,
Texas, do hereby certify that this is a true and
correct copy as same appears of record in my office
Witness my hand and seal of office on **MAR 0 2 2015**

Dana DeBeauvoir, County Clerk
By Deputy:
M. LIMON

B6A (Official Form 6A) (12/07)

In re **Stella M. Powell**                                          Case No.   **12-12842**
                                                                              (if known)

## SCHEDULE A - REAL PROPERTY

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting Any Secured Claim or Exemption | Amount Of Secured Claim |
|---|---|---|---|---|
| Homestead<br>Single family dwelling located at<br>607 W. 32nd Street<br>Austin, Texas 78705<br><br>Lot 8 *& E11.5FT Lot 7 Blk 11 Olt 75-76 Div D Gypsy Grove<br><br>Value per Travis Central Appraisal District<br><br>Property is to be sold | Fee simple | - | $589,702.00 | $564,200.00 |
| Condominium<br>3601 Turtle Creek Blvd. Dallas TX  75219<br><br>Value shown is the Dallas Co. Tax appraisal value<br><br>Property is rented. | Fee simple | - | $260,000.00 | $0.00 |

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on **MAR 0 2 2015**

Dana DeBeauvoir, County Clerk

By Deputy:

*M. LIMON*

Total:                    **$849,702.00**
(Report also on Summary of Schedules)

B6B (Official Form 6B) (12/07)

In re  **Stella M. Powell**                                    Case No.  **12-12842**
                                                                              (if known)

## SCHEDULE B - PERSONAL PROPERTY

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand. | | Cash on hand | - | $100.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Chase<br>savings acct: xxxx3904 | - | $23,492.00 |
| | | Chase<br>checking acct: xxxxx1892 | - | $9,600.00 |
| | | Chase<br>checking acct: xxx1011 | - | $12,000.00 |
| | | UFCU<br>Savings: $182.50<br>Money Market: $31,115.84<br>Checking: $3,424.39 | - | $34,823.85 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video and computer equipment. | | Sofa | - | $300.00 |
| | | Sectinal sofa | - | $400.00 |
| | | Love seat | - | $150.00 |
| | | 1 Side chairs | - | $200.00 |
| | | Color TV | - | $35.00 |
| | | 4 lamps | - | $100.00 |
| | | Computer | - | $100.00 |
| | | Stove | - | $500.00 |

I, Dana DeBeauvoir, County Clerk, Travis County,
Texas, do hereby certify that this is a true and
correct copy as same appears of record in my office
Witness my hand and seal of office on **MAR 0 2 2015**

Dana DeBeauvoir, County Clerk
By Deputy: M. LIMON



B6B (Official Form 6B) (12/07) -- Cont.

In re **Stella M. Powell**                                    Case No.  **12-12842**
                                                                        (if known)

## SCHEDULE B - PERSONAL PROPERTY

*Continuation Sheet No. 1*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | Refrigerator | - | $500.00 |
| | | Dishwasher | - | $100.00 |
| | | Microwave oven | - | $30.00 |
| | | Small appliances | - | $50.00 |
| | | Pots & pans | - | $100.00 |
| | | Dishes & glassware | - | $70.00 |
| | | Flatware | - | $40.00 |
| | | Sterling ware | - | $500.00 |
| | | Crystal | - | $500.00 |
| | | Table & chairs | - | $1,000.00 |
| | | China cabinet | - | $500.00 |
| | | Buffet | - | $500.00 |
| | | Bed | - | $70.00 |
| | | Dresser | - | $500.00 |
| | | Chest | - | $350.00 |
| | | 2 Night stands | - | $250.00 |
| | | 2 lamps | - | $30.00 |
| | | 2 small tables | - | $30.00 |
| | | Dresser | - | $400.00 |

I, Dana DeBeauvoir, County Clerk, Travis County,
Texas, do hereby certify that this is a true and
correct copy as same appears of record in my office.
Witness my hand and seal of office on

Dana DeBeauvoir, County Clerk    **MAR 0 2 2015**

By Deputy:

**M. LIMON**

B6B (Official Form 6B) (12/07) -- Cont.

In re **Stella M. Powell**                                                     Case No. **12-12842**
                                                                               (if known)

# SCHEDULE B - PERSONAL PROPERTY
*Continuation Sheet No. 2*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | Lamp | - | $100.00 |
| | | Washer & dryer | - | $300.00 |
| | | Garden tools | - | $20.00 |
| | | Electric tools | - | $20.00 |
| | | Lawn mower | - | $50.00 |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | | books | - | $400.00 |
| | | Decorative items, pictures, etc. | - | $500.00 |
| 6. Wearing apparel. | | Clothing, shoes & accessories | - | $700.00 |
| 7. Furs and jewelry. | | 2 watches | - | $200.00 |
| | | Chains | - | $1,000.00 |
| | | Rings | - | $2,000.00 |
| 8. Firearms and sports, photo-graphic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | New York Life polciy ███████ acquired July, 2010 value $100,000 | - | $0.00 |
| | | Life insurance provided via Fros Design Unum Core Lif / AD&D Plan acquired 6/21/12 Value: 150,000 | - | $0.00 |



I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on

MAR 0 2 2015

Dana DeBeauvoir, County Clerk
By Deputy: M. LIMON

In re  **Stella M. Powell**                                    Case No.  **12-12842**
                                                                    (If known)

## SCHEDULE B - PERSONAL PROPERTY

Continuation Sheet No. 3

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest In Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 10. Annuities. Itemize and name each issuer. | | John Hancock Venture in Morgan Stanley acct policy # xxxx5825 | - | $151,249.00 |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | Morgan Stanley IRA rollover | - | $14,060.99 |
| | | 401K Confluence Development Group John Hancock | - | $69,000.00 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | SkyFiber, Inc. 30,000 shares Stock has no value at this time. Company is still doing business, but is not making any money. | - | $0.00 |
| | | Moler Internaltional 6,000 shares -- no value | - | $0.00 |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on  **MAR 0 2 2015**

Dana DeBeauvoir, County Clerk
By Deputy:  **M. LIMON**

B6B (Official Form 6B) (12/07) -- Cont.

In re **Stella M. Powell**

Case No. **12-12842**
(if known)

## SCHEDULE B - PERSONAL PROPERTY

*Continuation Sheet No. 4*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercis-able for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliqui-dated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | Claim against insurance company for damage to the roof. HSBC Insurance roof check Money has escheated to the State at this time and Debtor is working on getting it back and sending it to the insurance company. | - | $0.00 |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on **MAR 0 2 2015**

Dana DeBeauvoir, County Clerk
By Deputy:
M. LIMON

In re  **Stella M. Powell**                                      Case No.  **12-12842**

                                                                                                  (if known)

## SCHEDULE B - PERSONAL PROPERTY

*Continuation Sheet No. 5*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2005 Volkswagen Passat 75,000 miles | - | $6,000.00 |
| | | 1995 Infiniti Q45 (not running) | - | $1,500.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | | Desk | - | $100.00 |
| | | Bookcase cabinet | - | $500.00 |
| | | Computer desk | - | $50.00 |
| | | File cabinet | - | $100.00 |
| | | Computer & monitor | - | $150.00 |
| | | Power supplies | - | $20.00 |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |

I, Dana DeBeauvoir, County Clerk, Travis County,
Texas, do hereby certify that this is a true and
correct copy as same appears of record in my office.
Witness my hand and seal of office **MAR 0 2 2015**



Dana DeBeauvoir, County Clerk
By Deputy: M. LIMON

In re **Stella M. Powell**                                    Case No. **12-12842**
                                                                        (if known)

## SCHEDULE B - PERSONAL PROPERTY

*Continuation Sheet No. 6*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 31. Animals. | | 3 dogs & 1 cat | - | $4.00 |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on **MAR 0 2 2015**

Dana DeBeauvoir, County Clerk

By Deputy:

_____6_____ continuation sheets attached          Total >          **$335,344.84**

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

**M. LIMON**

B6C (Official Form 6C) (4/10)

In re  **Stella M. Powell**

Case No.   **12-12842**

(If known)

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)

☐   11 U.S.C. § 522(b)(2)

☑   11 U.S.C. § 522(b)(3)

☐ Check if debtor claims a homestead exemption that exceeds $146,450.*

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| Homestead<br>Single family dwelling located at<br>607 W. 32nd Street<br>Austin, Texas 78705<br><br>Lot 8 *& E11.5FT Lot 7 Blk 11 Olt 75-76 Div D<br>Gypsy Grove<br><br>Value per Travis Central Appraisal District<br><br>Property is to be sold | Const. art. 16 §§ 50, 51, Texas Prop. Code §§ 41.001-.002 | $25,502.00 | $589,702.00 |
| Sofa | Tex. Prop. Code §§ 42.001(a), 42.002 (a)(1) | $300.00 | $300.00 |
| Sectinal sofa | Tex. Prop. Code §§ 42.001(a), 42.002 (a)(1) | $400.00 | $400.00 |
| Love seat | Tex. Prop. Code §§ 42.001(a), 42.002 (a)(1) | $150.00 | $150.00 |
| 1 Side chairs | Tex. Prop. Code §§ 42.001(a), 42.002 (a)(1) | $200.00 | $200.00 |
| Color TV | Tex. Prop. Code §§ 42.001(a), 42.002 (a)(1) | $35.00 | $35.00 |
| 4 lamps | Tex. Prop. Code §§ 42.001(a), 42.002 (a)(1) | $100.00 | $100.00 |
| *Amount subject to adjustment on 4/1/13 and every three years thereafter with respect to cases commenced  on or after the date of adjustment. | | $26,687.00 | $590,887.00 |

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on

Dana DeBeauvoir, County Clerk

By Deputy:

MAR 0 2 2015

B6C (Official Form 6C) (4/10) -- Cont.

In re **Stella M. Powell**                          Case No.   **12-12842**
                                                              (If known)

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

*Continuation Sheet No. 1*

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| Computer | Tex. Prop. Code §§ 42.001(a), 42.002 (a)(1) | $100.00 | $100.00 |
| Stove | Tex. Prop. Code §§ 42.001(a), 42.002 (a)(1) | $500.00 | $500.00 |
| Refrigerator | Tex. Prop. Code §§ 42.001(a), 42.002 (a)(1) | $500.00 | $500.00 |
| Dishwasher | Tex. Prop. Code §§ 42.001(a), 42.002 (a)(1) | $100.00 | $100.00 |
| Microwave oven | Tex. Prop. Code §§ 42.001(a), 42.002 (a)(1) | $30.00 | $30.00 |
| Small appliances | Tex. Prop. Code §§ 42.001(a), 42.002 (a)(1) | $50.00 | $50.00 |
| Pots & pans | Tex. Prop. Code §§ 42.001(a), 42.002 (a)(1) | $100.00 | $100.00 |
| Dishes & glassware | Tex. Prop. Code §§ 42.001(a), 42.002 (a)(1) | $70.00 | $70.00 |
| Flatware | Tex. Prop. Code §§ 42.001(a), 42.002 (a)(1) | $40.00 | $40.00 |
| Sterling ware | Tex. Prop. Code §§ 42.001(a), 42.002 (a)(1) | $500.00 | $500.00 |
| Crystal | Tex. Prop. Code §§ 42.001(a), 42.002 (a)(1) | $500.00 | $500.00 |
| Table & chairs | Tex. Prop. Code §§ 42.001(a), 42.002 (a)(1) | $1,000.00 | $1,000.00 |
| China cabinet | Tex. Prop. Code §§ 42.001(a), 42.002 (a)(1) | $500.00 | $500.00 |
| | | $30,677.00 | $594,877.00 |

I, Dana DeBeauvoir, County Clerk, Travis County,
Texas, do hereby certify that this is a true and
correct copy as same appears of record in my office.
Witness my hand and seal of office on

Dana DeBeauvoir, County Clerk          MAR 0 2 2015

By Deputy:                             M. LIMON

B6C (Official Form 6C) (4/10) -- Cont.

In re   **Stella M. Powell**                                    Case No.   **12-12842**
                                                                          (If known)

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

*Continuation Sheet No. 2*

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| Buffet | Tex. Prop. Code §§ 42.001(a), 42.002 (a)(1) | $500.00 | $500.00 |
| Bed | Tex. Prop. Code §§ 42.001(a), 42.002 (a)(1) | $70.00 | $70.00 |
| Dresser | Tex. Prop. Code §§ 42.001(a), 42.002 (a)(1) | $500.00 | $500.00 |
| Chest | Tex. Prop. Code §§ 42.001(a), 42.002 (a)(1) | $350.00 | $350.00 |
| 2 Night stands | Tex. Prop. Code §§ 42.001(a), 42.002 (a)(1) | $250.00 | $250.00 |
| 2 lamps | Tex. Prop. Code §§ 42.001(a), 42.002 (a)(1) | $30.00 | $30.00 |
| 2 small tables | Tex. Prop. Code §§ 42.001(a), 42.002 (a)(1) | $30.00 | $30.00 |
| Dresser | Tex. Prop. Code §§ 42.001(a), 42.002 (a)(1) | $400.00 | $400.00 |
| Lamp | Tex. Prop. Code §§ 42.001(a), 42.002 (a)(1) | $100.00 | $100.00 |
| Washer & dryer | Tex. Prop. Code §§ 42.001(a), 42.002 (a)(1) | $300.00 | $300.00 |
| Garden tools | Tex. Prop. Code §§ 42.001(a), 42.002 (a)(1) | $20.00 | $20.00 |
| Electric tools | Tex. Prop. Code §§ 42.001(a), 42.002 (a)(1) | $20.00 | $20.00 |
| Lawn mower | Tex. Prop. Code §§ 42.001(a), 42.002 (a)(1) | $50.00 | $50.00 |
| | | $33,297.00 | $597,497.00 |

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on   MAR 0 2 2015

Dana DeBeauvoir County Clerk

By Deputy:                    M. LIMON

B6C (Official Form 6C) (4/10) -- Cont.

In re  **Stella M. Powell**                                     Case No.  **12-12842**

                                                                        (If known)

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

*Continuation Sheet No. 3*

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| books | Tex. Prop. Code §§ 42.001(a), 42.002 (a)(1) | $400.00 | $400.00 |
| Decorative items, pictures, etc. | Tex. Prop. Code §§ 42.001(a), 42.002 (a)(1) | $500.00 | $500.00 |
| Clothing, shoes & accessories | Tex. Prop. Code §§ 42.001(a), 42.002 (a)(5) | $700.00 | $700.00 |
| 2 watches | Tex. Prop. Code §§ 42.001(a), 42.002 (a)(6) | $200.00 | $200.00 |
| Chains | Tex. Prop. Code §§ 42.001(a), 42.002 (a)(6) | $1,000.00 | $1,000.00 |
| Rings | Tex. Prop. Code §§ 42.001(a), 42.002 (a)(6) | $2,000.00 | $2,000.00 |
| New York Life polciy ▓▓▓▓ acquired July, 2010 value $100,000 | Tex. Ins. Code § 1108.051 | $0.00 | $0.00 |
| Life insurance provided via Fros Design Unum Core Lif / AD&D Plan acquired 6/21/12  Value: 150,000 | Tex. Ins. Code § 1108.051 | $0.00 | $0.00 |
| John Hancock Venture in Morgan Stanley acct policy # xxxx5825 | Tex. Ins. Code § 1108.051 | $151,249.00 | $151,249.00 |
| Morgan Stanley IRA rollover | Tex. Prop. Code § 42.0021 | $14,060.99 | $14,060.99 |
| 401K Confluence Development Group John Hancock | Tex. Prop. Code § 42.0021 | $69,000.00 | $69,000.00 |
| 2005 Volkswagen Passat 75,000 miles | Tex. Prop. Code §§ 42.001(a), 42.002 (a)(9) | $6,000.00 | $6,000.00 |
| | | $278,406.99 | $842,606.99 |

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office MAR 02 2015 Witness my hand and seal of office on

Dana DeBeauvoir, County Clerk  M. LIMON
By Deputy:

In re  **Stella M. Powell**                                      Case No.   **12-12842**
                                                                                    (If known)

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

*Continuation Sheet No. 4*

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| Desk | Tex. Prop. Code §§ 42.001(a), 42.002 (a)(4) | $100.00 | $100.00 |
| Bookcase cabinet | Tex. Prop. Code §§ 42.001(a), 42.002 (a)(4) | $500.00 | $500.00 |
| Computer desk | Tex. Prop. Code §§ 42.001(a), 42.002 (a)(4) | $50.00 | $50.00 |
| File cabinet | Tex. Prop. Code §§ 42.001(a), 42.002 (a)(4) | $100.00 | $100.00 |
| Computer & monitor | Tex. Prop. Code §§ 42.001(a), 42.002 (a)(4) | $150.00 | $150.00 |
| Power supplies | Tex. Prop. Code §§ 42.001(a), 42.002 (a)(4) | $20.00 | $20.00 |
| 3 dogs & 1 cat | Tex. Prop. Code §§ 42.001(a), 42.002 (a)(11) | $4.00 | $4.00 |
| | | $279,330.99 | $843,530.99 |

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on **MAR 0 2 2015**

Dana DeBeauvoir, County Clerk
By Deputy:  M. LIMON

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCT #: xxxxxx4975<br><br>HSBC Mortgage Services<br>PO Box 60139<br>City of Industry, CA 91716 | | - | DATE INCURRED:<br>NATURE OF LIEN:<br>**Deed of Trust**<br>COLLATERAL:<br>**Homestead**<br>REMARKS:<br>payment includes $1000 per month for property tax (which is not escrowed) for Means Test purposes<br><br>VALUE:          $589,702.00 | | | | $399,200.00 | |
| Representing:<br>HSBC Mortgage Services | | | Hughes, Watters & Askanase, L.L.P.<br>Three Allen Center<br>333 Clay, 29th Floor<br>Houston, TX 77002 | | | | Notice Only | Notice Only |
| ACCT #: xxxxxx4975<br><br>HSBC Mortgage Services<br>PO Box 60139<br>City of Industry, CA 91716 | | - | DATE INCURRED:  Various<br>NATURE OF LIEN:<br>**Arrearage claim**<br>COLLATERAL:<br>**Homestead**<br>REMARKS:<br><br>VALUE:          $589,702.00 | | | | $50,000.00 | |
| ACCT #: xxxxxx4983<br><br>HSBC Mortgage Services<br>PO Box 60139<br>City of Industry, CA 91716 | | - | DATE INCURRED:<br>NATURE OF LIEN:<br>**Second Lien Deed of Trust**<br>COLLATERAL:<br>**homestead**<br>REMARKS:<br><br>VALUE:          $589,702.00 | | | | $95,000.00 | |
| | | | Subtotal (Total of this Page) > | | | | $544,200.00 | $0.00 |
| | | | Total (Use only on last page) > | | | | | |

_____1_____ continuation sheets attached

(Report also on Summary of Schedules.)

(If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on **MAR 0 2 2015**

Dana DeBeauvoir, County Clerk

By Deputy:

M. LIMON

Case No.  **12-12842**

(if known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCT #: xxxxxx4983<br><br>**HSBC Mortgage Services**<br>**PO Box 60139**<br>**City of Industry, CA 91716** | | - | DATE INCURRED:  **Various**<br>NATURE OF LIEN:<br>**Second lien Deed of Trust**<br>COLLATERAL:<br>**homestead**<br>REMARKS:<br><br><br>VALUE:          **$589,702.00** | | | | **$20,000.00** | |
| ACCT #:<br><br>**Travis County Tax Collections**<br>**Attn:  Tina Morton**<br>**1010 Lavaca**<br>**Austin, TX 78701** | | - | DATE INCURRED:<br>NATURE OF LIEN:<br> **Property Taxes**<br>COLLATERAL:<br>**Homestead**<br>REMARKS:<br><br><br>VALUE:          **$0.00** | | | | **$0.00** | |
| | | | | | | | | |
| | | | | | | | | |

| | | |
|---|---|---|
| Sheet no. ___1___ of ___1___ continuation sheets attached to Schedule of Creditors Holding Secured Claims | Subtotal (Total of this Page) > | **$20,000.00** | **$0.00** |
| | Total (Use only on last page) > | **$564,200.00** | **$0.00** |

(Report also on Summary of Schedules.)

(If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

I, Dana DeBeauvoir, County Clerk, Travis County,
Texas, do hereby certify that this is a true and
correct copy as same appears of record in my office.
Witness my hand and seal of office on

Dana DeBeauvoir, County Clerk **MAR 0 2 2015**

By Deputy:

**M. LIMON**

B6E (Official Form 6E) (04/10)

In re **Stella M. Powell**                                      Case No. __**12-12842**__

                                                                        (If Known)


# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.


**TYPES OF PRIORITY CLAIMS**   (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐ **Domestic Support Obligations**
Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief.  11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**
Claims of individuals up to $2,600* for deposits for the purchase, lease or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).

☑ **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507(a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**
Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance.  11 U.S.C. § 507(a)(10).

☑ **Administrative allowances under 11 U.S.C. Sec. 330**
Claims based on services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by such person as approved by the court and/or in accordance with 11 U.S.C. §§ 326, 328, 329 and 330.

*Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

_____2_____continuation sheets attached

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on



Dana DeBeauvoir, County Clerk  MAR 0 2 2015
By Deputy:
M. LIMON

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

| TYPE OF PRIORITY | Taxes and Certain Other Debts Owed to Governmental Units |
|---|---|

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCT #: <br> **Internal Revenue Service** <br> P. O. Box 7346 <br> Philadelphia, PA  19101-7346 | | | DATE INCURRED: <br> CONSIDERATION: <br> **1040 Taxes** <br> REMARKS: | | | | $0.00 | $0.00 | $0.00 |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

Sheet no. ___1___ of ___2___ continuation sheets      Subtotals (Totals of this page) >     | $0.00 | $0.00 | $0.00 |

attached to Schedule of Creditors Holding Priority Claims      Total >

(Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.)

Totals >

(Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.)

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on   **MAR 0 2 2015**

Dana DeBeauvoir, County Clerk

By Deputy: M. LIMON

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

| TYPE OF PRIORITY | Administrative allowances |
|---|---|

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCT #:<br>Law Offices of Douglas J. Powell, P.C.<br>820 W. 10th Street<br>Austin, TX 78701 | | | DATE INCURRED: **12/28/2012**<br>CONSIDERATION:<br>**Attorney Fees**<br>REMARKS: | | | | $2,281.00 | $2,281.00 | $0.00 |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

Sheet no. ___2___ of ___2___ continuation sheets     Subtotals (Totals of this page) >     | $2,281.00 | $2,281.00 | $0.00

attached to Schedule of Creditors Holding Priority Claims                    Total >     | $2,281.00 | |

(Use only on last page of the completed Schedule E.
Report also on the Summary of Schedules.)

                                                                    Totals >     | | $2,281.00 | $0.00

(Use only on last page of the completed Schedule E.
If applicable, report also on the Statistical Summary
of Certain Liabilities and Related Data.)

I, Dana DeBeauvoir, County Clerk, Travis County,
Texas, do hereby certify that this is a true and
correct copy as same appears of record in my office.
Witness my hand and seal of office on     MAR 0 2 2015

Dana DeBeauvoir, County Clerk
By Deputy.                          M. LIMON

In re **Stella M. Powell**          Case No.  **12-12842**
                                              (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #:<br>**Capital One Bank USA NA**<br>PO Box 30281<br>Salt Lake City, UT 84130 | | | DATE INCURRED:<br>CONSIDERATION:<br>**Credit Card**<br>REMARKS: | | | | $508.00 |
| ACCT #:<br>**Citi/CBNA**<br>PO Box 6497<br>Sioux Falls, SD 43224 | | | DATE INCURRED:<br>CONSIDERATION:<br>**Notice Only**<br>REMARKS: | | | | $0.00 |
| ACCT #:<br>**Citicards**<br>701 E. 6th Street N<br>Sioux Falls, SD 57104 | | | DATE INCURRED:<br>CONSIDERATION:<br>**Charged Off Account**<br>REMARKS: | | | | $0.00 |
| ACCT #:<br>**Graves Dougherty Hearon & Moody**<br>401 Congress Ave., Ste. 2200<br>Austin, TX 78701 | | | DATE INCURRED:<br>CONSIDERATION:<br>**Professional services**<br>REMARKS: | | | | $8,491.00 |
| | | | | | | | |
| | | | | | | | |
| | | | | | Subtotal > | | $8,999.00 |

Total >  $8,999.00

**No** continuation sheets attached

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

I, Dana DeBeauvoir, County Clerk, Travis County,
Texas, do hereby certify that this is a true and
correct copy as same appears of record in my office
Witness my hand and seal of office on      MAR 0 2 2015

Dana DeBeauvoir, County Clerk
By Deputy:
M. LIMON

B6G (Official Form 6G) (12/07)
In re **Stella M. Powell**

Case No. **12-12842**
(if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests.
State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease.
Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to
one of the leases of contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a
minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| **Carroll & Elizabeth Huntress**<br>3601 Turtle Creed Blvd.<br>Dallas, TX 75219 | Debtor is Lessor<br>Residential lease<br>Contract to be ASSUMED |

I, Dana DeBeauvoir, County Clerk, Travis County,
Texas, do hereby certify that this is a true and
correct copy as same appears of record in my office.
Witness my hand and seal of office on



Dana DeBeauvoir, County MAR 0 2 2015
By Deputy:
M. LIMON

B6H (Official Form 6H) (12/07)
In re **Stella M. Powell**

Case No.  **12-12842**

(if known)

## SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on **MAR 0 2 2015**

Dana DeBeauvoir, County Clerk

By Deputy:

**M. LIMON**

B6I (Official Form 6I) (12/07)

In re **Stella M. Powell**                                           Case No. **12-12842**
                                                                    (if known)

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | Dependents of Debtor and Spouse | | | |
|---|---|---|---|---|
| **Single** | Relationship(s): | Age(s): | Relationship(s): | Age(s): |

| Employment: | Debtor | Spouse |
|---|---|---|
| Occupation | Business Development | |
| Name of Employer | Frog Design | |
| How Long Employed | 8 months | |
| Address of Employer | 660 Third Street 4th Fl, San Francisco, CA 94107 | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | | **DEBTOR** | **SPOUSE** |
|---|---|---|---|
| 1. | Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $12,500.00 | |
| 2. | Estimate monthly overtime | $0.00 | |
| 3. | SUBTOTAL | $12,500.00 | |
| 4. | LESS PAYROLL DEDUCTIONS | | |
| | a. Payroll taxes (includes social security tax if b. is zero) | $2,645.32 | |
| | b. Social Security Tax | $525.96 | |
| | c. Medicare | $181.58 | |
| | d. Insurance | $0.00 | |
| | e. Union dues | $0.00 | |
| | f. Retirement    401K | $375.00 | |
| | g. Other (Specify)    parking | $160.74 | |
| | h. Other (Specify)    Life Insurance | $74.56 | |
| | i. Other (Specify)    Long term dis. | $29.38 | |
| | j. Other (Specify) | $0.00 | |
| | k. Other (Specify) | $0.00 | |
| 5. | SUBTOTAL OF PAYROLL DEDUCTIONS | $3,992.54 | |
| 6. | TOTAL NET MONTHLY TAKE HOME PAY | $8,507.46 | |
| 7. | Regular income from operation of business or profession or farm (Attach detailed stmt) | $1,000.00 | |
| 8. | Income from real property | $2,200.00 | |
| 9. | Interest and dividends | $0.00 | |
| 10. | Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $0.00 | |
| 11. | Social security or government assistance (Specify): | $0.00 | |
| 12. | Pension or retirement income | $0.00 | |
| 13. | Other monthly income (Specify): | | |
| | a. | $0.00 | |
| | b. | $0.00 | |
| | c. | $0.00 | |
| 14. | SUBTOTAL OF LINES 7 THROUGH 13 | $3,200.00 | |
| 15. | AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $11,707.46 | |
| 16. | COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $11,707.46 | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
**None.**

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on    **MAR 0 2 2015**

Dana DeBeauvoir, County Clerk
By Deputy:    M. LIMON

B6J (Official Form 6J) (12/07)

IN RE:   **Stella M. Powell**                                                      Case No.   **12-12842**

                                                                                                          (if known)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐   Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | |
|     a. Are real estate taxes included?    ☐ Yes  ☑ No | |
|     b. Is property insurance included?    ☐ Yes  ☑ No | |
| 2. Utilities:  a. Electricity and heating fuel | $300.00 |
|            b. Water and sewer | $50.00 |
|            c. Telephone | $90.00 |
|            d. Other:  Cable/Internet | $85.00 |
| 3. Home maintenance (repairs and upkeep) | $200.00 |
| 4. Food | $500.00 |
| 5. Clothing | $100.00 |
| 6. Laundry and dry cleaning | $25.00 |
| 7. Medical and dental expenses | $20.00 |
| 8. Transportation (not including car payments) | $400.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $125.00 |
| 10. Charitable contributions | $30.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | |
|            a. Homeowner's or renter's | $157.00 |
|            b. Life | $115.00 |
|            c. Health | |
|            d. Auto | $95.00 |
|            e. Other: | |
| 12. Taxes (not deducted from wages or included in home mortgage payments)<br>Specify: Property Taxes | $1,000.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | |
|     a. Auto: | |
|     b. Other:  Anytime Fitness | $70.00 |
|     c. Other:  HOA for Dallas Condo | $1,415.00 |
|     d. Other:  Prop. tax for condo | $600.00 |
| 14. Alimony, maintenance, and support paid to others: | |
| 15. Payments for support of add'l dependents not living at your home: | |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $645.00 |
| 17.a. Other: Personal Care Products & services | $75.00 |
| 17.b. Other: Work related travel expenses | $500.00 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | **$6,597.00** |
| 19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:  **None.** | |
| 20. STATEMENT OF MONTHLY NET INCOME | |
| a. Average monthly income from Line 15 of Schedule I | $11,707.46 |
| b. Average monthly expenses from Line 18 above | $6,597.00 |
| c. Monthly net income (a. minus b.) | $5,110.46 |

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office.
Witness my hand and seal of office on

Dana DeBeauvoir, County Clerk     MAR 02 2015
By Deputy:
M. LIMON

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

IN RE:   **Stella M. Powell**

CASE NO   **12-12842**

CHAPTER   **13**

## EXHIBIT TO SCHEDULE J

## Itemized Business Expenses
### CDG

| Expense | Category | Amount |
|---|---|---|
| Rent | Rent | $535.00 |
| Public Storage | Storage | $70.00 |
| Vonage | Telephone | $30.00 |
| One to One | Website | $10.00 |
| | Total > | $645.00 |

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on **MAR 0 2 2015**

Dana DeBeauvoir, County Clerk

By Deputy:

M. LIMON

B6 Summary (Official Form 6 - Summary) (12/07)

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

In re  **Stella M. Powell**

Case No.  **12-12842**

Chapter  **13**

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $849,702.00 | | |
| B - Personal Property | Yes | 7 | $335,344.84 | | |
| C - Property Claimed as Exempt | Yes | 5 | | | |
| D - Creditors Holding Secured Claims | Yes | 2 | | $564,200.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 3 | | $2,281.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 1 | | $8,999.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | $11,707.46 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 2 | | | $6,597.00 |
| | TOTAL | 24 | $1,185,046.84 | $575,480.00 | |

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on

**MAR 0 2 2015**

Dana DeBeauvoir, County Clerk

By Deputy: M. LIMON

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

In re  Stella M. Powell

Case No.  **12-12842**

Chapter  **13**

# STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11, or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $0.00 |
| Student Loan Obligations (from Schedule F) | $0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $0.00 |
| TOTAL | $0.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | $11,707.46 |
| Average Expenses (from Schedule J, Line 18) | $6,597.00 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20) | $17,291.67 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $0.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $2,281.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $0.00 |
| 4. Total from Schedule F | | $8,999.00 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $8,999.00 |

I, Dana DeBeauvoir County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in **MAR 0 2 2015**
Witness my hand and seal of office on

Dana DeBeauvoir, County Clerk
By Deputy
M. LIMON


B7 (Official Form 7) (04/10)

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

In re:   Stella M. Powell

Case No.   **12-12842**

(if known)

# STATEMENT OF FINANCIAL AFFAIRS

### 1. Income from employment or operation of business

None ☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $128,750.00 | 2012 income from employment |
| $50,000.00 | 2011 - estimated income |
| ($15,407.00) | 2010 - $0 income and $15,407 loss from consulting business reported on tax return |
| ($3,000.00) | 2010 - loss from capital gains |

### 2. Income other than from employment or operation of business

None ☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $26,400.00 | 2012 - rental income |
| $26,400.00 | 2011- rental incom |
| $18,074.00 | 2010 - gross rental income (net per tax return (-$25,000) |

### 3. Payments to creditors

*Complete a. or b., as appropriate, and c.*

None ☐

a. Individual or joint debtor(s) with primarily consumer debts: List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within 90 days immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| Dallas County Tax Assessor | 12/28/12 | $21,607.72 | $0.00 |

None ☑

b. Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.



I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on **MAR 0 2 2015**

Dana DeBeauvoir, County Clerk

By Deputy:

M. LIMON

B7 (Official Form 7) (04/10) - Cont.

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

In re:  **Stella M. Powell**                           Case No.  **12-12842**
                                                              (if known)

## STATEMENT OF FINANCIAL AFFAIRS
*Continuation Sheet No. 1*

None
☑ c. All debtors:  List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 4. Suits and administrative proceedings, executions, garnishments and attachments
None
☑ a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☑ b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 5. Repossessions, foreclosures and returns
None
☑ List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 6. Assignments and receiverships
None
☑ a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☑ b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 7. Gifts
None
☑ List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.  (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 8. Losses
None
☑ List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on MAR 0 2 2015

Dana DeBeauvoir, County Clerk
By Deputy: M. LIMON

B7 (Official Form 7) (04/10) - Cont.

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

In re:  Stella M. Powell                                      Case No.  **12-12842**
                                                                          (if known)

# STATEMENT OF FINANCIAL AFFAIRS
*Continuation Sheet No. 2*

---

### 9. Payments related to debt counseling or bankruptcy

None ☐ List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Douglas J. Powell, P.C. Attorney at Law 820 West 10th Street Austin, TX 78701 | 12/28/2012 | $1500 (includes filing fee) |

---

### 10. Other transfers

None ☑ a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑ b. List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

---

### 11. Closed financial accounts

None ☑ List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 12. Safe deposit boxes

None ☐ List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|
| Chase Preston Center 8111 Preston Rd. Dallas, TX 75225 | Debtor only | documents, photographs, personal records | |

---

### 13. Setoffs

None ☑ List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 14. Property held for another person

None ☑ List all property owned by another person that the debtor holds or controls.

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on **MAR 0 2 2015**



Dana DeBeauvoir, County Clerk
By Deputy:

B7 (Official Form 7) (04/10) - Cont.

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

In re: **Stella M. Powell**

Case No. **12-12842**

(if known)

# STATEMENT OF FINANCIAL AFFAIRS
*Continuation Sheet No. 3*

---

### 15. Prior address of debtor

None ☑

If the debtor has moved within three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

---

### 16. Spouses and Former Spouses

None ☑

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight years immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

---

### 17. Environmental Information

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

---

None ☑

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

---

None ☑

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

---

None ☑

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

---

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on **MAR 0 2 2015**

Dana DeBeauvoir, County Clerk

By Deputy: M. LIMON

## UNITED STATES BANKRUPTCY COURT
### WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

In re:   **Stella M. Powell**                                                                Case No.   **12-12842**

(if known)

## STATEMENT OF FINANCIAL AFFAIRS
*Continuation Sheet No. 4*

---

### 18. Nature, location and name of business

None
☐

a.  If the debtor is an individual, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within six years immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

| NAME, ADDRESS, AND LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN) / COMPLETE EIN | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|
| **Confluence Development Group** 1300 West Lynn, Ste. 106 Austin, TX 78703 454355928 | **Strategic Business Development** | 12/10/09 - present |
| **Composite Services** 1300 West Lynn, Ste. 106 Austin, TX 78703 20 052 9296 | **Business development** | non-operational |

---

None
☑

b.  Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within six years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)

---

### 19. Books, records and financial statements

None
☑

a.  List all bookkeepers and accountants who within two years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

---

None
☑

b.  List all firms or individuals who within two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

---

None
☑

c.  List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on **MAR 0 2 2015**

Dana DeBeauvoir, County Clerk

By Deputy:

M. LIMON

B7 (Official Form 7) (04/10) - Cont.

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

In re:   Stella M. Powell

Case No.   **12-12842**
(if known)

## STATEMENT OF FINANCIAL AFFAIRS
*Continuation Sheet No. 5*

None ☑ d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within two years immediately preceding the commencement of this case.

### 20. Inventories

None ☑ a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

None ☑ b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

### 21. Current Partners, Officers, Directors and Shareholders

None ☑ a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

None ☑ b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

### 22. Former partners, officers, directors and shareholders

None ☑ a. If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

None ☑ b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

### 23. Withdrawals from a partnership or distributions by a corporation

None ☑ If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

### 24. Tax Consolidation Group

None ☑ If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within six years immediately preceding the commencement of the case.

### 25. Pension Funds

None ☑ If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within six years immediately preceding the commencement of the case.

I, Dana DeBeauvoir, County Clerk, Travis County,
Texas, do hereby certify that this is a true and
correct copy as same appears of record in my office.
Witness my hand and seal of office on

Dana DeBeauvoir, County Clerk **MAR 0 2 2015**
By Deputy



M. LIMON

**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

In re: **Stella M. Powell**

Case No. **12-12842**

(if known)

## STATEMENT OF FINANCIAL AFFAIRS
*Continuation Sheet No. 6*

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date **1/22/2013**

Signature ___**/s/ Stella M. Powell**_____
of Debtor     *Stella M. Powell*

Date _____

Signature _____
of Joint Debtor
(if any)

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both.*
*18 U.S.C. §§ 152 and 3571*

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on

Dana DeBeauvoir, County Clerk **MAR 02 2015**

By Deputy:

M. LIMON

B 201B (Form 201B) (12/09)

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

In re  Stella M. Powell

Case No. __12-12842__

Chapter ____13____

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
## UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certification of the Debtor

I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

Stella M. Powell _____

Printed Name(s) of Debtor(s)

Case No. (if known)  **12-12842** _____

X __/s/ Stella M. Powell_____  **1/22/2013**
Signature of Debtor                          Date

X _____
Signature of Joint Debtor (if any)           Date

### Certificate of Compliance with § 342(b) of the Bankruptcy Code

I,_____**Douglas J. Powell**_____ , counsel for Debtor(s), hereby certify that I delivered to the Debtor(s) the Notice required by § 342(b) of the Bankruptcy Code.

**/s/ Douglas J. Powell** _____

Douglas J. Powell, Attorney for Debtor(s)
Bar No.: 16194900
Law Offices of Douglas J. Powell, P.C.
820 W. 10th St.
Austin, TX 78701
Phone: (512) 476-2457
Fax: (512) 477-4503
E-Mail: dpowell@dougpowelllaw.com

---

**Instructions:**  Attach a copy of Form B 201A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) ONLY if the certification has NOT been made on the Voluntary Petition, Official Form B1. Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor. The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on

Dana DeBeauvoir, County Clerk **MAR 0 2 2015**

By Deputy:
M. LIMON

## UNITED STATES BANKRUPTCY COURT

## NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a JOINT CASE (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

### 1.  Services Available from Credit Counseling Agencies

With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis. The briefing must be given within 180 days BEFORE the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge. The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

### 2.  The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

**Chapter 7:  Liquidation  ($245 filing fee, $46 administrative fee, $15 trustee surcharge: Total fee $306)**
Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.



I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office MAR 0 2 2015

Dana DeBeauvoir, County Clerk
By Deputy:

## Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $46 administrative fee: Total fee $281)

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

## Chapter 11: Reorganization ($1000 filing fee, $46 administrative fee: Total fee $1046)
Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

## Chapter 12: Family Farmer or Fisherman    ($200 filing fee, $46 administrative fee: Total fee $246)
Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3.  Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:**  Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court. The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office MAR 0 2 2015

Dana DeBeauvoir, County Clerk

By Deputy:   M. LIMON

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

IN RE:  Stella M. Powell

CASE NO  **12-12842**

CHAPTER   13

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | |
|---|---:|
| For legal services, I have agreed to accept: | $3,500.00 |
| Prior to the filing of this statement I have received: | $1,219.00 |
| Balance Due: | $2,281.00 |

2. The source of the compensation paid to me was:

    ☑ Debtor      ☐ Other (specify)

3. The source of compensation to be paid to me is:

    ☑ Debtor      ☐ Other (specify)

4. ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with another person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:
   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

6. By agreement with the debtor(s), the above-disclosed fee does not include the following services:
   **Representation in any adversary proceedings, contested matter or appeals. The amount reflected above does not include the filing fee for the filing of this matter with the Court which was handled by the Debtor's attorney.**

   **In a Chapter 13 case, this fee does not include representation in any Motion to Lift Stay, Motion to Dismiss, Motion to Modify Chapter 13 Plan, Request for Moratorium, Applications to Incur Consumer Debt, Motions to Vacate and Motions to Reinstate. An additional fee will be charged for representation in these matters.**

   **The attorney fees to be paid through the Chapter 13 Plan shall be at a rate of $1000.00 upon the initial dispursement, and for each month thereafter, at a rate of $250.00 until paid in full.**

   **In the event my Chapter 13 case is dismissed for any reason, I authorize the Chapter 13 Trustee to disburse any remaining funds held by her to my attorney, Douglas J. Powell, up to the amount of attorneys fees agreed to in the proceeding after Motion and entry of Order by this Court.**

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on **MAR 0 2 2015**

Dana DeBeauvoir, County Clerk

By Deputy:

M. LIMON

IN RE:   **Stella M. Powell**

CASE NO   **12-12842**

CHAPTER   **13**

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| **1/22/2013** | **/s/ Douglas J. Powell** | |
|---|---|---|
| *Date* | *Douglas J. Powell* | Bar No.  16194900 |
| | Law Offices of Douglas J. Powell, P.C. | |
| | 820 W. 10th St. | |
| | Austin, TX 78701 | |
| | Phone: (512) 476-2457 / Fax: (512) 477-4503 | |

**/s/ Stella M. Powell**

*Stella M. Powell*



I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on

Dana DeBeauvoir, County Clerk    **MAR 0 2 2015**

By Deputy: _____

M. LIMON

**B 22C (Official Form 22C) (Chapter 13) (12/10)**
In re: **Stella M. Powell**

Case Number: **12-12842**

According to the calculations required by this statement:
- ☐ The applicable commitment period is 3 years.
- ☑ The applicable commitment period is 5 years.
- ☑ Disposable income is determined under § 1325(b)(3).
- ☐ Disposable income is not determined under § 1325(b)(3).
(Check the boxes as directed in Lines 17 and 23 of this statement.)

# CHAPTER 13 STATEMENT OF CURRENT MONTHLY INCOME
# AND CALCULATION OF COMMITMENT PERIOD AND DISPOSABLE INCOME

In addition to Schedules I and J, this statement must be completed by every individual chapter 13 debtor, whether or not filing jointly. Joint debtors may complete one statement only.

| | Part I. REPORT OF INCOME | | | |
|---|---|---|---|---|
| | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed.<br>a. ☑ Unmarried. Complete only Column A ("Debtor's Income") for Lines 2-10.<br>b. ☐ Married. Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 2-10. | | | |
| 1 | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | | **Column A**<br><br>Debtor's Income | **Column B**<br><br>Spouse's Income |
| 2 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | | $17,291.67 | |
| 3 | **Income from the operation of a business, profession, or farm.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 3. If you operate more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero. **Do not include any part of the business expenses entered on Line b as a deduction in Part IV.** | | | |
| | a. Gross receipts | $0.00 | | |
| | b. Ordinary and necessary business expenses | $0.00 | | |
| | c. Business income | Subtract Line b from Line a | $0.00 | |
| 4 | **Rent and other real property income.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. Do not enter a number less than zero. **Do not include any part of of the operating expenses entered on Line b as a deduction in Part IV.** | | | |
| | a. Gross receipts | $0.00 | | |
| | b. Ordinary and necessary operating expenses | $0.00 | | |
| | c. Rent and other real property income | Subtract Line b from Line a | $0.00 | |
| 5 | **Interest, dividends, and royalties.** | | $0.00 | |
| 6 | **Pension and retirement income.** | | $0.00 | |
| 7 | **Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose.** Do not include alimony or separate maintenance payments or amounts paid by the debtor's spouse. Each regular payment should be reported in only one column; if a payment is listed in Column A, do not report that payment in Column B. | | $0.00 | |
| 8 | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 8. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below: | | | |
| | Unemployment compensation claimed to be a benefit under the Social Security Act | Debtor $0.00 | Spouse | $0.00 |
| 9 | **Income from all other sources.** Specify source and amount. If necessary, list additional sources on a separate page. Total and enter on Line 9. **Do not include alimony or separate maintenance payments paid by your spouse, but include all other payments of alimony or separate maintenance. Do not include any benefits received under the the Social Security Act** or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism. | | | |
| | a. | | | |
| | b. | | | |
| | | | $0.00 | |

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office MAR 0 2 2015

Dana DeBeauvoir, County Clerk
By Deputy: M. LIMON

Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas (210) 561-5300, Copyright 1996-2012.

| 10 | **Subtotal.** Add Lines 2 thru 9 in Column A, and, if Column B is completed, add Lines 2 through 9 in Column B. Enter the total(s). | $17,291.67 | |
|----|----|----|----|
| 11 | **Total.** If Column B has been completed, add Line 10, Column A to Line 10, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 10, Column A. | | $17,291.67 |

## Part II. CALCULATION OF § 1325(b)(4) COMMITMENT PERIOD

| 12 | Enter the amount from Line 11. | $17,291.67 |
|----|----|----|
| 13 | **Marital adjustment.** If you are married, but are not filing jointly with your spouse, AND if you contend that calculation of the commitment period under § 1325(b)(4) does not require inclusion of the income of your spouse, enter on Line 13 the amount of income listed in Line 10, Column B that was NOT paid on a regular basis for the household expenses of you or your dependents and specify, in the lines below, the basis for excluding this income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If the conditions for entering this adjustment do not apply, enter zero. <br><br> a. <br> b. <br> c. <br><br> Total and enter on Line 13. | $0.00 |
| 14 | **Subtract Line 13 from Line 12 and enter the result.** | $17,291.67 |
| 15 | **Annualized current monthly income for § 1325(b)(4).** Multiply the amount from Line 14 by the number 12 and enter the result. | $207,500.04 |
| 16 | **Applicable median family income.** Enter the median family income for applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) <br><br> a. Enter debtor's state of residence: **Texas**    b. Enter debtor's household size: **1** | $40,925.00 |
| 17 | **Application of § 1325(b)(4).** Check the applicable box and proceed as directed. <br><br> ☐ **The amount on Line 15 is less than the amount on Line 16.** Check the box for "The applicable commitment period is 3 years" at the top of page 1 of this statement and continue with this statement. <br><br> ☑ **The amount on Line 15 is not less than the amount on Line 16.** Check the box for "The applicable commitment period is 5 years" at the top of page 1 of this statement and continue with this statement. | |

## Part III. APPLICATION OF § 1325(b)(3) FOR DETERMINING DISPOSABLE INCOME

| 18 | Enter the amount from Line 11. | $17,291.67 |
|----|----|----|
| 19 | **Marital adjustment.** If you are married, but are not filing jointly with your spouse, enter on Line 19 the total of any income listed in Line 10, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. Specify in the lines below the basis for excluding the Column B income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If the conditions for entering this adjustment do not apply, enter zero. <br><br> a. <br> b. <br> c. <br><br> Total and enter on Line 19. | $0.00 |

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on

Dana DeBeauvoir, County Clerk MARCH 2 2015
By Deputy

Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas (210) 561-5300, Copyright 1996-2012.

M. LIMON

| 20 | Current monthly income for § 1325(b)(3). Subtract Line 19 from Line 18 and enter the result. | $17,291.67 |
|---|---|---|
| 21 | Annualized current monthly income for § 1325(b)(3). Multiply the amount from Line 20 by the number 12 and enter the result. | $207,500.04 |
| 22 | Applicable median family income. Enter the amount from Line 16. | $40,925.00 |
| 23 | Application of § 1325(b)(3). Check the applicable box and proceed as directed.<br>☑ **The amount on Line 21 is more than the amount on Line 22.** Check the box for "Disposable income is determined under § 1325(b)(3)" at the top of page 1 of this statement and complete the remaining parts of this statement.<br>☐ **The amount on Line 21 is not more than the amount on Line 22.** Check the box for "Disposable income is not determined under § 1325(b)(3)" at the top of page 1 of this statement and complete Part VII of this statement. DO NOT COMPLETE PARTS IV, V, OR VI. | |

## Part IV. CALCULATION OF DEDUCTIONS FROM INCOME

### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| 24A | National Standards: food, apparel and services, housekeeping supplies, personal care, and miscellaneous. Enter in Line 24A the "Total" amount from IRS National Standards for Allowable Living Expenses for the applicable number or persons. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) The applicable number of persons is the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | $565.00 |
|---|---|---|

| 24B | National Standards: health care. Enter in Line a1 below the amount from IRS National Standards for Out-of-Pocket Health Care for persons under 65 years of age, and in Line a2 the IRS National Standards for Out-of-Pocket Health Care for persons 65 years of age or older. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) Enter in Line b1 the applicable number of persons who are under 65 years of age, and enter in Line b2 the applicable number of persons who are 65 years of age or older. (The applicable number of persons in each age category is the number in that category that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support.) Multiply Line a1 by Line b1 to obtain a total amount for persons under 65, and enter the result in Line c1. Multiply Line a2 by Line b2 to obtain a total amount for persons 65 and older, and enter the result in Line c2. Add Lines c1 and c2 to obtain a total health care amount, and enter the result in Line 24B. | $60.00 |
|---|---|---|

| Persons under 65 years of age | | | Persons 65 years of age or older | | |
|---|---|---|---|---|---|
| a1. | Allowance per person | $60.00 | a2. | Allowance per person | $144.00 |
| b1. | Number of persons | 1 | b2. | Number of persons | |
| c1. | Subtotal | $60.00 | c2. | Subtotal | $0.00 |

| 25A | Local Standards: housing and utilities; non-mortgage expenses. Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and family size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) The applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | $427.00 |
|---|---|---|

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on

Dana DeBeauvoir, Cou MAR 0 2 2015
By Deputy:
M. LIMON

Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas (210) 561-5300. Copyright 1996-2012

| | | | | |
|---|---|---|---|---|
| 25B | Local Standards: housing and utilities; mortgage/rent expense. Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and family size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court) (the applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 47; subtract Line b from Line a and enter the result in Line 25B. DO NOT ENTER AN AMOUNT LESS THAN ZERO. | | | |
| | a. | IRS Housing and Utilities Standards; mortgage/rent expense | $1,208.00 | |
| | b. | Average Monthly Payment for any debts secured by your home, if any, as stated in Line 47 | $4,261.00 | |
| | c. | Net mortgage/rental expense | Subtract Line b from Line a. | $0.00 |
| 26 | Local Standards: housing and utilities; adjustment. If you contend that the process set out in Lines 25A and 25B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: | | | |
| 27A | Local Standards: transportation; vehicle operation/public transportation expense. You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation. Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 7. ☐ 0 ☑ 1 ☐ 2 or more. If you checked 0, enter on Line 27A the "Public Transportation" amount from IRS Local Standards: Transportation. If you checked 1 or 2 or more, enter on Line 27A the "Operating Costs" amount from IRS Local Standards: Transportation for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (These amounts are available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | | | $244.00 |
| 27B | Local Standards: transportation; additional public transportation expense. If you pay the operating expenses for a vehicle and also use public transportation, and you contend that you are entitled to an additional deduction for your public transportation expenses, enter on Line 27B the "Public Transportation" amount from IRS Local Standards: Transportation. (This amount is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | | | $0.00 |

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on

Dana DeBeauvoir, County Clerk

By Deputy: MAR 0 2 2015

M. LIMON

Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas (210) 561-5300, Copyright 1996-2012

| 28 | **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.) ☐ 1 ☐ 2 or more. <br><br> Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 47; subtract Line b from Line a and enter the result in Line 28. DO NOT ENTER AN AMOUNT LESS THAN ZERO. | | |
|---|---|---|---|
| | a. | IRS Transportation Standards, Ownership Costs | |
| | b. | Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 47 | |
| | c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a. |

| 29 | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 28. <br><br> Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 47; subtract Line b from Line a and enter the result in Line 29. DO NOT ENTER AN AMOUNT LESS THAN ZERO. | | |
|---|---|---|---|
| | a. | IRS Transportation Standards, Ownership Costs | |
| | b. | Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 47 | |
| | c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a. |

| 30 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state, and local taxes, other than real estate and sales taxes, such as income taxes, self-employment taxes, social-security taxes, and Medicare taxes. DO NOT INCLUDE REAL ESTATE OR SALES TAXES. | $4,636.15 |
|---|---|---|
| 31 | **Other Necessary Expenses: involuntary deductions for employment.** Enter the total average monthly deductions that are required for your employment, such as mandatory retirement contributions, union dues, and uniform costs. DO NOT INCLUDE DISCRETIONARY AMOUNTS, SUCH AS VOLUNTARY 401(K) CONTRIBUTIONS. | $142.87 |
| 32 | **Other Necessary Expenses: life insurance.** Enter total average monthly premiums that you actually pay for term life insurance for yourself. DO NOT INCLUDE PREMIUMS FOR INSURANCE ON YOUR DEPENDENTS, FOR WHOLE LIFE OR FOR ANY OTHER FORM OF INSURANCE. | $189.56 |
| 33 | **Other Necessary Expenses: court-ordered payments.** Enter the total monthly amount that you are required to pay pursuant to the order of a court or administrative agency, such as spousal or child support payments. DO NOT INCLUDE PAYMENTS ON PAST DUE OBLIGATIONS INCLUDED IN LINE 49. | $0.00 |
| 34 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total average monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | $0.00 |
| 35 | **Other Necessary Expenses: childcare.** Enter the total average monthly amount that you actually expend on childcare--such as baby-sitting, day care, nursery and preschool. DO NOT INCLUDE OTHER EDUCATIONAL PAYMENTS. | $0.00 |
| 36 | **Other Necessary Expenses: health care.** Enter the total average monthly amount that you actually expend on health care that is required for the health and welfare of yourself or your dependents, that is not reimbursed by insurance or paid by a health savings account, and that is in excess of the amount entered in Line 24B. DO NOT INCLUDE PAYMENTS FOR HEALTH INSURANCE OR HEALTH SAVINGS ACCOUNTS LISTED IN LINE 39. | $0.00 |
| 37 | **Other Necessary Expenses: telecommunication services.** Enter the total average monthly amount that you actually pay for telecommunication services other than your basic home telephone and cell phone service--such as pagers, call waiting, caller id, special long distance, or internet service--to the extent necessary for your health and welfare or that of your dependents. DO NOT INCLUDE ANY AMOUNT PREVIOUSLY DEDUCTED. | $0.00 |
| 38 | **Total Expenses Allowed under IRS Standards.** Enter the total of Lines 24 through 37. | $6,264.58 |

I Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office.

Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas (210) 561-5300, Copyright 1996-2012



seal of office on

Dana DeBeauvoir, County Clerk
By Deputy: MAR 2 3 2015
M. LIMON

| | **Subpart B: Additional Living Expense Deductions**<br>**Note: Do not include any expenses that you have listed in Lines 24-37** | |
|---|---|---|
| 39 | **Health Insurance, Disability Insurance, and Health Savings Account Expenses.** List the monthly expenses in the categories set out in lines a-c below that are reasonably necessary for yourself, your spouse, or your dependents. | |
| | a. Health Insurance ............................................................ $0.00<br>b. Disability Insurance ......................................................... $29.38<br>c. Health Savings Account .................................................. $0.00 | |
| | Total and enter on Line 39 | $29.38 |
| | IF YOU DO NOT ACTUALLY EXPEND THIS TOTAL AMOUNT, state your actual total average monthly expenditures in the space below:<br>_____ | |
| 40 | **Continued contributions to the care of household or family members.** Enter the total average actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. DO NOT INCLUDE PAYMENTS LISTED IN LINE 34. | $0.00 |
| 41 | **Protection against family violence.** Enter the total average reasonably necessary monthly expenses that you actually incur to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | $0.00 |
| 42 | **Home energy costs.** Enter the total average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities, that you actually expend for home energy costs. YOU MUST PROVIDE YOUR CASE TRUSTEE WITH DOCUMENTATION OF YOUR ACTUAL EXPENSES, AND YOU MUST DEMONSTRATE THAT THE ADDITIONAL AMOUNT CLAIMED IS REASONABLE AND NECESSARY. | |
| 43 | **Education expenses for dependent children under 18.** Enter the total average monthly expenses that you actually incur, not to exceed $147.92* per child, for attendance at a private or public elementary or secondary school by your dependent children less than 18 years of age. YOU MUST PROVIDE YOUR CASE TRUSTEE WITH DOCUMENTATION OF YOUR ACTUAL EXPENSES, AND YOU MUST EXPLAIN WHY THE AMOUNT CLAIMED IS REASONABLE AND NECESSARY AND NOT ALREADY ACCOUNTED FOR IN THE IRS STANDARDS. | $0.00 |
| 44 | **Additional food and clothing expense.** Enter the total average monthly amount by which your food and clothing expenses exceed the combined allowances for food and clothing (apparel and services) in the IRS National Standards, not to exceed 5% of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) YOU MUST DEMONSTRATE THAT THE ADDITIONAL AMOUNT CLAIMED IS REASONABLE AND NECESSARY. | |
| 45 | **Charitable contributions.** Enter the amount reasonably necessary for you to expend each month on charitable contributions in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). DO NOT INCLUDE ANY AMOUNT IN EXCESS OF 15% OF YOUR GROSS MONTHLY INCOME. | $0.00 |
| 46 | **Total Additional Expense Deductions under § 707(b).** Enter the total of Lines 39 through 45. | $29.38 |

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on
MAR 0 2 2015
Dana DeBeauvoir, County Clerk
By Deputy:
M. LIMON

| | Subpart C: Deductions for Debt Payment | | | | |
|---|---|---|---|---|---|
| 47 | **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of the creditor, identify the property securing the debt, state the Average Monthly Payment, and check whether the payment includes taxes or insurance. The Average Monthly Payment is the total of all amounts scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. If necessary, list additional entries on a separate page. Enter the total of the Average Monthly Payments on Line 47. | | | | |

| | Name of Creditor | Property Securing the Debt | Average Monthly Payment | Does payment include taxes or insurance? | |
|---|---|---|---|---|---|
| a. | HSBC Mortgage Services | Homestead | $3,346.00 | ☐ yes ☑ no | |
| b. | HSBC Mortgage Services | homestead | $915.00 | ☐ yes ☑ no | |
| c. | Travis County Tax Collections | Homestead | $0.00 | ☐ yes ☑ no | |
| | | | Total: Add Lines a, b and c | | **$4,261.00** |

| | | | | |
|---|---|---|---|---|
| 48 | **Other payments on secured claims.** If any of debts listed in Line 47 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 47, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page. | | | |

| | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount | |
|---|---|---|---|---|
| a. | HSBC Mortgage Services | Homestead | $833.33 | |
| b. | HSBC Mortgage Services | homestead | $333.33 | |
| c. | | | | |
| | | | Total: Add Lines a, b and c | **$1,166.66** |

| | | |
|---|---|---|
| 49 | **Payments on prepetition priority claims.** Enter the total amount, divided by 60, of all priority claims, such as priority tax, child support and alimony claims, for which you were liable at the time of your bankruptcy filing. DO NOT INCLUDE CURRENT OBLIGATIONS, SUCH AS THOSE SET OUT IN LINE 33. | **$38.02** |

| | | | |
|---|---|---|---|
| 50 | **Chapter 13 administrative expenses.** Multiply the amount in Line a by the amount in Line b, and enter the resulting administrative expense. | | |
| | a. | Projected average monthly chapter 13 plan payment. | $5,110.00 |
| | b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | 9.9 % |
| | c. | Average monthly administrative expense of chapter 13 case | Total: Multiply Lines a and b |
| | | | **$505.89** |

| | | |
|---|---|---|
| 51 | **Total Deductions for Debt Payment.** Enter the total of Lines 47 through 50. | **$5,971.57** |
| | Subpart D: Total Deductions from Income | |
| 52 | **Total of all deductions from income.** Enter the total of Lines 38, 46 and 51. | **$12,265.53** |

## Part V. DETERMINATION OF DISPOSABLE INCOME UNDER § 1325(b)(2)

| | | |
|---|---|---|
| 53 | **Total current monthly income.** Enter the amount from Line 20. | $17,291.67 |
| 54 | **Support Income.** Enter the monthly average of any child support payments, foster care payments, or disability payments for a dependent child, reported in Part I, that you received in accordance with applicable nonbankruptcy law, to the extent reasonably necessary to be expended for such child. | |

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on

Dana DeBeauvoir, County Clerk MAR 0 2 2015

By Deputy:

| 55 | Qualified retirement deductions. Enter the monthly total of (a) all amounts withheld by your employer from wages as contributions for qualified retirement plans, as specified in § 541(b)(7) and (b) all required repayments of loans from retirement plans, as specified in § 362(b)(19). | $362.50 |
|---|---|---|
| 56 | Total of all deductions allowed under § 707(b)(2). Enter the amount from Line 52. | $12,265.53 |

| 57 | **Deduction for special circumstances.** If there are special circumstances that justify additional expenses for which there is no reasonable alternative, describe the special circumstances and the resulting expenses in lines a-c below. If necessary, list additional entries on a separate page. Total the expenses and enter the total in Line 57. YOU MUST PROVIDE YOUR CASE TRUSTEE WITH DOCUMENTATION OF THESE EXPENSES AND YOU MUST PROVIDE A DETAILED EXPLANATION OF THE SPECIAL CIRCUMSTANCES THAT MAKE SUCH EXPENSES NECESSARY AND REASONABLE. | | |
|---|---|---|---|
| | | Nature of special circumstances | Amount of expense | |
| | a. | | | |
| | b. | | | |
| | c. | | | |
| | | Total: Add Lines a, b, and c | $0.00 |

| 58 | Total adjustments to determine disposable income. Add the amounts on Lines 54, 55, 56, and 57 and enter the result. | $12,628.03 |
|---|---|---|
| 59 | Monthly Disposable Income Under § 1325(b)(2). Subtract Line 58 from Line 53 and enter the result. | **$4,663.64** |

## Part VI: ADDITIONAL EXPENSE CLAIMS

| 60 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page. All figures should reflect your average monthly expense for each item. Total the expenses. | | |
|---|---|---|---|
| | | Expense Description | Monthly Amount |
| | a. | | |
| | b. | | |
| | c. | | |
| | | Total: Add Lines a, b, and c | $0.00 |

## Part VII: VERIFICATION

| 61 | I declare under penalty of perjury that the information provided in this statement is true and correct. *(If this is a joint case, both debtors must sign.)* |
|---|---|
| | Date: __1/22/2013__   Signature: __/s/ Stella M. Powell__ Stella M. Powell |
| | Date: _____   Signature: _____ (Joint Debtor, if any) |

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on

Dana DeBeauvoir, County Clerk MAR 0 2 2015
By Deputy

M. LIMON

# Tab H

No. C-1-PB-14-001695

| Estate of | § | In Probate Court No. 1 |
|---|---|---|
| | § | |
| Stella Marie Powell, | § | of |
| | § | |
| Deceased | § | Travis County, Texas |

## Supplement to the Record:
### Affidavit Regarding Court Notice of the Constitutional Challenge of a State Statute under Texas Government Code § 402.010

Before me, the undersigned authority, personally appeared Christy Nisbett, who being duly sworn deposed as follows:

"My name is Christy Nisbett. I am at least 18 years of age and of sound mind. I have personal knowledge of the facts alleged herein.

"Pursuant to Texas Government Code Section 402.010(a), Legal Challenges to Constitutionality of State Statutes, Travis County Probate Court No. 1 was required to serve on the Attorney General notice of the constitutional challenge of a state statute filed in this cause, along with a copy of the pleadings that raised the challenge.

"On behalf of the court and in my capacity as Court Administrator for Travis County Probate Court No. 1, I served the required notice and pleadings electronically to an email address designated by the Attorney General for the purposes of Section 402.010 – one of the methods of service specified by the statute.

"These email messages, including their attachments, together with the email responses from the Office of the Attorney General are attached as an Exhibit to this affidavit.

"There are a total of six email messages:

| Date & Time | Exhibit Pages | To & From | Description |
|---|---|---|---|
| 11/12/2014, 4:48 p.m. | 1-2 | From the Court to the Office of the Attorney General | Serving notice of attached filed challenge, asking for confirmation that (1) challenge was received and (2) email address used was the appropriate one |
| 11/12/2014, 4:54 p.m. | 3-4 | From the Office of the Attorney General to the Court | Acknowledging that form was received and that email address was appropriate place to send the form, and requesting pleadings |
| 11/12/2014, 5:14 p.m. | 5-23 | From the Court to the Office of the Attorney General | Attaching required pleadings and noting that second page of Supplemental Response was not scanned yet |
| 11/12/2014, 5:15 p.m. | 24-25 | From the Office of the Attorney General to the Court | Acknowledging receipt |
| 11/13/2014, 10:07 a.m. | 26-29 | From the Court to the Office of the Attorney General | Attaching complete supplemental response |
| 11/13/2014, 10:13 a.m. | 30-31 | From the Office of the Attorney General to the Court | Acknowledging receipt |



I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on MAR 0 2 2015

Dana DeBeauvoir, County Clerk

By Deputy:

"The email messages and the attachments set out in the following Exhibit have not been altered in any way.

"Further affiant sayeth not."

*Christy Nisbett*

Christy Nisbett, Court Administrator
Travis County Probate Court No. 1

**SUBSCRIBED AND SWORN TO BEFORE ME** on February 25, 2015 by Christy Nisbett, Court Administrator for Travis County Probate Court No. 1.

Notary Public, State of Texas

TANYA F. SCANLON
Notary Public
STATE OF TEXAS
Commission Exp. 02-06-2018

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on **MAR 0 2 2015**

Dana DeBeauvoir, County Clerk
By Deputy: M. LEMON

## Christy Nisbett

**From:** Christy Nisbett
**Sent:** Wednesday, November 12, 2014 4:48 PM
**To:** 'const_claims@texasattorneygeneral.gov'
**Subject:** Challenge to Constitutionality of a State Statute
**Attachments:** From Travis County Probate Court No. 1.pdf


Please see the attached, which was filed in Travis County Probate Court No. 1.
We would appreciate your confirming that you received this attachment and that we have sent this attachment to the appropriate place.

Thanks,

Christy Nisbett
Probate Court Administrator / Staff Attorney
Travis County Probate Court No. 1
1000 Guadalupe Street, Room 217
Austin, TX 78701
Phone: (512) 854-9559
Fax: (512) 854-4418

*Please note the county recently changed its email domain name. My new email address is christy.nisbett@traviscountytx.gov.*

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on MAR 0 2 2015

Dana DeBeauvoir, County Clerk
By Deputy:

Filed: 11/8/2014 5:29:19 PM
Dana DeBeauvoir
Travis County Clerk
C-1-PB-14-001695
Abram Gonzalez

## Challenge to Constitutionality of a State Statute

This form must be completed by a party filing a petition, motion or other pleading challenging constitutionality of a state statute. The completed form must be filed with the court in which the cause is pending as required by Section 402.010 (a-1), Texas Government Code.

**Cause Number** *(For Clerk Use Only)*:        **Court** *(For Clerk Use Only)*:

**Styled:**

    *(e.g., John Smith v. All American Insurance Co.; in re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

**Contact Information for party\* challenging the constitutionality of a state statute.** *(\*If party is not a person, provide contact information for party, party's representative or attorney.)*

| | |
|---|---|
| **Name:** Sonemaly Phrasavath c/o Brian Thompson | **Telephone:** 512-615-6195 |
| **Address:** 400 W. 15th Street, Suite 408 | **Fax:** 512-615-6194 |
| **City/State/Zip:** Austin, Texas 78701 | **State Bar No. (if applicable):** 24051425 |
| **Email:** bthompson@hoppermikeska.com | |

**Person completing this form is:** ☒ Attorney for Party ☐ Unrepresented Party ☐ Other:

**Identify the type of pleading you have filed challenging the constitutionality of a state statute.**

☐ Petition     ☐ Answer     ☐ Motion (Specify type):

☒ Other: <u>Response to Motion for Dismiss/Special Exceptions</u>

**Is the Attorney General of the State of Texas a party to or counsel in this cause?**

☐ Yes    ☒ No

**List the state statute(s) being challenged in your pleading and provide a summary of the basis for your challenge. (Additional pages may be attached if necessary.)**

<u>Sonemaly Phrasavath challenges the constitutionality of Texas Family Code Sections 2.401 and 6.204 and Article 1, Section 32 of the Texas Constitution insofar as these laws prohibit recognition of same-sex, informal marriage. These laws are challenged under the Fourteenth Amendment to the United States Constitution and the holding of DeLeon v. Perry, 975 F.Supp.2d 632, 640-41 (W.D. Tex. 2014).</u>

9/5/13

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office.
Witness my hand and seal of office on **MAR 0 2 2015**

Dana DeBeauvoir, County Clerk
By Deputy:
M. LIMON

## Christy Nisbett

**From:** Dower, Benjamin <Benjamin.Dower@texasattorneygeneral.gov>
**Sent:** Wednesday, November 12, 2014 4:54 PM
**To:** Christy Nisbett; const_claims
**Subject:** RE: Challenge to Constitutionality of a State Statute

Ms. Nisbett,

I acknowledge that the form has been received and that this email address was the appropriate place to send it. Thank you!

Would you mine please also sending the pleading in which Sonemaly Phrasavath challenged the constitutionality of the Texas Family Code to this same email address? I would really appreciate it.

Yours with gratitude,

Benjamin L. Dower
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
512.475.4078 (direct)
512.320.0667 (fax)
benjamin.dower@texasattorneygeneral.gov

ATTORNEY-CLIENT PRIVILEGED: This is a confidential communication and intended for the addressee(s) only. Any unauthorized interception or disclosure of this transmission is prohibited. If you are not the intended recipient of this message, please notify the sender and destroy this and all copies of this communication. Thank you.

---

**From:** Christy Nisbett [mailto:Christy.Nisbett@traviscountytx.gov]
**Sent:** Wednesday, November 12, 2014 4:48 PM
**To:** const_claims
**Subject:** Challenge to Constitutionality of a State Statute

Please see the attached, which was filed in Travis County Probate Court No. 1.
We would appreciate your confirming that you received this attachment and that we have sent this attachment to the appropriate place.

Thanks,

Christy Nisbett
Probate Court Administrator / Staff Attorney
Travis County Probate Court No. 1
1000 Guadalupe Street, Room 217
Austin, TX 78701
Phone: (512) 854-9559

Exhibit Page 3 of 31

I, Dana DeBeauvoir, County Clerk, Travis County,
Texas, do hereby certify that this is a true and
correct copy as same appears of record in my office.
Witness my hand and seal of office on

**MAR 0 2 2015**

Dana DeBeauvoir, County Clerk

By Deputy:

M. LIMON

Fax: **(512) 854-4418**

*Please note the county recently changed its email domain name.  My new email address is*
*christy.nisbett@traviscountytx.gov.*

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on

Dana DeBeauvoir County Clerk MAR 0 2 2015
By Deputy:
M. LIMON

# Christy Nisbett

| | |
|---|---|
| **From:** | Christy Nisbett |
| **Sent:** | Wednesday, November 12, 2014 5:14 PM |
| **To:** | 'Dower, Benjamin'; const_claims |
| **Subject:** | RE: Challenge to Constitutionality of a State Statute |
| **Attachments:** | Powell Response to Special Exceptions.pdf; Supplement, page 1.pdf |

The pleading is attached. I've also attached the first page of a supplemental response. The clerk's office scanned only the first page, and the hard copy has not made it to the file. I'll forward the full pleading as soon as we track it down.

Christy

---

**From:** Dower, Benjamin [mailto:Benjamin.Dower@texasattorneygeneral.gov]
**Sent:** Wednesday, November 12, 2014 4:54 PM
**To:** Christy Nisbett; const_claims
**Subject:** RE: Challenge to Constitutionality of a State Statute

Ms. Nisbett,

I acknowledge that the form has been received and that this email address was the appropriate place to send it. Thank you!

Would you mine please also sending the pleading in which Sonemaly Phrasavath challenged the constitutionality of the Texas Family Code to this same email address? I would really appreciate it.


Yours with gratitude,

Benjamin L. Dower
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
512.475.4078 (direct)
512.320.0667 (fax)
benjamin.dower@texasattorneygeneral.gov

ATTORNEY-CLIENT PRIVILEGED: This is a confidential communication and intended for the addressee(s) only. Any unauthorized interception or disclosure of this transmission is prohibited. If you are not the intended recipient of this message, please notify the sender and destroy this and all copies of this communication. Thank you.


---

**From:** Christy Nisbett [mailto:Christy.Nisbett@traviscountytx.gov]
**Sent:** Wednesday, November 12, 2014 4:48 PM
**To:** const_claims
**Subject:** Challenge to Constitutionality of a State Statute

Please see the attached, which was filed in Travis County Probate Court No. 1.

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office Witness my hand and seal of office on MAR 0-2 2015

Dana DeBeauvoir, County Clerk
By Deputy

We would appreciate your confirming that you received this attachment and that we have sent this attachment to the appropriate place.

Thanks,

Christy Nisbett
Probate Court Administrator / Staff Attorney
Travis County Probate Court No. 1
1000 Guadalupe Street, Room 217
Austin, TX 78701
Phone: (512) 854-9559
Fax: (512) 854-4418

*Please note the county recently changed its email domain name. My new email address is*
*christy.nisbett@traviscountytx.gov.*

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on

Dana DeBeauvoir, County Clerk **MAR 0 2 2015**
By Deputy:

M. LIMON

Filed: 11/6/2014 5:23:19 PM
Dana DeBeauvoir
Travis County Clerk
C-1-PB-14-001695
Abram Gonzalez

No. C-1-PB-14-001695

| ESTATE OF | § | IN THE PROBATE COURT |
|---|---|---|
| | § | |
| STELLA MARIE POWELL, | § | NUMBER 1 |
| | § | |
| DECEASED | § | TRAVIS COUNTY, TEXAS |

## SONEMALY PHRASAVATH'S RESPONSE TO SPECIAL EXCEPTIONS AND MOTION TO DISMISS AND MOTION FOR CONTINUANCE

Sonemaly Phrasavath ("Sonemaly") hereby files this Response to the Special Exceptions and Motion to Dismiss filed by James Powell and Alice Huseman. Sonemaly also files, in the alternative, a Motion for Continuance. In support of her Response and the Motion for Continuance, Sonemaly would show the Court the following:

### I.
### Introduction

Stella Powell ("Stella"), the decedent herein, and Sonemaly were in a committed, same-sex relationship for approximately eight years and were married for almost six years. Like any other married couple, they resided in the same home, celebrated their love for each other before friends and family at a marriage ceremony, and lived openly as spouses. During Stella's final illness, Sonemaly cared for Stella at their home until Stella ultimately lost her battle with cancer at the much too young age of 53.

Sonemaly has filed an application for heirship in this matter as Stella's common law spouse. James Powell and Alice Huseman (collectively, "Movants"), who are Stella's surviving siblings, have filed special exceptions and a motion to dismiss Sonemaly's application based on Texas's laws banning the recognition of same-sex marriages. These laws, like those in many other states, have been struck down since the United States Supreme Court's landmark decision

1

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office oMAR 0 2 2015

Dana DeBeauvoir, County Clerk

in *U.S. v. Windsor*. In fact, since *Windsor*, the vast majority of courts to entertain a challenge to same-sex marriage bans have struck down such bans as unconstitutional. Sonemaly seeks the same remedy from this Court and asks that the Court deny Movants' special exceptions and motion to dismiss.

In the alternative, because Texas law requires that the Attorney General of Texas be given notice of Sonemaly's constitutional challenge to Texas's laws banning same-sex marriage, and because a judgment that these laws are unconstitutional cannot be given until 45 days after such notice is given, Sonemaly moves for a continuance of the hearing on Movants' special exceptions and motion to dismiss until such notice period passes.

## II.
## Facts

Sonemaly and Stella met in the summer of 2004 and began a romantic relationship in the summer of 2006. In April 2007, they traveled to Maui, Hawaii, and Sonemaly proposed to Stella on the peak of Mount Haleakala. In May 2007, the couple hosted a party to celebrate their engagement before family and friends. Shortly afterwards, the couple began living together in Austin.

On April 3, 2008, Sonemaly and Stella were married at Chapel Dulciea in Driftwood, Texas. Zen Priest Barbara Kohen officiated the marriage, which was attended by a small group of friends and family. Thereafter, Stella and Sonemaly executed declarations stating that they, among other things, were each other's domestic partner, were living in an intimate and committed relationship, were residing together, and were jointly financially responsible for each other's basic living expenses. In fact, the couple began living together shortly after their engagement and cohabitated until Stella's death in the summer of 2014.

2

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on
MAR 0 2 2015
Dana DeBeauvoir, County Clerk
By Deputy:


In October 2013, Stella was diagnosed with colon cancer. During Stella's battle with the disease, Sonemaly acted as Stella's medical power of attorney, cared for her at their home, and accompanied her to treatments in Houston at M.D. Anderson and in Austin. Unfortunately, on June 21, 2014, Stella succumbed to cancer at the age of 53.

After Stella's death, Sonemaly and Movants discussed settling Stella's estate based on the terms of a will that Stella had drafted shortly before her death but had never executed. When these discussions were unsuccessful, Movants filed their Application for Determination of Heirship, which states that Stella was never married and does not even mention Sonemaly's name. Since that filing, Sonemaly has filed a contest to Movants' application and a competing application as Stella's common law spouse.

On October 15, 2014, Movants filed their Special Exceptions and Motion to Dismiss (the "Special Exceptions") Sonemaly's heirship application arguing that Stella's marriage to Sonemaly should not be recognized by this Court because of Texas's laws banning same-sex marriage. Movants' Special Exceptions omit the glaring fact that this ban has been struck down as unconstitutional by the Federal District Court for the Western District of Texas in the case of *DeLeon v. Perry*, 975 F.Supp.2d 632 (W.D. Tex. 2014). *DeLeon* follows the holdings of the vast majority of courts to entertain a challenge to state bans on same-sex marriage since the United States Supreme Court's decision in *Windsor*, wherein the Court held that the Federal Defense of Marriage Act's ("DOMA") limitation of marriage to opposite sex couples was unconstitutional. 133 S.Ct. 2675 (2013). Sonemaly now requests this Court to follow these holdings and rule that Texas's laws banning same-sex marriage are unconstitutional and, based on this holding, to deny Movants' Special Exceptions.

3

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on

Dana DeBeauvoir, C**MAR 0 2 2015**
By Deputy:



## III.
## Arguments and Authorities

### A. The history of laws banning same-sex marriage in Texas.

Movants have cited to three Texas laws to support their argument that the Court should disregard Sonemaly and Stella's marriage: (1) Texas Family Code § 2.401 (limiting informal marriage to "marriage of a man and woman"); (2) Texas Family Code § 6.204(b) (stating that "[a] marriage between persons of the same sex...is void in this state"); and (3) Article I, § 32 of the Texas Constitution (stating that "[m]arriage in this state shall consist only of the union of one man and one woman....This state or a political subdivision of this state may not create or recognize any legal status identical or similar to marriage."). Sonemaly will refer to these laws collectively as "Texas's Ban."

The Texas Family Code was amended in 1973 after the unsuccessful attempts of a small number of gay and lesbian citizens to obtain marriage licenses. James W. Harper and George M. Clifton, Heterosexuality: A Prerequisite to Marriage in Texas? 14 SOUTH TEXAS L.J. 220 (1973). During the same period, same-sex couples in other states brought suits seeking to marry. *Jones v. Hallahan*, 501 S.W.2d 588 (Ky. Ct. App. 1973); *Baker v. Nelson*, 191 N.W.2d 185 (Minn. 1971), *aff'd*, 409 U.S. 810 (1972); *Anonymous v. Anonymous*, 325 N.Y.S.2d 499 (N.Y. Sup. Ct. 1971); *Singer v. Hara*, 522 P.2d 1187 (Wash. Ct. App. 1974). In reaction to these attempts, the Texas legislature amended the Texas Family Code to state that "a man and woman" rather than "persons" were entitled to obtain a marriage license and added, "[a] license may not be issued for the marriage of persons of the same sex." TEX. FAM. CODE § 1.01 (1973).

As a reaction to the Hawaii Supreme Court court's holding that same-sex couples had the right to marry under that state's law, Congress in 1996 enacted DOMA, which limited federal

4

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on **MAR 0 2 2015**

Dana DeBeauvoir, County Clerk
By Deputy

recognition of marriage to only same-sex marriages, and numerous states followed with so-called "mini-DOMAs," which prohibited states from recognizing marriages between same-sex couples. *See* Jane S. Schacter, Courts and the Politics of Backlash, 82 S. CAL. L. REV. 1153, 1188-89 (Sept. 2009). These mini-DOMAs typically defined marriage as only between one man and one woman and prevented states from giving full faith and credit to same-sex marriages lawfully entered in other jurisdictions. Texas followed suit in 2003 with its own mini-DOMA by enacting Texas Family Code § 6.204, which voids all marriages and all civil unions between same-sex couples and prohibits state recognition of any such relationships. TEX. FAM. CODE § 6.204(b). It further prohibits the state from giving effect to any "legal protection, benefit, or responsibility" allegedly resulting from such marriages or civil unions. TEX. FAM. CODE § 6.204(c).

In 2005, Texas enshrined this law in the state constitution. The constitutional amendment was passed by referendum with approximately 76% of the vote. OFFICE OF TEXAS SECRETARY OF STATE, 2005 CONSTITUTIONAL AMENDMENT ELECTION, http://elections.sos.state.tx.us/elchist.exe (last visited November 4, 2014). As a result, Article I, § 32 of the Texas Constitution now states:

> (a) Marriage in this state shall consist only of the union of one man and one woman.
>
> (b) This state or a political subdivision of this state may not create or recognize any legal status identical or similar to marriage.

This discriminatory constitutional provision, as well as the other laws comprising Texas's Ban, cannot withstand constitutional scrutiny and should be disregarded in this matter. The Court should determine the question of whether Stella and Sonemaly's marriage should be recognized based on the laws governing informal marriage, not based on Texas's unjustifiable ban. This is especially evident in light of the United States Supreme Court's decision in *U.S. v. Windsor*.

5

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on MAR 0 2 2015

Dana DeBeauvoir

**B.** **The United States Supreme Court's Decision in *Windsor* and its effect on state laws banning same-sex marriage.**

In *Windsor*, plaintiff Edith Windsor challenged the provision of DOMA that defined "marriage" and "spouse" to exclude same-sex spouses. 133 S.Ct. 2675, 2682 (2013). Ms. Windsor had married Thea Spyer in Canada and that marriage was subsequently recognized in their home state of New York. *Id.* at 2683. Ms. Spyer died in 2009 and left her entire estate to Ms. Windsor. *Id.* But because of Section 3 of DOMA ("Section 3"), which defines "marriage" and "spouse" as excluding same-sex spouses for purposes of all federal statutes and regulations, Ms. Windsor could not qualify as Ms. Spyer's "surviving spouse" for purposes of the federal estate tax exemption. *Id.* As a result, Ms. Windsor was required to pay $363,053.00 in federal estate taxes that she otherwise would not have been required to pay if her marriage to Ms. Spyer was recognized under federal tax law. *Id.* Ms. Windsor challenged Section 3, a challenge that was eventually decided by the Supreme Court.

The Court's opinion, written by Justice Anthony Kennedy, invalidated Section 3 as unconstitutional under the Fifth Amendment's Due Process Clause. *Id.* at 2693. In reaching this holding, Justice Kennedy made the following statements regarding Section 3:

- Section 3's "principal purpose is to impose inequality, not for other reasons like government efficiency."

- Section 3 "tells those [same-sex] couples, and all the world, that their otherwise valid marriages are unworthy of federal recognition."

- Section 3 "demeans the couple, whose moral and sexual choices the Constitution protects." citing *Lawrence v. Texas*, 539 U.S. 558 (2003) (striking down Texas's sodomy laws as unconstitutional).

- Section 3 "humiliates tens of thousands of children now being raised by same-sex couples. The law in question makes it even more difficult for the children to

6

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on
Dana DeBeauvoir, County Clerk MAR 0 2 2015
By Deputy:

M. LIMON

> understand the integrity and closeness of their own family and its concord with other families in the community and in their daily lives."

- "Under DOMA, same-sex married couples have their lives burdened by reason of government decree, in visible and public ways."

*Id.* at 2694-95. The Court held that for these same reasons, Section 3 denied same-sex spouses equal protection of the laws guaranteed by the Fourteenth Amendment. *Id.* at 2695 ("[w]hile the Fifth Amendment itself withdraws from Government the power to degrade or demean the way [DOMA] does, the equal protection clause of the Fourteenth Amendment makes that Fifth Amendment right all the more specific and all the better understood and preserved.").

In a prophetic dissent concerning, in part, the breadth of Justice Kennedy's opinion, Justice Scalia reasoned that majority decision would be applied by lower courts to hold state bans on same sex marriage unconstitutional. *Id.* at 2709. To illustrate his point, Justice Scalia edited excerpts from Justice Kennedy's opinion to show how they might apply equally in a same-sex marriage ban case, including in the following example:

> [DOMA] *This state law* tells those couples, and all the world, that their otherwise valid ~~marriages~~ *relationships* are unworthy of ~~federal~~ *state* recognition. This places same-sex couples in an unstable position of being in a second-tier ~~marriage~~ *relationship*. The differentiation demeans the couple, whose moral and sexual choices the Constitution protects, *see Lawrence*.

*Id.* at 2709-10 (citing *id.* at 2694). Justice Scalia could not have been more accurate with his prediction, as court after court entertaining challenges to state law same-sex marriage bans have applied Justice Kennedy's opinion in *Windsor* to almost uniformly strike those bans down.

At the time of this writing, almost twenty reported decisions, including decisions by the Tenth, Fourth, Seventh and Ninth Circuit United States Courts of Appeals, have relied on *Windsor* to strike down state bans on same sex marriage as unconstitutional. *Bishop v. Smith*, 760

7

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on

Dana DeBeauvoir, MAR 0 2 2015

F.3d 1070 (10th Cir. 2014); *Kitchen v. Herbert*, 755 F.3d 1193 (10th Cir. 2014); *Bostic v. Schaefer*, 760 F.3d 352 (4th Cir. 2014); *Baskin v. Bogan*, 766 F.3d 648 (7th Cir. 2014); *Latta v. Otter*, ---F.3d---, 2014 WL 4977682 (9th Cir. 2014); *Marie v. Moser*, No. 2:14-cv-02518-DDC-TJJ, ---F.Supp.2d---- (D. Kan. 2014); *Bourke v. Beshear*, 996 F.Supp.2d 542 (W.D. Kent. 2014); *Love v. Beshear*, 989 F.Supp.2d 536 (W.D. Kent. 2014); *Gray v. Orr*, 4 F.Supp.3d 984 (N.D. Illinois 2014); *Brenner v. Scott*, 999 F.Supp.2d 1278 (N.D. Fla. 2014); *Hamby v. Parnell*, ---F.Supp.3d---, 2014 WL 5089399 (D. Alaska 2014); *Wolf v. Walker*, 986 F.Supp.2d 982 (W.D. Wisc. 2014); *Majors v. Jeanes*, ---F.Supp.3d---, 2014 WL 4541173 (D. Ariz. 2014); *Whitewood v. Wolf*, 992 F.Supp.2d 410 (M.D. Penn. 2014); *Geiger v. Kitzhaber*, 994 F.Supp.2d 1128 (D. Oregon 2014); *Henry v. Himes*, ---F.Supp.2d---, 2014 WL 1418395 (S.D. Ohio 2014); *Tanco v. Haslam*, 7 F.Supp.3d 759 (M.D. Tenn. 2014); *DeBoer v. Snyder*, 973 F.Supp.2d 757 (E.D. Michigan 2014); *Obergefell v. Wymyslo*, 962 F.Supp.2d 968 (S.D. Ohio 2013). Based on these and other decisions, as well as related legislative enactments, same-sex couples in 32 states and the District of Columbia now have the freedom to marry, and nearly 59% of the U.S. population lives in states currently issuing marriage licenses to same-sex couples. FREEDOM TO MARRY, http://www.freedomtomarry.org/states/ (last visited November 4, 2014). In fact, the undersigned has discovered only two reported cases since *Windsor* upholding a state's ban on same-sex marriage, and even these cases acknowledge the tidal wave of post-*Windsor* opinions striking down the bans. *See Robicheaux v. Caldwell*, 2 F.Supp.3d 910 (E.D. La. 2014) (acknowledging "the near-unanimity of the many other federal courts that have spoken on this pressing issue" and have declared same-sex marriage bans unconstitutional); *Vidal v. Garcia-Padilla*, ---F.Supp.3d--, 2014 WL 5361987 (D. P.R. 2014) (acknowledging that "[a] clear majority of courts have

8

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on MAR 0 2 2015

Dana DeBeauvoir, County Clerk
By Deputy:
M. LIMON

struck down statutes that affirm opposite-gender marriage only). In contrast to these two opinions, since *Windsor* no circuit court of appeals has upheld such a ban. In sum, the effect of *Windsor* has been swift and resolute—*i.e.* based on the majority's reasoning in *Windsor*, state bans on same-sex marriage, including Texas's Ban, no longer pass constitutional muster.

## C.     The *DeLeon* decision.

In *DeLeon v. Perry*, Judge Orlando Garcia of the United States District Court for the Western District of Texas—San Antonio Division, declared Texas's Ban unconstitutional. The plaintiffs in *DeLeon* were two married couples, one lesbian couple who had been married in Massachusetts and were seeking to have their marriage recognized in Texas, and one gay couple who had applied and been denied a Texas marriage license. 975 F.Supp.2d 632, 640-41 (W.D. Tex. 2014). The Defendants were various local and state officials defending Texas's Ban. *Id.* After reciting the history of same-sex marriage bans in the United States, including the enactment of Texas's Ban and DOMA, the Court highlighted the watershed decision in *Windsor*. *Id.* at 641-648. The court then considered the plaintiffs' challenges to Texas's Ban under the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the U.S. Constitution. *Id.* at 649.

### 1.     The *DeLeon* court's equal protection analysis.

Beginning with its equal protection analysis, the court noted that "[t]he Equal Protection Clause of the Fourteenth Amendment commands that no state shall deny to any person within its jurisdiction the equal protection of the laws…This essentially means that all persons similarly situated shall be treated alike." *Id.* at 649 (citing U.S. Const. Amend. XIV § 1 and *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432 (1985)). Measured against the equal

9

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on MAR 0 2 2015

Dana DeBeauvoir, County Clerk

By Deputy:

protection clause, laws are subject to three levels of scrutiny: strict scrutiny, intermediate scrutiny, or rational basis review. *Id.* Although the plaintiffs urged the court to apply strict or intermediate scrutiny to Texas's Ban based on the history of state discrimination against homosexuals, the fact that sexual orientation is immutable, and that homosexuals are a minority with insufficient political power, the court found there was no need because the Ban could not satisfy even the most deferential rational basis level of review. *Id.* at 651-52.

Rational basis requires only that the law bear some rational relationship to a legitimate state interest. *Id.* at 652. The defendants identified two purported legitimate state interests furthered by Texas's Ban: 1) increasing the likelihood that a mother and father will be in charge of childrearing; and 2) encouraging stable family environments for responsible procreation. *Id.* at 653.

The court first rejected the defendants' claim that barring same-sex couples from marrying bears a rational relationship to furthering the welfare of children and childrearing. *Id.* Echoing Justice Kennedy in *Windsor*, the *DeLeon* court found that the ban actually injuries children and "causes needless stigmatization and humiliation for children being raised by the loving same-sex couples being targeted." *Id.* The court found that the defendants had failed to present any evidence that denying marriage to same-sex couples positively affects childrearing or evidence that recognizing a same-sex marriage could affect a heterosexual couple's decision to marry or raise a family. *Id.*

The court then assailed the defendants' procreation arguments by reasoning that "procreation is not and has never been a qualification for marriage," and noted that such a qualification would threaten "the legitimacy of marriages involving post-menopausal women,

10

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on

Dana DeBeauvoir, County Clerk **MAR 0 2 2015**

By Deputy:

M. LIMON

infertile individuals, and individuals who choose to refrain from procreating." *Id.* at 654. Continuing on, Judge Garcia observed that "[p]ermitting same-sex couples to marry will not affect the number of opposite-sex couples who marry, divorce, cohabit, have children outside of marriage or otherwise affect the stability of opposite-sex marriage." *Id.* In fact, the court noted, Texas's Ban hinders stable environments for procreation by denying the children of same-sex couples the same stable family structure which the defendants praised in their arguments. *Id.* at 655. The court concluded this section by stating that "the argument that allowing same-sex couples to marry will undermine procreation is nothing more than an unsupported 'overbroad generalization' that cannot be a basis for upholding discriminatory legislation." *Id.*

Finally, the court dispensed with any argument that tradition, or more specifically the "traditional definition of marriage" is a reason for upholding Texas's Bans. *Id.* Citing *Lawrence*, the court noted that tradition alone can never be a reason to uphold a law under rational basis review. *Id.* As an example, Judge Garcia highlighted the U.S. Supreme Court's decision in *Loving v. Virginia*, which struck down state laws banning marriage between people of different races, and reasoned that "tradition alone cannot justify denying same-sex couples the right to marry any more than it could justify Virginia's ban on interracial marriage." *Id.* at 656 (citing *Bostic v. Rainey*, 970 F.Supp.2d 456 (E.D. Va. 2014)). The court concluded by holding that the defendants had failed to show any rational relationship between Texas's Ban and a legitimate governmental purpose and, therefore, the ban violated the plaintiffs' equal protection rights. *Id.*

2.     The *DeLeon* court's due process analysis.

After finding Texas's Ban unconstitutional as a violation of equal protection, Judge Garcia addressed the plaintiffs' argument that Texas's Ban was a violation of the Due Process

11


I, Dana DeBeauvoir County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on MAR 0 2 2015
Dana DeBeauvoir, County Clerk
By Deputy:

Clause of the Fourteenth Amendment, which guarantees that all citizens have certain fundamental rights. *Id.* The court first determined that, based on Supreme Court precedent, marriage is indeed a fundamental right that implicates the additional fundamental rights of privacy, liberty, and association, all of which are protected by the due process clause. *Id.* at 657-58. As such, the U.S. Supreme Court had historically invalidated state laws that infringe on an individual's right to marry, including most notably, in *Loving v. Virginia* when the Court struck down Virginia's ban on interracial marriage. *Id.* at 658. Because Texas's Ban "categorically den[ies] the fundamental right to marry to a class of citizens," the court applied strict scrutiny, which requires that the law be supported by a compelling state interest and be narrowly tailored to effectuate that interest. *Id.* at 659-60. The court concluded, without discussion, that the defendants had failed to satisfy this difficult burden and concluded that Texas's Ban was unconstitutional under the due process clause of the Fourteenth Amendment.[1]

The *DeLeon* court concluded by holding that Texas's Ban was unconstitutional because it violates the plaintiffs' equal protection and due process rights under the Fourteenth Amendment to the United States Constitution. *Id.* at 666. The court then stayed its decision, which included an injunction barring enforcement of the Texas's Ban, pending the final disposition of an appeal to the Fifth Circuit Court of Appeals. *Id.*

**D. Texas's ban on same-sex marriage is unconstitutional.**

Based on the holding in *DeLeon*, which is from the federal district covering this jurisdiction, as well as the holdings of the numerous other courts who have entertained

---

1 The *DeLeon* court went on to hold that Texas's failure to recognize same-sex marriages recognized in other jurisdictions was unconstitutional, but because that discussion is inapplicable to this case and for the sake of brevity this discussion has been excluded from this response.

12

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on MAR 0 2 2015

Dana DeBeauvoir, County Clerk

By Deputy:

challenges to state laws banning same-sex marriage in the aftermath of *Windsor*, Texas's Ban is unconstitutional. Assuming that the Movants here will offer the same three justifications for the Ban that were discussed in *DeLeon*—*i.e.* that the Ban 1) increases the likelihood that a mother and father will be in charge of childrearing; 2) encourages stable family environments for responsible procreation; and 3) is justified based on tradition—the failure of these reasons to reach the level of a "rational basis" for the Ban is even more stark in this case than in *DeLeon*.

How could this Court's recognition of the marriage between Stella and Sonemaly, which would allow Sonemaly to participate in all the benefits of a surviving spouse, somehow affect anyone's decision regarding how to rear their children or procreate? The only effect of recognition in this case would be to provide Sonemaly with the rights of an heir, something this court does every day without paying regard to the sex of the decedent or the heir and without any effect on anyone else's decision regarding how to rear their family. And as the *DeLeon* court noted, tradition alone is no justification for Texas's Ban.

Failing to recognize the marriage between Stella and Sonemaly would only magnify the same discriminatory and deleterious effects that Justice Kennedy warned of in *Windsor*. Could there be any more "visible and public" burden than, in your time of mourning for your deceased spouse, having your spouse's family and the State of Texas fail to recognize your marriage and fight to have it invalidated? Is there anything more demeaning or unequal than having the state in which you and your spouse lived for years suggest that your otherwise valid marriage is unworthy of recognition simply because you are of the same sex? And although Stella and Sonemaly never had children, imagine the effects of non-recognition on the surviving children of a same-sex couple, effects which would surely make it "even more difficult for the children to

13

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on MAR 0 2 2015

Dana DeBeauvoir, County Clerk

understand the integrity and closeness of their own family and its concord with other families in the community and in their daily lives." *See Windsor*, 133 S.Ct. at 2694.

The Texas Ban is blatant discrimination that has no rational relationship to any legitimate government interest. Its application in this case would not only be unconstitutional, it would be cruel. This Court should follow the holdings of almost every other jurisdiction to hear a challenge to state laws banning same-sex marriage post-*Windsor* and hold that Texas's Ban is unconstitutional and deny Movants' Special Exceptions.

## IV.
## Alternative Motion for Continuance

In the alternative to denying Movants' Special Exceptions and holding Texas's Ban unconstitutional at this time, Sonemaly requests that the Court continue the hearing on this matter until the Texas Attorney General can be given notice as required under Texas Government Code § 402.010. That section requires that "[i]n an action in which a party to the litigation files a...pleading challenging the constitutionality of a statute of this state...[t]he court shall, if the attorney general is not a party to or counsel involved in the litigation, serve notice of the constitutional challenge and a copy of the...pleading" on the attorney general. TEX. GOV'T CODE § 402.010(a). The statute further states that "[a] court may not enter a final judgment holding a statute of this state unconstitutional before the 45th day after the date" of the notice. *Id.* at (b). In a recent case out of San Antonio, wherein State District Judge Barbara Nellermoe held that Texas's Ban is unconstitutional, the appellate court granted mandamus relief to the Attorney General because of the court's failure to provide notice of the constitutional challenge. *In re State of Texas*, No.04-14-00282, 2014 WL 2443910 (Tex. App.—San Antonio May 28, 2014, no pet.) (mem. op., not designated for publication). Therefore, Sonemaly requests that the Court

14

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on MAR 0 2, 2015

Dana DeBeauvoir, County Clerk

By Deputy: M. LIMON

postpone any decision on the constitutionality of Texas's Same Sex Marriage Ban until the notice required by the Government Code is provided and the 45 day notice period has passed.

## V.
### Request for Relief

Based on the forgoing, Sonemaly Phrasavath requests an order from the Court finding that Texas Family Code §§ 6.204(b) and 2.401 and Article I, § 32 of the Texas Constitution are unconstitutional under the United States Constitution; denying Movants' Special Exceptions and Motion to Dismiss; in the alternative, continuing the hearing on Movants' Special Exceptions and Motion to Dismiss until the notice period required by Texas Government Code § 402.010 has passed; and providing Sonemaly with all such further relief to which she shows herself entitled.

Respectfully submitted,

**HOPPER MIKESKA, PLLC**

By: _____

CRAIG HOPPER
State Bar No. 00794947
BRIAN T. THOMPSON
State Bar No. 24051425
chopper@hoppermikeska.com
bthompson@hoppermikeska.com

400 W. 15th Street, Suite 408
Austin, Texas 78701
(512) 615-6195 Telephone
(512) 615-6194 Fax

ATTORNEYS FOR COUNTER-APPLICANT

15

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office MAR 0 2 2015

Dana DeBeauvoir, County Clerk

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading has been served on the following counsel of record on this 6th day of November, 2014, in accordance with Rule 21a of the Texas Rules of Civil Procedure, either electronically through an electronic filing manager, or non-electronically via hand-delivery, e-mail, facsimile, or mail (first class or certified):

Michael B. Knisely
Jason S. Scott
Osborne, Helman, Knebel, DeLeery, L.L.P.
301 Congress Avenue, Suite 1910
Austin, Texas 78701
(512) 542-2011 (fax)

Lorin Hayes
Law Offices of Douglas A. Booth, P.C.
3801 S. Capital of Texas Highway, Suite 255
Austin, Texas 78704
(512) 478-4926 (fax)

Brian T. Thompson

16

I Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on

Dana DeBeauvoir, C MAR 0 2 2015
By Deputy:
M. LIMON

Filed: 11/7/2014 9:44:38 AM
Dana DeBeauvoir
Travis County Clerk
C-1-PB-14-001695
Connie Arzola

No. C-1-PB-14-001695

| | | |
|---|---|---|
| **ESTATE OF** | § | **IN THE PROBATE COURT** |
| | § | |
| **STELLA MARIE POWELL,** | § | **NUMBER 1** |
| | § | |
| **DECEASED** | § | **TRAVIS COUNTY, TEXAS** |

## SONEMALY PHRASAVATH'S SUPPLEMENTAL RESPONSE TO SPECIAL EXCEPTIONS AND MOTION TO DISMISS AND MOTION FOR CONTINUANCE

Sonemaly Phrasavath ("Sonemaly") hereby files this Supplemental Response to the Special Exceptions and Motion to Dismiss filed by James Powell and Alice Huseman, and in support thereof, Sonemaly would show the Court the following:

Literally minutes before Sonemaly filed her Response to the Special Exceptions and Motion to Dismiss filed by James Powell and Alice Huseman, which gives an exhaustive compilation of all reported, post-*Windsor* cases to have entertained a challenge to state laws banning same-sex marriage, the Sixth Circuit issued its opinion in *DeBoer v. Snyder*, No. 14-1241 (6th Cir., November 6, 2014). In *DeBoer*, the Sixth Circuit, in a 2-1 decision, became the first U.S. Circuit Court of Appeals to uphold state bans on same-sex marriage and bucked the clear trend of courts, including four other U.S. Circuit Courts of Appeals, who have struck down such bans since *Windsor*. Therefore, Sonemaly's statement in her original response that "since *Windsor* no circuit court of appeals has upheld such a ban" is no longer accurate and Sonemaly files this supplemental response to update the Court on this very recent development.

1

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on MAR 0 2 2015

Dana DeBeauvoir, County Clerk

M. LIMON

# Christy Nisbett

| | |
|---|---|
| **From:** | Dower, Benjamin <Benjamin.Dower@texasattorneygeneral.gov> |
| **Sent:** | Wednesday, November 12, 2014 5:15 PM |
| **To:** | Christy Nisbett; const_claims |
| **Subject:** | RE: Challenge to Constitutionality of a State Statute |

Thanks again.

---

**From:** Christy Nisbett [mailto:Christy.Nisbett@traviscountytx.gov]
**Sent:** Wednesday, November 12, 2014 5:14 PM
**To:** Dower, Benjamin; const_claims
**Subject:** RE: Challenge to Constitutionality of a State Statute

The pleading is attached. I've also attached the first page of a supplemental response. The clerk's office scanned only the first page, and the hard copy has not made it to the file. I'll forward the full pleading as soon as we track it down.

Christy

---

**From:** Dower, Benjamin [mailto:Benjamin.Dower@texasattorneygeneral.gov]
**Sent:** Wednesday, November 12, 2014 4:54 PM
**To:** Christy Nisbett; const_claims
**Subject:** RE: Challenge to Constitutionality of a State Statute

Ms. Nisbett,

I acknowledge that the form has been received and that this email address was the appropriate place to send it. Thank you!

Would you mine please also sending the pleading in which Sonemaly Phrasavath challenged the constitutionality of the Texas Family Code to this same email address? I would really appreciate it.


Yours with gratitude,

Benjamin L. Dower
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
512.475.4078 (direct)
512.320.0667 (fax)
benjamin.dower@texasattorneygeneral.gov

ATTORNEY-CLIENT PRIVILEGED: This is a confidential communication and intended for the addressee(s) only. Any unauthorized interception or disclosure of this transmission is prohibited. If you are not the intended recipient of this message, please notify the sender and destroy this and all copies of this communication. Thank you.

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on

Dana DeBeauvoir, County Clerk MAR 0 2 2015

M. LIMON

**From:** Christy Nisbett [mailto:Christy.Nisbett@traviscountytx.gov]
**Sent:** Wednesday, November 12, 2014 4:48 PM
**To:** const_claims
**Subject:** Challenge to Constitutionality of a State Statute

Please see the attached, which was filed in Travis County Probate Court No. 1.
We would appreciate your confirming that you received this attachment and that we have sent this attachment to the appropriate place.

Thanks,

Christy Nisbett
Probate Court Administrator / Staff Attorney
Travis County Probate Court No. 1
1000 Guadalupe Street, Room 217
Austin, TX 78701
Phone: (512) 854-9559
Fax: (512) 854-4418

*Please note the county recently changed its email domain name. My new email address is*
*christy.nisbett@traviscountytx.gov.*

I, Dana DeBeauvoir, County Clerk, Travis County,
Texas, do hereby certify that this is a true and
correct copy as same appears of record in my office.
Witness my hand and seal of office on **MAR 0 2 2015**

Dana DeBeauvoir, County Clerk

By Deputy: M. LIMON

Exhibit Page 25 of 31

## Christy Nisbett

| | |
|---|---|
| **From:** | Christy Nisbett |
| **Sent:** | Thursday, November 13, 2014 10:07 AM |
| **To:** | 'Dower, Benjamin'; const_claims |
| **Subject:** | RE: Challenge to Constitutionality of a State Statute |
| **Attachments:** | Powell Supplemental Response.pdf |

Here is the complete supplemental response.

---

**From:** Dower, Benjamin [mailto:Benjamin.Dower@texasattorneygeneral.gov]
**Sent:** Wednesday, November 12, 2014 5:15 PM
**To:** Christy Nisbett; const_claims
**Subject:** RE: Challenge to Constitutionality of a State Statute

Thanks again.

---

**From:** Christy Nisbett [mailto:Christy.Nisbett@traviscountytx.gov]
**Sent:** Wednesday, November 12, 2014 5:14 PM
**To:** Dower, Benjamin; const_claims
**Subject:** RE: Challenge to Constitutionality of a State Statute

The pleading is attached. I've also attached the first page of a supplemental response. The clerk's office scanned only the first page, and the hard copy has not made it to the file. I'll forward the full pleading as soon as we track it down.

Christy

---

**From:** Dower, Benjamin [mailto:Benjamin.Dower@texasattorneygeneral.gov]
**Sent:** Wednesday, November 12, 2014 4:54 PM
**To:** Christy Nisbett; const_claims
**Subject:** RE: Challenge to Constitutionality of a State Statute

Ms. Nisbett,

I acknowledge that the form has been received and that this email address was the appropriate place to send it. Thank you!

Would you mine please also sending the pleading in which Sonemaly Phrasavath challenged the constitutionality of the Texas Family Code to this same email address? I would really appreciate it.


Yours with gratitude,

Benjamin L. Dower
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
512.475.4078 (direct)



I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on MAR 0 2 2015

Dana DeBeauvoir, County Clerk
By Deputy:

512.320.0667 (fax)
benjamin.dower@texasattorneygeneral.gov

ATTORNEY-CLIENT PRIVILEGED:  This is a confidential communication and intended for the addressee(s) only.  Any unauthorized interception or disclosure of this transmission is prohibited.  If you are not the intended recipient of this message, please notify the sender and destroy this and all copies of this communication.  Thank you.

---

**From:** Christy Nisbett [mailto:Christy.Nisbett@traviscountytx.gov]
**Sent:** Wednesday, November 12, 2014 4:48 PM
**To:** const_claims
**Subject:** Challenge to Constitutionality of a State Statute

Please see the attached, which was filed in Travis County Probate Court No. 1.
We would appreciate your confirming that you received this attachment and that we have sent this attachment to the appropriate place.

Thanks,

Christy Nisbett
Probate Court Administrator / Staff Attorney
Travis County Probate Court No. 1
1000 Guadalupe Street, Room 217
Austin, TX  78701
Phone: (512) 854-9559
Fax:  (512) 854-4418

*Please note the county recently changed its email domain name.  My new email address is christy.nisbett@traviscountytx.gov.*

I, Dana DeBeauvoir County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on

Dana DeBeauvoir, County Clerk
By Deputy:                              MAR 0 2 2015

M. LIMON

Filed: 11/7/2014 9:44:36 AM
Dana DeBeauvoir
Travis County Clerk
C-1-PB-14-001695
Connie Arzola

No. C-1-PB-14-001695

| ESTATE OF | § | IN THE PROBATE COURT |
|---|---|---|
| | § | |
| STELLA MARIE POWELL, | § | NUMBER 1 |
| | § | |
| DECEASED | § | TRAVIS COUNTY, TEXAS |

### SONEMALY PHRASAVATH'S SUPPLEMENTAL RESPONSE TO SPECIAL EXCEPTIONS AND MOTION TO DISMISS AND MOTION FOR CONTINUANCE

Sonemaly Phrasavath ("Sonemaly") hereby files this Supplemental Response to the Special Exceptions and Motion to Dismiss filed by James Powell and Alice Huseman, and in support thereof, Sonemaly would show the Court the following:

Literally minutes before Sonemaly filed her Response to the Special Exceptions and Motion to Dismiss filed by James Powell and Alice Huseman, which gives an exhaustive compilation of all reported, post-*Windsor* cases to have entertained a challenge to state laws banning same-sex marriage, the Sixth Circuit issued its opinion in *DeBoer v. Snyder*, No. 14-1241 (6th Cir., November 6, 2014). In *DeBoer*, the Sixth Circuit, in a 2-1 decision, became the first U.S. Circuit Court of Appeals to uphold state bans on same-sex marriage and bucked the clear trend of courts, including four other U.S. Circuit Courts of Appeals, who have struck down such bans since *Windsor*. Therefore, Sonemaly's statement in her original response that "since *Windsor* no circuit court of appeals has upheld such a ban" is no longer accurate and Sonemaly files this supplemental response to update the Court on this very recent development.

1

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my MAR 0 2 2015 Witness my hand and seal of office on

Dana DeBeauvoir, County Clerk
By Deputy:

Respectfully submitted,

**HOPPER MIKESKA, PLLC**

By: ⟋⟋⟋⟋⟋⟋⟋⟋⟋⟋⟋⟋⟋⟋⟋⟋

CRAIG HOPPER
State Bar No. 00794947
BRIAN T. THOMPSON
State Bar No. 24051425
chopper@hoppermikeska.com
bthompson@hoppermikeska.com

400 W. 15th Street, Suite 408
Austin, Texas 78701
(512) 615-6195 Telephone
(512) 615-6194 Fax

**ATTORNEYS FOR COUNTER-APPLICANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading has been served on the following counsel of record on this 7th day of November, 2014, in accordance with Rule 21a of the Texas Rules of Civil Procedure, either electronically through an electronic filing manager, or non-electronically via hand-delivery, e-mail, facsimile, or mail (first class or certified):

Michael B. Knisely
Jason S. Scott
Osborne, Helman, Knebel, DeLeery, L.L.P.
301 Congress Avenue, Suite 1910
Austin, Texas 78701
(512) 542-2011 (fax)

Lorin Hayes
Law Offices of Douglas A. Booth, P.C.
3801 S. Capital of Texas Highway, Suite 255
Austin, Texas 78704
(512) 478-4926 (fax)

Brian T. Thompson

2

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on

Dana DeBeauvoir, County **MAR 0 2 2015**
By Deputy:
M. LIMON

## Christy Nisbett

| | |
|---|---|
| **From:** | Dower, Benjamin <Benjamin.Dower@texasattorneygeneral.gov> |
| **Sent:** | Thursday, November 13, 2014 10:13 AM |
| **To:** | Christy Nisbett |
| **Subject:** | RE: Challenge to Constitutionality of a State Statute |

Much obliged.

**From:** Christy Nisbett [mailto:Christy.Nisbett@traviscountytx.gov]
**Sent:** Thursday, November 13, 2014 10:07 AM
**To:** Dower, Benjamin; const_claims
**Subject:** RE: Challenge to Constitutionality of a State Statute

Here is the complete supplemental response.

---

**From:** Dower, Benjamin [mailto:Benjamin.Dower@texasattorneygeneral.gov]
**Sent:** Wednesday, November 12, 2014 5:15 PM
**To:** Christy Nisbett; const_claims
**Subject:** RE: Challenge to Constitutionality of a State Statute

Thanks again.

---

**From:** Christy Nisbett [mailto:Christy.Nisbett@traviscountytx.gov]
**Sent:** Wednesday, November 12, 2014 5:14 PM
**To:** Dower, Benjamin; const_claims
**Subject:** RE: Challenge to Constitutionality of a State Statute ·

The pleading is attached. I've also attached the first page of a supplemental response. The clerk's office scanned only the first page, and the hard copy has not made it to the file. I'll forward the full pleading as soon as we track it down.

Christy

---

**From:** Dower, Benjamin [mailto:Benjamin.Dower@texasattorneygeneral.gov]
**Sent:** Wednesday, November 12, 2014 4:54 PM
**To:** Christy Nisbett; const_claims
**Subject:** RE: Challenge to Constitutionality of a State Statute

Ms. Nisbett,

I acknowledge that the form has been received and that this email address was the appropriate place to send it. Thank you!

Would you mine please also sending the pleading in which Sonemaly Phrasavath challenged the constitutionality of the Texas Family Code to this same email address? I would really appreciate it.

Yours with gratitude,

I, Dana DeBeauvoir County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office. MAR 0 2 2015

Dana DeBeauvoir, County Clerk
By Deputy:

Benjamin L. Dower
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
512.475.4078 (direct)
512.320.0667 (fax)
benjamin.dower@texasattorneygeneral.gov

ATTORNEY-CLIENT PRIVILEGED: This is a confidential communication and intended for the addressee(s) only. Any unauthorized interception or disclosure of this transmission is prohibited. If you are not the intended recipient of this message, please notify the sender and destroy this and all copies of this communication. Thank you.

---

**From:** Christy Nisbett [mailto:Christy.Nisbett@traviscountytx.gov]
**Sent:** Wednesday, November 12, 2014 4:48 PM
**To:** const_claims
**Subject:** Challenge to Constitutionality of a State Statute

Please see the attached, which was filed in Travis County Probate Court No. 1.
We would appreciate your confirming that you received this attachment and that we have sent this attachment to the appropriate place.

Thanks,

Christy Nisbett
Probate Court Administrator / Staff Attorney
Travis County Probate Court No. 1
1000 Guadalupe Street, Room 217
Austin, TX 78701
Phone: (512) 854-9559
Fax: (512) 854-4418

*Please note the county recently changed its email domain name. My new email address is christy.nisbett@traviscountytx.gov.*

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on

Dana DeBeauvoir, County Clerk **MAR 0 2 2015**

By Deputy:

M. LIMON

Filed: 2/25/2015 5:42:42 PM
Dana DeBeauvoir
Travis County Clerk
C-1-PB-14-001695
Abram Gonzalez

No. C-1-PB-14-001695

| | | |
|---|---|---|
| ESTATE OF | § | IN THE PROBATE COURT |
| | § | |
| STELLA MARIE POWELL, | § | NUMBER 1 |
| | § | |
| DECEASED | § | TRAVIS COUNTY, TEXAS |

## NOTICE OF FINAL HEARING

Please take notice that the Final Hearing in the above styled and numbered cause is set to

be heard on **July 6-7, 2015 beginning at 9:00 a.m.,** at the Travis County Courthouse, 1000

Guadalupe, 2nd Floor Room217, Austin, Texas.

Respectfully submitted,

HOPPER MIKESKA, PLLC

By:

CRAIG HOPPER
State Bar No. 00794947
BRIAN T. THOMPSON
State Bar No. 24051425
chopper@hoppermikeska.com
bthompson@hoppermikeska.com

400 W. 15th Street, Suite 408
Austin, Texas 78701
(512) 615-6195 Telephone
(512) 615-6194 Fax
ATTORNEYS FOR SONEMALY PHRASAVATH

000409232

1

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on MAR 0 2 2015

Dana DeBeauvoir, County Clerk

By Deputy:

M. LIMON

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading has been served on the following counsel of record on this 25th day of February, 2015, in accordance with Rule 21a of the Texas Rules of Civil Procedure, either electronically through an electronic filing manager, or non-electronically via hand-delivery, e-mail, facsimile, or mail (first class or certified):

| | |
|---|---|
| Michael B. Knisely<br>Jason S. Scott<br>Osborne, Helman, Knebel, DeLeery, L.L.P.<br>301 Congress Avenue, Suite 1910<br>Austin, Texas 78701<br>(512) 542-2011 (fax) | Michael P. Murphy<br>Assistant Solicitor General<br>Office of the Attorney General<br>P.O. Box 12548 (MC 059)<br>Austin, Texas 78711-2548<br>(512) 474-2697 |
| Douglas A. Booth<br>Law Offices of Douglas A. Booth, P.C.<br>3801 S. Capital of Texas Highway, Suite 255<br>Austin, Texas 78704<br>(512) 478-4926 (fax) | John Crane<br>Law Offices of John a. Crane PLLC<br>4425 South Mopac Expressway #204<br>Austin, Texas 78735<br>(877) 469-9439 |

Brian T. Thompson

2

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on MAR 0 2 2015

Dana DeBeauvoir, County Clerk

By Deputy: M. LIMON

Tab I

NO. C-1-PB-14-001695

| | | |
|---|---|---|
| ESTATE OF | § | IN THE PROBATE COURT |
| | § | |
| STELLA MARIE POWELL, | § | NUMBER 1 |
| | § | |
| DECEASED | § | TRAVIS COUNTY, TEXAS |

## PLEA IN INTERVENTION
## OF THE STATE OF TEXAS

Pursuant to Rule 60 of the Texas Rules of Civil Procedure, the State of Texas hereby intervenes in this case to defend the validity of Texas law.

### I. The Order on Special Exceptions and Motion to Dismiss Challenges the Validity of a Texas Constitutional provision and a Texas Statute.

By this Court's Order of February 17, 2015, denying the Special Exceptions concerning the probate proceedings and relationship between the Deceased and Sonemaly Phrasavath, this Court placed into issue the provisions of article I, section 32 of the Texas Constitution and section 6.204(b) of the Texas Family Code and section 2.401 of the Texas Family Code and found them to be unconstitutional in violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution.

### II. Standard for Intervention

Rule of Civil Procedure 60 provides that "[a]ny party may intervene by filing a pleading, subject to being stricken out by the court for sufficient cause on the motion of any party." TEX. R. CIV. P. 60. No rule establishes a deadline for intervention. *Tex. Mut. Ins. Co. v. Ledbetter*, 251 S.W.3d 31, 36 (Tex. 2008).

---

State's Plea in Intervention

Case # C-1-PB-14-001695

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office and seal of office on MAR 02 2015

Dana DeBeauvoir, County Clerk

By Deputy:

M. LIMON

## IV. Conclusion and prayer for relief.

The State of Texas by this intervention requests notice and appearance, and the opportunity to defend its laws before this Court.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

ANGELA V. COLMENERO
Chief, General Litigation Division

MICHAEL P. MURPHY
Assistant Solicitor General
State Bar No. 24051097

/s/ William T. Deane
WILLIAM T. DEANE
Texas Bar No. 05692500
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 936-1534
FAX: (512) 320-0667

*ATTORNEYS FOR INTERVENOR*

I, Dana DeBeauvoir County Clerk, Travis County, Texas, do hereby certify this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on

Dana DeBeauvoir, County Clerk MAR-0 2 2015

By Deputy:

M. LIMON

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading has been served on the following counsel of record on this 17th day of February, 2015, in accordance with Rule 21a of the Texas Rules of Civil Procedure, electronically through the electronic filing manager:

Craig Hopper
Brian T. Thompson
Hopper Mikeska
400 W. 15th Street, Suite 408
Austin, Texas 78701

Michael B. Knisely
Jason S. Scott
Osborne, Helman, Knebel, DeLeery
301 Congress Avenue, Suite 1910
Austin, Texas 78701

Lorin Hayes
Law Offices of Douglas A. Booth
3801 S. Capital of Texas Highway, Suite 255
Austin, Texas 78704

/s/ William T. Deane
William T. Deane
Assistant Attorney General

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on **MAR 0 2 2015**

Dana DeBeauvoir County Clerk

By Deputy:

M. LIMON